UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                                 :    Chapter 11
                                                                          :
BROADWAY REALTY I CO., LLC, *et al.*,      :    Case No. 25-11050 (DSJ)
                                                                          :
Debtors.[1]                                                      :    (Jointly Administered)
---------------------------------------------------------------x

# ORDER (I) APPROVING BIDDING PROCEDURES, (II) AUTHORIZING DEBTORS TO OFFER STALKING HORSE BID PROTECTIONS, (III) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated September 19, 2025 (ECF No. 550) (the "**Motion**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, and 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, 9008, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 6004-1, 6005-1, and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), and the *Amended Sale Guidelines for the Conduct of Asset Sales Established and Adopted by the United States Bankruptcy Court for the Southern District of New York* (the "**Sale Guidelines**"), for entry of an order (i) approving the Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**; (ii) authorizing the Debtors to designate stalking horse bidder(s) (any such bidder a "**Stalking Horse Bidder**" and, any such bid, a "**Stalking Horse Bid**") and offer any such Stalking Horse

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/BroadwayRealty. The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable.

Bidder certain bid protections; (iii) setting the deadline for Potential Bidders to submit a proposal to purchase the Assets (the "**Bid Deadline**"), authorizing and scheduling an auction (the "**Auction**"), and scheduling a hearing with respect to the approval of proposed Transactions (the "**Sale Hearing**"); (iv) authorizing and approving the form and manner of notice of the Bidding Procedures, the Auction, and the Sale Hearing, substantially in the form attached hereto as **Exhibit 2** (the "**Bidding Procedures Notice**"); (v) approving the procedures set forth in the Bidding Procedures Order (the "**Assumption and Assignment Procedures**") for the assumption and assignment of the Debtors' executory contracts and unexpired leases and the determination of the amount necessary to cure any defaults thereunder (the "**Cure Costs**"); (vi) authorizing and approving the form and manner of notice to each relevant non-Debtor counterparty to an executory contract or unexpired lease (collectively, the "**Contract Counterparties**") regarding the Debtors' assumption and assignment of the Debtors' executory contracts and unexpired leases and the Debtors' calculation of the Cure Costs, substantially in the form attached hereto as **Exhibit 3** (the "**Cure Notice**"); and (vii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein as set forth in the affidavit of service filed with respect thereto (ECF No. 555); and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; ~~and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**");~~

~~and upon the record of the Hearing;~~ and counsel for the Debtors having filed a certificate of no objection; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **[DSJ 10/1/2025]**

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. <u>Jurisdiction and Venue</u>. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

B. <u>Statutory and Legal Predicates</u>. The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008, and 9014, Local Bankruptcy Rules 6004-1, 6005-1, and 6006-1, and the Sale Guidelines.

C. <u>Bidding Procedures</u>. The Debtors have articulated good and sufficient business reasons for the Court to approve the Bidding Procedures. The Bidding Procedures are fair, reasonable, and appropriate. The Bidding Procedures are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Assets

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

resulting in the highest or otherwise best offer. The Bidding Procedures comply with the requirements of Local Bankruptcy Rule 6004-1.

        D.        <u>Designation of Stalking Horse Bid</u>. The Debtors have articulated good and sufficient business reasons for the Court to authorize the Debtors to designate one or more Stalking Horse Bidder(s) with respect to any of the Assets and enter into an asset purchase agreement with each such Stalking Horse Bidder (any such agreement, a "**Stalking Horse Agreement**") in accordance with the Bidding Procedures.

        E.        <u>Stalking Horse Bid Protections</u>. The Debtors have articulated good and sufficient business reasons for the Court to authorize the Debtors to offer Stalking Horse Bid Protections in accordance with the Bidding Procedures.

        F.        <u>Assumption and Assignment Procedures</u>. The Debtors have articulated good and sufficient business reasons for the Court to approve the Assumption and Assignment Procedures. The Assumption and Assignment Procedures, including the form of Bidding Procedures Notice attached hereto as **Exhibit 2** and the form Cure Notice attached hereto as **Exhibit 3**, are fair, reasonable, and appropriate. The Assumption and Assignment Procedures comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

        G.        <u>Cure Notice</u>. The Cure Notice, the form of which is attached hereto as **Exhibit 3**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures, as well as any and all objection deadlines related thereto, and no other or further notice shall be required for the Motion and the procedures described therein, except as expressly required herein.

H. <u>Notice</u>. All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto. No further notice is required.

I. <u>Relief is Warranted</u>. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, are hereby overruled and denied on the merits with prejudice.

**The Bidding Procedures**

3. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby approved.

4. The Bidding Procedures are incorporated herein by reference, and shall govern the bids and proceedings related to the sale or refinancing of the Assets and the Auction. The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order.

5. The procedures and requirements set forth in the Bidding Procedures, including those associated with submitting a Qualified Bid, are fair, reasonable and appropriate, and are designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and all parties in interest.

6. The Debtors are authorized to take all reasonable actions necessary or appropriate to implement the Bidding Procedures in accordance with the terms of this Order and the Bidding Procedures.

*Credit Bid*

7. Flagstar shall be entitled to submit a credit bid for all or a portion of its respective Prepetition Flagstar Obligations (as defined in the Final Cash Collateral Order[4]) on the corresponding Asset(s) in accordance with section 363(k) of the Bankruptcy Code. Flagstar will be deemed a Qualified Bidder for each of the Assets for which it timely submits a credit bid in accordance with the Bidding Procedures.

*Objections to Transactions*

8. If the Debtors elect to proceed with a Transaction, the Debtors will seek the entry of an order authorizing and approving, among other things, the Transaction in which all or some of the Assets will be sold to, or refinanced by, a Successful Bidder at a hearing before the Bankruptcy Court to be held on, **January 15, 2026, at 10:00 a.m. (prevailing Eastern Time)**, (the "**Sale Hearing**" or, if the Transaction is to be effectuated pursuant to a chapter 11 plan, as detailed in the Bidding Procedures, the "**Confirmation Hearing**"), which may be adjourned by the Debtors in accordance with the terms of the Bidding Procedures. The objection deadline for any Transaction to be approved at the Sale Hearing will be **January 11, 2026, at 5:00 p.m.** (the "**Sale Objection Deadline**"). Replies in support of any Transaction(s) shall be filed by no later than **5:00p.m. (prevailing Eastern Time) one day prior to the Sale Hearing**.

---

[4] "**Final Cash Collateral Order**" means the consensual agreement on cash collateral that was approved by the Court on September 22, 2025 [ECF No. 551].

9. Objections to a Transaction (each, a "**Sale Objection**"), must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (v) be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a USB flash drive, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, as applicable; and (vi) be served in accordance with the Case Management Order by the applicable deadline set in accordance with this Order. In addition to being filed with the Court, any such responses or objections must be served on the Objection Notice Parties (as defined in the Bidding Procedures), in addition to any such other parties as the Court may order, so as to be received by the objection date specified in the notice; <u>provided</u> <u>that</u>, the Debtors may extend such deadline as the Debtors deem appropriate in the exercise of their reasonable business judgment and subject to the Final Cash Collateral Order. If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard by the Court at the Sale Hearing.

10. Each Successful Bidder shall appear at the Sale Hearing and be prepared, if necessary, to have a representative(s) testify in support of a Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all executory contracts and unexpired leases to be assumed and assigned to the Successful Bidder as part of the proposed transaction.

11. Any party who fails to timely file with the Court and serve on the Objection Notice Parties a Sale Objection may be forever barred from asserting any Sale Objection to the Transaction, or to the consummation and performance of a Transaction contemplated by a purchase agreement between the Debtors and a Successful Bidder, including the transfer of the Assets to a Successful Bidder, free and clear of all claims and interests pursuant to section 1141(c) of the Bankruptcy Code. Failure to object shall constitute consent for the purposes of section 1141(c) of the Bankruptcy Code.

### Bidding Procedures Notice

12. The Bidding Procedures Notice, substantially in the form attached hereto as **Exhibit 2**, is approved, and no other or further notice of the Transactions, the Auction, the Sale Hearing or the Sale Objection Deadline shall be required if the Debtors serve and publish such notice in the manner provided in the Bidding Procedures and this Order. The Bidding Procedures Notice contains the type of information required under Bankruptcy Rule 2002 and Local Bankruptcy Rule 6004-1, and complies in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

### Assumption and Assignment Procedures

13. The following Assumption and Assignment Procedures are reasonable and appropriate under the circumstances, fair to all Contract Counterparties, comply in all respects with the Bankruptcy Code, and are approved.

14. The Cure Notice, substantially in the form attached hereto as **Exhibit 3**, is reasonable, fair, and appropriate, contains the type of information required under Bankruptcy Rule 2002, and complies in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, and is hereby approved.

15. The Cure Notice is reasonably calculated to provide sufficient notice to the Contract Counterparties of the Debtors' intent to assume and assign the Debtors' executory contracts and unexpired leases in connection with a Transaction (the "**Assigned Contracts**") and constitutes adequate notice thereof, and no other or further notice of the Debtors' proposed Cure Costs or the proposed assumption and assignment of the Assigned Contracts shall be required if the Debtors file and serve such notice in accordance with the Assumption and Assignment Procedures and this Order.

16. The Debtors shall file the Cure Notice with the Court and serve the Cure Notice on the Contract Counterparties at least twenty (20) days before the Sale Objection Deadline, which shall be specified in the Cure Notice. Service of the Cure Notice in accordance with this Order on all Contract Counterparties is hereby deemed to be good and sufficient notice of the Cure Costs for, and the proposed assumption and assignment of the Assigned Contracts. As soon as reasonably practicable after filing the Cure Notice, the Debtors shall post a copy of the Cure Notice on the website for the chapter 11 cases maintained by the Debtors' claims and noticing agent.

17. In accordance with the Bidding Procedures, each Bid must contain such financial and other information that allows the Debtors to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate a Transaction including, without limitation, such financial and other information setting forth adequate assurance of future performance in satisfaction of the requirements under section 365(f)(2)(B) of the Bankruptcy Code, and the Potential Bidder's willingness to perform under any contracts that are assumed and assigned to such party (such information, "**Adequate Assurance Information**").

18. The Debtors shall provide or cause to be provided to applicable Contract Counterparties Adequate Assurance Information on a strictly confidential basis. Contract

9

Counterparties shall not use any Adequate Assurance Information for any purpose other than to (i) evaluate whether the adequate assurance requirements under Bankruptcy Code section 365(f)(2)(B) and, if applicable, Bankruptcy Code section 365(b)(3), have been satisfied, and (ii) to support any Adequate Assurance Objection (as defined herein) filed by the Contract Counterparty; provided that, if a Contract Counterparty seeks to disclose confidential, non-public information included in the Adequate Assurance Information, it shall request Court authority to redact such information, unless disclosure of such confidential, non-public information is authorized by the Debtors, the Successful Bidder, and any known proposed assignee(s) of the relevant Assigned Contracts (if different from the Successful Bidder), or ordered by the Court.

19. Objections, if any, to any proposed Cure Costs (each, a "**Cure Objection**") and to the provision of adequate assurance of future performance (each, an "**Adequate Assurance Objection**") must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (iv) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (v) be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a USB flash drive, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, as applicable; and (vi) be served in accordance with the Case Management Order.  In addition to being filed with the Court, any such responses or objections must be served on the Objection Notice Parties, in

addition to any such other parties as the Court may order, so as to be received by the objection deadline specified in the Cure Notice.

20. Any Cure Objection or Adequate Assurance Objection in respect of any Assigned Contract must be filed and served by the Sale Objection Deadline. If a timely Cure Objection or Adequate Assurance Objection is received and such objection cannot otherwise be resolved by the parties, such objection shall be heard at a hearing scheduled prior to any scheduled closing of a Transaction.

21. To the extent the Debtors identify, at any time after the Cure Notice is served, additional contracts to be assumed and assigned to a Successful Bidder, the Debtors shall promptly file with the Court and serve by first class mail on the applicable Contract Counterparty a supplemental Cure Notice (each, a "**Supplemental Cure Notice**," the form of which shall be substantially similar to the form of Cure Notice attached hereto as **Exhibit 3**). Any Cure Objection with respect to Cure Costs set forth in a Supplemental Cure Notice must be filed within ten (10) days of service of that Supplemental Cure Notice.

22. If no timely Cure Objection is filed and served in respect of an Assigned Contract, the Cure Cost identified on the Cure Notice or a Supplemental Cure Notice, as applicable, will be the only amount necessary under section 365(b) of the Bankruptcy Code to cure all defaults under such Assigned Contract. Any party failing to timely file a Cure Objection shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against the Debtors, their estates, and a Successful Bidder.

23. If no timely Adequate Assurance Objection is filed and served with respect to an Assigned Contract or a Successful Bidder, the Debtors will be deemed to have provided

11

adequate assurance of future performance for such Assigned Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code.

24.  Further, if no timely Cure Objection or Adequate Assurance Objection is filed and served with respect to an Assigned Contract, the relevant Contract Counterparty shall be deemed to have consented to the assumption and assignment of the Assigned Contract to a Successful Bidder.

25.  Absent entry of an order approving the applicable Transaction, any Assigned Contracts shall not be deemed assumed or assigned, and shall in all respects be subject to further administration under the Bankruptcy Code.

26.  The inclusion of a contract, lease, or other agreement on the Cure Notice or any Supplemental Cure Notice shall not constitute or be deemed a determination or admission by the Debtors or any other party in interest that such contract or other document is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Cost is due (all rights with respect thereto being expressly reserved).  The Debtors reserve all of their rights, claims, defenses, and causes of action with respect to each contract or other document listed on the Cure Notice or any Supplemental Cure Notice.

### General Provisions

27.  The Debtors are authorized to send a streamlined, short-form of any notices required under this Order to existing tenants at the Debtors' properties via the channels the Debtors utilize to communicate with tenants in the ordinary course.

28.  No "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, shall be entitled to receive or share in any Stalking Horse Bid Protections under this Order or the Bidding Procedures; provided, however, the immediately

preceding limitation shall not apply to any joint bid submitted together with an "insider" or "affiliate" of any of the Debtors.

29. The Debtors are authorized to, in their reasonable business judgment, upon the joint recommendation of the CROs, and with the reasonable consent of Flagstar, in a manner consistent with their fiduciary duties, to: (i) modify these Bidding Procedures, including to modify the requirements with regard to any Good Faith Deposit; (ii) waive terms and conditions set forth herein with respect to all Potential Bidders; (iii) extend the deadlines set forth herein; (iv) announce at the Auction modified or additional procedures for conducting the Auction; (v) alter the assumptions set forth herein; and (vi) provide reasonable accommodations to any Stalking Horse Bidder with respect to such terms, conditions, and deadlines of the bidding and Auction process to promote further bids on the Debtors' business, in each case, to the extent not materially inconsistent with the Bidding Procedures and this Order.

30. In the event of any inconsistencies or ambiguities between this Order and the Motion, this Order shall govern in all respects. In the event of any inconsistencies or ambiguities between this Order and the Bidding Procedures, this Order shall govern in all respects.

31. Nothing in this Order shall restrict, modify, or otherwise limit Flagstar's rights as provided for in the Final Cash Collateral Order.

32. For the avoidance of doubt, nothing in this Order shall be construed as Flagstar's pre-consent, or as obligating Flagstar to consent, to any terms that may be contained in a chapter 11 plan.

33. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, or any applicable provisions of the Local Bankruptcy Rules or otherwise,

the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

34. The Debtors are authorized to take all reasonable steps necessary or appropriate to carry out this Order.

35. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
      October 1, 2025

                                  *s/ David S. Jones*
                                HONORABLE DAVID S. JONES
                                UNITED STATES BANKRUPTCY JUDGE