UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                           :     Chapter 11
                                                :
BROADWAY REALTY I CO., LLC, *et al.*,           :     Case No. 25-11050 (DSJ)
                                                :
Debtors.[1]                                     :     (Jointly Administered)
                                                :
------------------------------------------------------------x

**ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF EASTDIL SECURED L.L.C.
AS EXCLUSIVE REAL ESTATE ADVISOR TO THE DEBTORS**

Upon the Application, dated September 19, 2025 [ECF No. 549] (the "**Application**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order authorizing the Debtors to retain and employ Eastdil Secured L.L.C. ("**Eastdil**"), as their exclusive real estate advisor, in accordance with the terms and conditions set forth in those certain Engagement Letter annexed hereto as **Exhibit 1** (the "**Engagement Letter**"), effective as of August 15, 2025; and upon the Declaration of Daniel Parker in support of the Application (the "**Parker Declaration**"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

28 U.S.C. §§ 157 and 1334 and *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the deadline for filing objections to the relief requested in the Application (the "**Objection Deadline**") having been provided; and no objections to the relief requested in the Application having been filed prior to the expiration of the Objection Deadline; and upon the Parker Declaration and all of the proceedings had before the Court; and the Court being satisfied, based on the representations made in the Application and the Parker Declaration, that Eastdil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors and their estates; and the Court having found and determined that the terms and conditions of Eastdil's employment, including but not limited to the Compensation Structure set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and

2016-1, to retain and employ Eastdil as their exclusive real estate advisor in accordance with the terms and conditions set forth in the Engagement Letter annexed hereto as **Exhibit 1**, and as modified herein, effective as of August 15, 2025.

3. The Compensation Structure set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code and Eastdil shall be compensated by the Debtors in the chapter 11 cases in accordance with the terms of the Engagement Letter, subject to the applicable procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Fee Guidelines.

4. At least seven (7) days prior to the payment of any discretionary bonus contemplated by the Compensation Structure set forth in the Engagement Letter (any such bonus a "**Discretionary Bonus**"), the Debtors shall file a notice with the Court setting forth the amount of the Discretionary Bonus to be paid.

5. The U.S. Trustee retains all rights to object to or otherwise respond to: (i) Eastdil's interim and final applications for allowance of its compensation and reimbursement of its expenses and (ii) any proposed Discretionary Bonus on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The Transaction Fee shall be paid by the Debtors' lenders, including Flagstar Bank, N.A., ("**Flagstar**"), in the event such lender credit bids at any sale and acquires the Portfolio or any Property. In such an event, the Transaction Fee shall be based on the credit bid amount.

7. In no event shall Eastdil be indemnified if the Debtors or a representative of their estates assert a claim for, and a court determines by final order that such claim arose out

of Eastdil's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

8. Eastdil shall file interim and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in the chapter 11 cases with this Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Fee Guidelines; provided, however, that Eastdil shall be excused from submitting individual time keeping records as set forth in the Fee Guidelines.

9. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such application and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

14. This Court shall retain jurisdiction to hear and determine all matters arising

4

from or related to this Order.

Dated: New York, New York
     October 1, 2025                        *s/ David S. Jones*
                                      HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE