UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11**
                                                            :
**BROADWAY REALTY I CO., LLC, *et al.*,**                   :    **Case No. 25-11050 (DSJ)**
                                                            :
          Debtors.[1]                                       :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## ORDER (I) APPROVING PROPOSED DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE OF HEARING THEREOF, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO DEBTORS' PROPOSED FIRST AMENDED CHAPTER 11 PLAN, (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS' PROPOSED FIRST AMENDED CHAPTER 11 PLAN; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above captioned Chapter 11 Cases, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1 and 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order:

> a.    ***Disclosure Statement.***   Approving the proposed disclosure statement [ECF No. [782]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the Debtor's *First Amended Joint Chapter 11 Plan* [ECF No. [780]] (together with all schedules and

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426.  A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty.  The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms used herein but not otherwise defined have the meanings ascribed to such terms in the Motion.

exhibits thereto, and as may be further modified, amended, or supplemented from time to time, the "**Proposed Plan**") as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

b.      ***Disclosure Statement Hearing and Notice.***    Approving the form and manner of the notice of the hearing to consider approval of the Proposed Disclosure Statement (the "**Disclosure Statement Hearing**"), a copy of which is attached to the Motion as **Exhibit B** (the "**Disclosure Statement Hearing Notice**");

c.      ***Solicitation and Voting Procedures.***    Approving the procedures for (i) soliciting, submitting, and tabulating votes to accept or reject the Proposed Plan, (ii) voting to accept or reject the Proposed Plan, and (iii) filing objections to confirmation of the Proposed Plan (the "**Solicitation and Voting Procedures**");

d.      ***Ballot.***    Approving the form of ballot for Claims in the Voting Class, substantially in the forms attached hereto as **Exhibit 1** (the "**Ballot**");

e.      ***Non-Voting Status Notices.***    Approving (i) the form of notice applicable to holders of Claims and Interests that are Impaired under the Proposed Plan who are, pursuant to section 1126(g) of the Bankruptcy Code or as otherwise ordered by this Court, deemed to reject the Proposed Plan, substantially in the form attached as **Exhibit 2-1** hereto (the "**Notice of Non-Voting Status – Impaired Claims**"); and (ii) the form of notice applicable to holders of Claims and Interests that are Unimpaired under the Proposed Plan who are, pursuant to section 1126(f) of the Bankruptcy Code or as otherwise ordered by this Court, presumed to have accepted the Proposed Plan, substantially in the form attached as **Exhibit 2-2** hereto (the "**Notice of Non-Voting Status – Unimpaired Claims**" and together with the Notice of Non-Voting Status – Impaired Claims, the "**Notices of Non-Voting Status**" and each, individually, a "**Notice of Non-Voting Status**");

f.      ***Assumption and Assignment Notice***.    Approving the form of notice to counterparties to executory contracts and unexpired leases to be assumed or assumed and assigned under the Proposed Plan (the "**Assumption and Assignment Notice**") substantially in the form attached as **Exhibit 3** hereto;

g.      ***Confirmation Hearing and Notice.***    Approving (i) the form and manner of the notice of the hearing to consider confirmation of the Proposed Plan (the "**Confirmation Hearing**"), a copy of which is attached as **Exhibit 4-1** hereto (the "**Confirmation Hearing Notice**"), and (ii) the form and manner of the publication notice of the Confirmation Hearing, a copy of which is attached as **Exhibit 4-2** hereto (the "**Confirmation Hearing Publication Notice**"); and

> h.      Granting related relief.

all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing*

*Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

relief requested in the Motion having been provided to the Notice Parties, such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and the Court having reviewed the Motion; and **no timely objections having**

**been filed and Debtors having filed a Certificate of No Objection and requested the**

**cancellation of a scheduled** ~~the Court having held a~~ hearing to consider the relief requested in the

Motion (the "**Hearing**"); and upon the First Day Declaration~~, and the record of the Hearing~~; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor:  **[DSJ 12/3/2025]**

**IT IS FOUND AND DETERMINED THAT:**

> A.      <u>Jurisdiction and Venue</u>.  The Court has jurisdiction to consider this matter

pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431,

dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

> B.      <u>Notice of the Disclosure Statement Hearing</u>.  The procedures proposed in

the Motion and subsequently followed by the Debtors regarding notice to all parties in interest of

the time, date, and place of the Disclosure Statement Hearing and the deadline for filing objections

to the Proposed Disclosure Statement and service of the Disclosure Statement Hearing Notice,

provided due, proper, and adequate notice and comply with Bankruptcy Rules 2002, 3017, and

9006 and Local Bankruptcy Rule 9006-1.  No further notice is required.

        C.     <u>The Disclosure Statement</u>.  The Proposed Disclosure Statement contains

adequate information within the meaning of section 1125 of the Bankruptcy Code.  No further

information is necessary.

        D.     <u>Balloting and Voting Procedures</u>.  The procedures set forth herein and in

the Ballots for the solicitation and tabulation of votes to accept or reject the Proposed Plan provide

for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

        E.     <u>Ballot</u>.  The Ballot, substantially in the form attached hereto as **<u>Exhibit 1</u>**,

including all voting instructions provided therein, is consistent with Official Form No. B 314,

addresses the particular needs of the Chapter 11 Cases, and provides adequate information and

instructions for each individual entitled to vote to accept or reject the Proposed Plan.  No further

information or instructions are necessary with respect to the Ballot.

        F.     <u>Parties Entitled to Vote</u>.  Pursuant to the Proposed Plan, the holder of Claims

in Class 3, the only class entitled to vote, is entitled to vote on account of such Claims.

        G.     <u>Parties Not Entitled to Vote</u>.  Pursuant to the Proposed Plan, holders of

Claims or Interests in Classes 1 and 2 are presumed to accept the Proposed Plan and are not entitled

to vote on account of such Claims or Interests, while holders of Claims or Interests in Classes 4,

5, and 6 are deemed to reject the Proposed Plan and are not entitled to vote on account of such

Claims or Interests (collectively, the "**Non-Voting Classes**").

H.    <u>Notice of Non-Voting Status</u>.    The Notices of Non-Voting Status, substantially in the forms attached hereto as **<u>Exhibits 3-1</u>** and **<u>3-2</u>**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Bankruptcy Rules and, together with the Confirmation Hearing Notice, provide adequate notice to Non-Voting Claimants and Interest Holders of their non-voting status.  No further notice is necessary.

I.    <u>Solicitation</u>.    The proposed distribution and contents of the Solicitation Packages and related procedures set forth herein and in the Motion comply with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, and all related matters.

J.    The period set forth by the Debtors in the Motion during which the Debtors may solicit votes to accept or reject the Proposed Plan and make elections with respect thereto is a reasonable and sufficient period of time for the holder of Claims in the Voting Class to make an informed decision regarding whether to accept or reject the Proposed Plan, make elections with respect thereto, and timely return Ballots evidencing such decisions.

K.    <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>.    The procedures set forth in the Motion regarding notice to all parties in interest of the time, date, and place of the Confirmation Hearing to consider confirmation of the Proposed Plan and for filing objections or responses to the Proposed Plan, including, without limitation, the actual and constructive notice of the Confirmation Hearing provided by the Debtors to claimants and parties in interest provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 9006-1.  No further notice is required.

L.    <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing. No further notice is required.

M.    <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted, as set forth herein.

**I.    <u>Disclosure Statement.</u>**

2.    The Proposed Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is approved (as approved, the "**Disclosure Statement**").

3.    All objections, responses, statements, or comments, if any, in opposition to approval of the Proposed Disclosure Statement and/or any other relief requested in the Motion ~~(including any objections on the record at the Disclosure Statement Hearing)~~ that have not otherwise been withdrawn or resolved as provided for in the record of the Disclosure Statement Hearing are overruled in their entirety.   **[DSJ 12/3/2025]**

4.    The form and manner of the notice of the hearing on the Proposed Disclosure Statement complied with all applicable Bankruptcy Rules and Local Bankruptcy Rules.

5.    The Disclosure Statement (including all applicable exhibits and schedules thereto) provides sufficient notice of the injunction and exculpation provisions contained in Article X of the Proposed Plan to all claimants, creditors, and other parties in interest in accordance with Bankruptcy Rule 3016(c).

II.    **Solicitation and Voting Procedures.**

*Temporary Allowance/Disallowance of Claims*

6.    The holder of Claims in the Voting Class is **not** entitled to receive a ballot or vote to the extent that:

a.    as of the Voting Record Date, such holder's Claim has been disallowed, expunged, disqualified, or suspended;

b.    such holder's Claim is filed in the amount of $0.00;

c.    such holder's Claim is not listed in the Schedules, or such holder's Claim is scheduled as contingent, unliquidated, or disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not ~~deemed~~ timely filed **as required** by an Order of the Court before the Voting Deadline (unless the Debtors have consented in writing); or    **[DSJ 12/3/2025]**

d.    such holder's Claim is subject to an objection or request for estimation as of **December 17, 2025**, subject to the procedures set forth below.

7.    Solely for purposes of voting to accept or reject the Proposed Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within the Voting Class entitled to vote to accept or reject the Proposed Plan is temporarily allowed for voting purposes in an amount equal to the liquidated, non-contingent amount of such Claim set forth in the Schedules or filed Proof of Claim, as applicable, subject to the following exceptions:

a.    As of the Voting Record Date, such creditors' Claim relates to a debt or obligation the Debtors have already paid or otherwise satisfied;

a.    If a Claim is deemed Allowed under the Proposed Plan, such Claim is allowed for voting purposes in the deemed Allowed amount set forth in the Proposed Plan;

b.    If a Claim, for which a Proof of Claim has been filed, is marked as wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the review of the Claim and its supporting documentation by the Debtors or the Solicitation Agent), such claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, one (1) vote at $1.00, unless such claim is disputed in the manner set forth in paragraph (l) below;

c.      If a Claim for which a Proof of Claim was filed, lists an amount that is partially unliquidated or contingent, such Claim shall be temporarily allowed for voting purposes only with respect to the Plan only in the liquidated, noncontingent amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (l) below;

d.      If a Claim for which a Proof of Claim was filed, lists an amount that is wholly liquidated, non-contingent, and undisputed such Claim is temporarily allowed for voting purposes only in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (l) below;

e.      If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only;

f.      If the voting amount of a Claim has been established by a stipulation, settlement, or other agreement with the Debtors, such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, in the stipulated, settled, or otherwise agreed-to amount;

g.      Any claimant who has filed or purchased duplicate Claims within the same Class will be provided with only one (1) Solicitation Package (as defined below) and one (1) Ballot for voting a single Claim in such Class (based on the reasonable efforts of the Debtors), regardless of whether the Debtors have objected to such duplicate Claim;

h.      Each entity that holds or has filed more than one (1) non-duplicative Claim within a particular Class shall be treated as if such entity has only one (1) Claim in such Class in the aggregate dollar amount of such Claims;

i.      If a proof of claim has been amended by a later proof of claim that is filed, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim, and except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

j.      If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00;

k.      If the Debtors have filed an objection to or a request for estimation of a Claim on or before **December 17, 2025** (as such date may be extended by order of the Court) (each, a "**Disputed Claim**"), such Disputed Claim is temporarily disallowed for voting purposes, *provided* that if the Debtors'

objection seeks to reclassify or reduce the allowed amount of such Claim, then such Claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as may be otherwise ordered by this Court before the Voting Deadline.

8.      If any claimant seeks to challenge the allowance of its Claim for voting purposes, including in response to an objection to its Claim, such claimant shall file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018 Motion**").  Any Rule 3018 Motion must be filed on or before **December 23, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**").  The Debtors and any party in interest will then have until **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** to file and serve a response to any Rule 3018 Motion.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the tabulation procedures herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

9.      Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018 Motion.

10.     Each claimant that votes to accept or reject the Proposed Plan is deemed to have voted the full amount of its Claim therefor.

### *The Voting Record Date*

11.     The Voting Record Date shall be set as **December 2, 2025 at 10:00 a.m. (prevailing Eastern Time)**.  Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject to the Proposed Plan.

12.     The record holders of Claims shall be determined, as of the Voting Record Date, based upon the records of the Debtors and the Solicitation Agent.  Accordingly, any notice

of claim transfer received by the record holder of the Debtors' debt securities, the Debtors, Stretto, or other similarly situated registrar after the Voting Record Date shall not be recognized for purposes of voting or receipt of the Proposed Plan confirmation materials.

13.     With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Proposed Plan, cast a Ballot on account of such Claim only if: (i) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (ii) the transferee files by the Voting Record Date (a) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer; and (b) a sworn statement of the transferor supporting the validity of the transfer.   In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Proposed Plan made by the holder of such Claim as of the Voting Record Date.

### *Solicitation Packages*

14.     The Solicitation Packages are approved.

15.     In accordance with Bankruptcy Rule 3017(d), the Debtors shall mail the Solicitation Packages no later than the date that is three (3) business days after the entry of this Order approving the Disclosure Statement (the "**Solicitation Date**") to the U.S. Trustee and any known holders of Claims against the Debtors in the Voting Class that are entitled to vote.

16.     In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain the following enclosures:

    a.     If the recipient is in Class 3, the only Voting Class, and is entitled to vote on the Proposed Plan, (i) the Proposed Order (as entered by the Court and without exhibits), (ii) the Confirmation Hearing Notice, in substantially the form attached as **Exhibit 4-1** to the Proposed Order, (iii) a USB flash drive containing a copy of the Disclosure Statement with all exhibits, including the Proposed Plan with its exhibits (to the extent such exhibits were filed with the Court before the distribution of the Solicitation Package), (iv) a

Ballot for such holder, customized as appropriate, (v) a postage-prepaid, pre-addressed return envelope, (vi) a link to the Case Website containing the Proposed Plan and Disclosure Statement, and (vii) any other materials ordered by the Court to be included as part of the Solicitation Package.

b.      If the recipient is a Non-Voting Claimant, or is not otherwise entitled to vote on the Proposed Plan, (i) the Confirmation Hearing Notice, (ii) the applicable Notice of Non-Voting Status, and (iii) a link to the Case Website containing the Proposed Plan and Disclosure Statement.

17.     Any Claim or Interest holder entitled to receive a copy of the Proposed Plan and the Disclosure Statement may request an electronic copy on a USB flash drive or by paper copy by contacting Stretto in writing at Broadway Realty I Co., LLC et al. Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PinnacleInquiries@stretto.com with a reference to "Broadway Realty" in the subject line.  Upon receipt of such request, the Debtors will provide such Claim or Interest holder with a USB flash drive or paper copy, as applicable, of the Proposed Plan and the Disclosure Statement at no cost to the Claim or Interest holder.

18.     With respect to addressees from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of Proposed Plan to those entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Proposed Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

19.     The Debtors shall not be required to send Solicitation Packages to claimants that have Claims that have already been paid in full; *provided* that if, and to the extent that any such claimant would be entitled to receive a Solicitation Package for any other reason, then the

Debtors shall send such claimant a Solicitation Package in accordance with the procedures set forth herein.

### *Ballot*

20.    The Ballot is approved.

21.    The Voting Deadline is **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)**.

22.    The holder of Claims in the Voting Class shall receive a Ballot substantially in the applicable form attached hereto as **<u>Exhibit 1</u>** which Ballot must be properly executed (electronically or manually), completed, and delivered to the Solicitation Agent by first-class mail, overnight courier, hand delivery, or the applicable online balloting portal, so that they are **<u>actually received</u>** by the Solicitation Agent no later than the Voting Deadline.

23.    In addition to accepting paper Ballots from claimants entitled to vote, the Debtors are authorized to accept Ballots electronically for all claimants entitled to vote through online balloting portals located on the Case Website.  All claimants entitled to vote are permitted to cast an electronic Ballot and electronically sign and submit their Ballot instantly by utilizing the applicable online balloting portal (which permits holders to submit electronic signatures). Instructions for the electronic online transmission of Ballots are set forth on the form of Ballot attached hereto as **<u>Exhibit 1</u>**.  The encrypted data of the Ballot and audit trail created by an electronic submission shall become part of the record of any Ballot submitted and the claimant's electronic signature shall be deemed immediately legally valid and effective.

24.    The Debtors are authorized to make non-substantive changes to the Ballot and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballot and any other materials in the Solicitation Packages prior to mailing.

### *Notices of Non-Voting Status*

25.     The Notices of Non-Voting Status are approved.

26.     To the holders of Claims in Classes 1 and 2, the Debtors shall send the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Claims, in substantively the form attached hereto as **Exhibit 2-2**, in lieu of a Solicitation Package.   To the holders of Claims or Interests in Classes 4, 5, and 6 the Debtors shall send the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status – Impaired, in substantially the form attached hereto as **Exhibit 2-1**, in lieu of a Solicitation Package.

### *Notices to Executory Contract and Unexpired Lease Counterparties*

27.     The Debtors are not required to distribute copies of the Proposed Plan or the Disclosure Statement to any party to an executory contract or unexpired lease who holds a Claim that is not allowed, filed, or scheduled.

28.     The Debtors shall send each counterparty to an executory contract or unexpired lease to be assumed or assumed and assigned pursuant to the Proposed Plan an Assumption and Assignment Notice, substantially in the form attached hereto as **Exhibit 3,** on or before **December 22, 2025**.

29.     Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed and served on or before **January 11, 2026 at 5:00 p.m. (prevailing Eastern Time)**, or such shorter period as agreed to by the parties or authorized by the Court.   Any objections to the Debtors' proposed Cure Amounts or assumption of executory contracts and unexpired leases under the Plan must be (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Bankruptcy Rules, (iii) set forth the name of the objecting party, the basis for the objection, and

the specific grounds thereof, and (iv) be filed with the Court and served by the deadline set forth in such notice.

### *Tabulation Procedures*

30.    The following general tabulation procedures are approved:

a.    If a holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last dated valid Ballot received on or before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballot.

b.    If a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but does not indicate either an acceptance or rejection of the Proposed Plan, the Ballot will not be counted.

c.    If a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but indicates both an acceptance and a rejection of the Proposed Plan, the Ballot will not be counted.

d.    A holder of a Claim shall be deemed to have voted the full amount of its Claim in each Class and shall not be entitled to split its vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Proposed Plan will not be counted.

e.    If a holder of a Claim casts ballots received by the Solicitation Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

f.    The following Ballots shall not be counted:

i.    any Ballot received after the Voting Deadline, unless the Debtors shall have granted, or the Court shall have ordered, an extension of the Voting Deadline in writing with respect to such Ballot;

ii.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

iii.    any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date;

iv.    any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

v.    any unsigned Ballot; *provided* that any Ballot cast via the E-Ballot Portal will be deemed to contain an electronic signature;

vi.   any Ballot which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

vii.   any Ballot transmitted to the Solicitation Agent by means not specifically approved herein.

g.   If a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

h.   If a party that is entitled to vote has more than one Claim within the same Class against a Debtor based upon different transactions, the Debtors propose that said party shall be entitled to one (1) vote for numerosity purposes in the aggregate dollar amount of all of said Claims, and the votes related to such Claims shall be treated as a single vote to accept or reject the Proposed Plan, provided that all such Claims must be voted to accept or reject the Proposed Plan.  Such Claims that are voted in part to accept and in part to reject the Proposed Plan will be invalidated in their entirety.

i.   The Debtors, subject to any further order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Certification.

j.   Neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

k.   Unless waived by the Debtors, subject to further order of the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

l.   Any vote that delivers a valid Ballot may withdraw his, her, or its vote by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline.  To be valid, the notice of withdrawal must (a) be signed by the person who signed the Ballot to be revoked and (b) be received by the Solicitation Agent on or before the Voting Deadline.  The Debtors reserve the rights to contest any withdrawals.

m.    The Debtors are authorized to enter into stipulations or other agreements with the holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes.

31.    ~~Any Class that contains Claims entitled to vote but for which no valid votes are returned shall be deemed to have accepted the Proposed Plan.~~ **[DSJ 12/3/2025]**

32.    With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001, the holder of a Claim as of the Voting Record Date that is the transferee of such Claim shall be entitled to cast the Ballot with respect to that Claim if: (i) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (ii) the transferee files by the Voting Record Date (a) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

33.    To assist in the solicitation process, the Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to cure such deficiencies.

## III.    The Confirmation Hearing.

34.    The Confirmation Hearing shall be held on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**; *provided* that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

### Plan Supplement

35.    The Debtors are authorized to file and serve a supplement to the Proposed Plan on or before **January 5, 2026**; provided, however, the Assumption Schedule, any Notice of Successful Bid, and any applicable Asset Purchase Agreement shall be filed in accordance with the Bidding Procedures Order.  If the Voting Deadline or the Plan Objection Deadline is extended,

the Debtors shall be authorized to file the Plan Supplement by the earlier of two (2) days prior to the date of such extended Voting Deadline or Plan Objection Deadline, as applicable.

### *Objection Procedures*

36.    The Plan Objection Deadline shall be **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)**.

37.    Objections and responses, if any, to confirmation of the Proposed Plan, must: (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (c) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, (d) set forth the basis for the objection and the specific grounds therefor, and (e) be filed, together with proof of service.

38.    Any objections or responses must also be served upon and received by the following Notice Parties by no later than the Plan Objection Deadline:

1.    the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, New York 10017 (Attn.: Ephraim Diamond, David Barse, and Adam J. Kaplan);

2.    counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);

3.    William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, New York 10004 (Attn.: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);

4.    counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn.: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq.).

39.     Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, the Court may determine that the Proposed Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

40.     Objections to confirmation of the Proposed Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

41.     The Debtors are authorized to file and serve replies or an omnibus reply to any objections along with their brief in support of confirmation of the Proposed Plan, the Voting Certification, the proposed order confirming the Proposed Plan, and any affidavits or declarations in support of confirmation of the Proposed Plan, in each case, by **January 13, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Reply Deadline**").  In addition, any party in interest may file and serve a statement in support of confirmation of the Proposed Plan and/or reply to any objections to confirmation of the Proposed Plan by the Reply Deadline.  If the Confirmation Hearing is adjourned, the Reply Deadline shall be 12:00 p.m. (prevailing Eastern Time) on the date that is two (2) business days prior to the adjourned date of the Confirmation Hearing.

### *Confirmation Hearing Notice*

42.     The Confirmation Hearing Notice, substantially in the form attached hereto as **<u>Exhibit 4-1,</u>** is approved and provides due, proper and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 9006-1.

43.     The Debtors shall use commercially reasonable efforts to publish the Confirmation Hearing Publication Notice, substantially in the form attached hereto as **<u>Exhibit 4-2</u>**, once in the national editions of *The Wall Street Journal* and any other publications the Debtors deem appropriate, within five (5) business days of entry of the Proposed Order.

44.     Publication of the Confirmation Hearing Notice as set forth in this Order is reasonably calculated to provide notice to unknown creditors of the Confirmation Hearing and the Plan Objection Deadline and is hereby approved and no other or further notice shall be required.

## IV.     General.

45.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Proposed Plan, the Ballot, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing.

46.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

47.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
        December 3, 2025

_____*s/ David S. Jones*_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT 1</u>

**Class 3 Secured Mortgage Claims Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                           :

In re                         :        **Chapter 11**
                           :

**BROADWAY REALTY I CO., LLC,** *et al.*,   :        **Case No. 25-11050 (DSJ)**
                           :

         **Debtors.**[1]        :        **(Jointly Administered)**
                           :

---------------------------------------------------------------x

**JOINT BALLOT FOR ACCEPTING OR REJECTING
DEBTORS' JOINT CHAPTER 11 PLAN**

---

**CLASS 3 – SECURED MORTGAGE CLAIMS**

---

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY
BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION
AGENT BY JANUARY 7, 2026 AT 5:00 P.M. (PREVAILING EASTERN TIME)
(THE "VOTING DEADLINE")**

---

On [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order [ECF No. [●]] (the "**Disclosure Statement Order**"), among other things: (i) approving the proposed disclosure statement [ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all schedules and exhibits thereto and as may be further amended, modified, or supplemented, the "**Plan**"); (ii) establishing the Voting Deadline and other deadlines with respect to confirmation of the Plan; (iii) approving procedures for soliciting, submitting, tabulating votes on, and filing objections to, the Plan; and (iv) approving the forms and manner of certain notices in connection with confirmation of the Plan.[2]  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of title

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St, 12th Floor, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

11 of the United States Code (the "**Bankruptcy Code**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You have received this Ballot because the Debtors' records indicate that you are a holder of a Class 3 Secured Mortgage Claim, and accordingly, you are entitled to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Ballot in error, please contact Stretto Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "**Solicitation Agent**"), at the address or telephone number set forth below.

*Your rights are described in the Disclosure Statement and the Disclosure Statement Order. You should review the Disclosure Statement and the Plan before you vote. Your Claim has been placed in Class 3 under the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.*

If the Solicitation Agent does not receive your Ballot on or before **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"), and if the Voting Deadline is not extended, your vote will not count. **If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.** You may submit your Ballot through the Solicitation Agent's online electronic balloting portal (the "**E- Balloting Portal**") or by returning this paper Ballot.

You may obtain copies of the other documents in the Solicitation Package, including the Disclosure Statement, the Plan, and the Disclosure Statement Order, by contacting the Solicitation Agent by: (a) accessing the chapter 11 case website at https://cases.stretto.com/broadwayrealty; (b) writing to Broadway Realty I Co., LLC et al. Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PinnacleInquiries@stretto.com with a reference to "Broadway Realty" in the subject line; or (d) by telephone at (866) 549-7058 (Domestic) or +1 (949) 608-7166 (International) and request to speak with a member of the Solicitation Team. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysd.uscourts.gov.

---

### If Submitting Your Vote through the E-Balloting Portal

**The Solicitation Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.stretto.com/broadwayrealty, click on "E-Ballot" under the Case Action section of the Debtors' website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:**_____

**The E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline, and the Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

### If by First Class Mail:
**Broadway Realty I Co., LLC, *et al.***
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

### If by, Overnight Courier or Overnight Mail:
**Broadway Realty I Co., LLC, *et al.***
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

---

**Item 1.    Treatment of Your Class 3 Secured Mortgage Claims.**

Subject to the terms and conditions of the Plan, the holder of Allowed Class 3 Secured Mortgage Claim will receive the following treatment under the Plan:

   **Treatment**: On the Effective Date, the Mortgage Lender shall receive the following treatment, in full and final satisfaction, settlement, release and discharge of the Secured Mortgage Claims against the applicable Debtor:

3

(i)  In the event of a Refinancing Transaction:  Cash in the amount of its Allowed Secured Mortgage Claim, or such other treatment as agreed to by the Mortgage Lender in connection with the applicable Refinancing Transaction; *provided* however, in no event shall the Mortgage Lender receive more than 100% of its Allowed Secured Mortgage Claim

(ii) In the event of a Sale Transaction:

    A.  If the Mortgage Lender is the Successful Bidder: (x) the Debtor Property held by each Debtor subject to the Successful Bid(s) and any other transferred Assets identified in the applicable Asset Purchase Agreement, and (y) to the extent not identified in the applicable Successful Bid: (1) any proceeds of any Debtor Causes of Action, and (2) any Mortgage Collateral securing the applicable Secured Mortgage Claim; *provided* however, in no event shall the Mortgage Lender receive more than 100% of its Allowed Secured Mortgage Claim.

    B.  If the Mortgage Lender is not the Successful Bidder:  (x) the proceeds of the Transaction Consideration provided under the applicable Asset Purchase Agreement for the Successful Bid, and (y) to the extent not identified in the applicable Successful Bid: (1) any proceeds of any Debtor Causes of Action, and (2) any Mortgage Collateral securing the applicable Secured Mortgage Claim; *provided* however, in no event shall the Mortgage Lender receive more than 100% of its Allowed Secured Mortgage Claim.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2 and 3.**  **Amount of Claims and Votes on the Plan.**

The undersigned hereby certifies that as of the Voting Record Date, **December 2**, **2025 at 10:00 a.m. (prevailing Eastern Time)**, (i) the undersigned holder was the holder of a Class 3 Secured Mortgage Claim in the following principal amount(s) for voting and (ii) the holder of a Class 3 Secured Mortgage Claim against the applicable Debtor listed in Column 3 votes to (please check one):

| No. | Case Number | Debtor | Amount of Claim[3]: | Vote On Plan | |
|---|---|---|---|---|---|
| 1. | 25-11050 | Broadway Realty I Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 2. | 25-11051 | 193 Street Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 3. | 25-11052 | 2 West 120th Realty Co. LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 4. | 25-11053 | 25/35 Hillside Associates LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 5. | 25-11054 | 402-412 West 148 LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 6. | 25-11055 | Hillside Realty I Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 7. | 25-11056 | 1171 President LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 8. | 25-11057 | 509 Realty Co. LLC | $[●] | **ACCEPT THE PLAN** | **REJECT THE PLAN** |

---

[3]    For voting purposes only.  Subject to tabulation rules.

| | | | | ☐ | ☐ |
|---|---|---|---|---|---|
| 9. | 25-11058 | 1280 Realty NY LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 10. | 25-11059 | 281/295 Wadsworth Associates, LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 11. | 25-11060 | 241 Sherman LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 12. | 25-11061 | 607 Rugby LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 13. | 25-11062 | West 50th Street Realty Co., LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 14. | 25-11063 | 1296 Realty LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 15. | 25-11064 | 58 Elizabeth NY LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 16. | 25-11065 | 18 Street Realty Co., LLC | $[●] | **ACCEPT THE PLAN**<br><br>☐ | **REJECT THE PLAN**<br><br>☐ |
| 17. | 25-11066 | 330 Realty NY LLC | $[●] | **ACCEPT THE PLAN** | **REJECT THE PLAN** |

| | | | | ☐ | ☐ |
|---|---|---|---|---|---|
| 18. | 25-11067 | 207 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 19. | 25-11068 | 1362 Ocean LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 20. | 25-11069 | 63-94 Austin Realty, LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 21. | 25-11070 | 991 Carroll St LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 22. | 25-11071 | 3301 Farragut LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 23. | 25-11072 | 1820 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 24. | 25-11073 | Clinton Property Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 25. | 25-11074 | 147 Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 26. | 25-11075 | 34 Seaman Associates, LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
|---|---|---|---|---|---|
| 27. | 25-11076 | 2102 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 28. | 25-11077 | 34 Avenue Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 29. | 25-11078 | Fieldstone NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 30. | 25-11079 | 681 Ocean LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 31. | 25-11080 | 1535 Ocean LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 32. | 25-11081 | 222 Lenox Rd LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 33. | 25-11082 | 233 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 34. | 25-11083 | 3410 Kingsbridge LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 35. | 25-11084 | Forest Parkway Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 36. | 25-11085 | 1554 Ocean LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 37. | 25-11086 | 706 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 38. | 25-11087 | 225 Parkside LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 39. | 25-11088 | Heath Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 40. | 25-11089 | 40-15 Hampton LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 41. | 25-11090 | Audobon Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 42. | 25-11091 | 1597 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 43. | 25-11092 | Kingston Place Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 44. | 25-11093 | 2340 Valentine Avenue Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 45. | 25-11094 | 85 Clarkson LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 46. | 25-11095 | 405 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 47. | 25-11096 | Park Lane South Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 48. | 25-11097 | 1601 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 49. | 25-11099 | 536 Realty Co. LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 50. | 25-11099 | 426 East 22 St LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 51. | 25-11100 | 2400 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 52. | 25-11101 | Treger Management LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 53. | 25-11102 | 85-05 35 Avenue Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 54. | 25-11103 | 1617 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 55. | 25-11104 | 43-60 Baychester, LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 56. | 25-11105 | 237 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 57. | 25-11106 | 2513 Newkirk LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 58. | 25-11107 | 17 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 59. | 25-11108 | 45-35 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 60. | 25-11109 | 915 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 61. | 25-11110 | 176 Clarkson Ave LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 62. | 25-11111 | 28-30 Argyle LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
|---|---|---|---|---|---|
| 63. | 25-11112 | Manhattan Realty Co. LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 64. | 25-11113 | 457 Schenectady LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 65. | 25-11114 | 916 Carroll St LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 66. | 25-11115 | 349 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 67. | 25-11116 | 470 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 68. | 25-11117 | 292 St. Johns LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 69. | 25-11118 | 30 Road Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 70. | 25-11119 | 932 Carroll LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 71. | 25-11120 | 1023 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
|---|---|---|---|---|---|
| 72. | 25-11121 | 481 Eastern LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 73. | 25-11122 | 307 12 St LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 74. | 25-11123 | 1038 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 75. | 25-11124 | 94-06 34th Avenue Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 76. | 25-11125 | 1042 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 77. | 25-11126 | 529 East 22 LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 78. | 25-11127 | 94-06 34th Road Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 79. | 25-11128 | 1048 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

| 80. | 25-11129 | 990 Realty NY LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 81. | 25-11130 | 1060 Realty LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |
| 82. | 25-11131 | 115 East 21 Realty Co., LLC | $[●] | **ACCEPT THE PLAN** ☐ | **REJECT THE PLAN** ☐ |

Any Ballot that is executed by the holder of a Claim, but that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

If no holders of Class 3 Secured Mortgage Claims eligible to vote to accept or reject the Plan vote on the Plan, the Plan will be deemed accepted by Class 3.

**Item 4.   Article X of the Plan provides for the following Debtor Exculpation and Injunction Provisions:**

**10.5  Injunction.**

**(a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged (solely in the event of a Refinancing Transaction), released or treated pursuant to the Plan.**

**(b) Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors or the Post-Emergence Entities and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, released, or treated pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral,**

administrative or other forum) against or affecting the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities, except as contemplated or allowed by the Plan, or to the extent asserted with respect to a timely Proof of Claim or an objection to the confirmation of the Plan; and (v) acting or proceeding in any manner, in any place whatsoever that does not conform to or comply with the provisions of the Plan.

## 10.6 Exculpation.

To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim, arising prior to the Effective Date, in connection with or arising out of the commencement, filing or administration of the Chapter 11 Cases; the operation and marketing of the Debtors' Properties and other Assets during the Chapter 11 Cases; the negotiation, formulation, filing, prosecution and pursuit of any Transaction; the negotiation, formulation, filing, prosecution, pursuit, and approval of the Disclosure Statement, the Bidding Procedures Order, the Final Cash Collateral Order, and this Plan, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of any Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that is judicially determined in a Final Order to constitute intentional fraud, gross negligence, or willful misconduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. To the extent permitted by section 1125(e) of the Bankruptcy Code, the Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

**Item 5.**  **Certifications**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

1.      as of the Voting Record Date, the undersigned is either: (a) the Entity that is the holder of the Class 3 Secured Mortgage Claim(s) being voted; or (b) the Entity that is an authorized signatory for an Entity that is a holder of the Class 3 Secured Mortgage Claim(s) being voted;

2.      the Entity has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.      the Entity has cast the same vote with respect to all Class 3 Secured Mortgage Claims;

4.      no other Ballots with respect to the amount of the Class 3 Secured Mortgage Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

5.      the Entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Entity's Class 3 Secured Mortgage Claim(s);

6.      the Entity understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

7.      the Entity acknowledges and understands that (a) if no holders of Allowed Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Allowed Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.      the Entity acknowledges and agrees that the Debtors may make changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided* that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such changes.

[*Remainder of Page Intentionally Left Blank*]

Name of holder: _____

(Please print or type)

Signature: _____

Name of Signatory: _____

(If other than holder)[4]

Title: _____

Address: _____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT TO THE SOLICITATION AGENT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, OR IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE ABOVE INSTRUCTIONS.**

**IN ORDER TO COUNT, A BALLOT WITH YOUR VOTE MUST BE <u>RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON JANUARY 7, 2026.**

---

[4]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

17

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.   The Debtors are soliciting the votes of holders of Allowed Class 3 Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.

2.   The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.   The Solicitation Agent's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on the Solicitation Agent's website.  Your Ballot must be received by the Solicitation Agent no later than the Voting Deadline, unless such time is extended by the Debtors.

     HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.

4.   If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or:

---

**If by First Class Mail:**
**Broadway Realty I Co., LLC, *et al*.**
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

**By overnight courier or hand delivery to:**
**Broadway Realty I Co., LLC, *et al*.**
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

---

5.   To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by the Solicitation Agent is **5:00 p.m. (prevailing Eastern Time) on January 7, 2026**. Your completed Ballot must be received by the Solicitation Agent on or before the Voting Deadline.

6.   Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.      If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the last dated valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

8.      If you cast a Ballot that is properly completed, executed and timely returned to the Solicitation Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.      If you cast a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10.     You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11.     If, with respect to the same Claim, you cast Ballots dated on the same day, but which are voted inconsistently, such Ballots will not be counted.

12.     The following Ballots shall not be counted:

   (i)      Any Ballot received after the Voting Deadline, unless the Debtors (in consultation with the Creditors' Committee) shall have granted, or the Bankruptcy Court shall have ordered, an extension of the Voting Deadline in writing with respect to such Ballot;

   (ii)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   (iii)    Any Ballot cast by a person or entity that does not hold a Claim in Class 3 that is entitled to vote to accept or reject the Plan;

   (iv)     Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

   (v)      Any unsigned Ballot; *provided* that any Ballot cast via the E-Ballot Portal will be deemed to contain an electronic signature;

   (vi)     Any Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   (vii)    Any Ballot transmitted to the Solicitation Agent by means not specifically approved herein.

13.     If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the

Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.     If you are entitled to vote more than one Claim within the same Class against a Debtor based upon different transactions, you shall be entitled to one (1) vote for numerosity purposes in the aggregate dollar amount of all of said Claims, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan, *provided that* all such Claims must be voted to accept or reject the Plan. Such Claims that are voted in part to accept and in part to reject the Plan will be invalidated in their entirety.

15.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

16.     Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

17.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

18.     Any vote that delivers a valid Ballot may withdraw his, her, or its vote by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline. To be valid, the notice of withdrawal must (a) be signed by the person who signed the Ballot to be revoked and (b) be received by the Solicitation Agent on or before the Voting Deadline. The Debtors reserve the rights to contest any withdrawals.

19.     The Debtors are authorized to enter into stipulations or other agreements with the holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes.

20.     This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

21.     This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim; or (ii) an assertion or admission of a Claim.

## PLEASE PROMPTLY DELIVER YOUR BALLOT!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT (A) IN WRITING AT BROADWAY REALTY I CO., LLC ET AL. BALLOT PROCESSING C/O STRETTO,**

**410 EXCHANGE, SUITE 100, IRVINE, CA 92602; (B) BY PHONE AT 1 (866) 549-7058 (DOMESTIC) or +1 (949) 608-7166 (INTERNATIONAL); OR (C) BY EMAIL AT PINNACLEINQUIRIES@STRETTO.COM AND INCLUDE "BROADWAY REALTY" IN THE SUBJECT LINE.**

## **Exhibit 2-1**

**Form of Notice of Non-Voting Status**
**Impaired Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                          :        **Chapter 11**
                                               :
**BROADWAY REALTY I CO., LLC,** *et al.,*      :        **Case No. 25-11050 (DSJ)**
                                               :
           **Debtors.**[1]                     :        **(Jointly Administered)**

-----------------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS TO
### HOLDERS OF CLAIMS AND INTERESTS IN IMPAIRED CLASSES

**To the Holders of Claims or Interests in Class 4 (General Unsecured Claims), Class 5
(Subordinated Claims) and Class 6 (Existing Equity Interests)**

PLEASE TAKE NOTICE THAT on [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the proposed disclosure statement [ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all schedules and exhibits thereto and as may be further amended, modified, or supplemented, the "**Plan**").[2]  The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan, a copy of which is annexed as Exhibit A to the Disclosure Statement. You can find information about the Debtors' confirmation hearing in the enclosed Confirmation Hearing Notice.

You are receiving this notice as you have been identified as a holder of a Claim or Interest in Class 4, 5, or 6 under the Plan.

**UNDER THE TERMS OF THE PLAN, PURSUANT TO SECTION 1126(g) OF TITLE 11 OF THE UNITED STATES CODE (THE "BANKRUPTCY CODE"), YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE**

---

[1]   The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426.  A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty.  The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**STATEMENT, YOU SHOULD CONTACT THE DEBTORS' SOLICITATION AGENT, STRETTO INC., BY TELEPHONE AT 1- (866) 549-7058 (DOMESTIC) or +1 (949) 608-7166 (INTERNATIONAL). COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN ALSO BE ACCESSED ONLINE FREE OF CHARGE AT HTTPS://CASES.STRETTO.COM/BROADWAYREALTY. PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable David S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

The deadline to object or respond to confirmation of the Plan is **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and provide proposed language that if accepted and incorporated by the Debtors, would obviate such objection; and (v) be filed, together with proof of service, with the Bankruptcy Court. Any objections or responses must be served so that they are **actually received** by the following parties no later than the Plan Objection Deadline:

  i. the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017 (Attn: Ephraim Diamond, David Barse, and Adam J. Kaplan);
  ii. counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);
  iii. William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534 (Attn: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);
  iv. counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 (Attn: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

Dated: _____, 2025
      New York, New York

            _____
            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone:  (212) 310-8000
            Facsimile: (212) 310-8007
            Gary T. Holtzer
            Garrett A. Fail
            Matthew P. Goren
            Philip L. DiDonato

            *Attorneys for the Debtors*
            *and Debtors in Possession*

**<u>Exhibit 2-2</u>**

**Form of Notice of Non-Voting Status
Unimpaired Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                              :        **Chapter 11**
                                                   :
**BROADWAY REALTY I CO., LLC,** *et al.*,          :        **Case No. 25-11050 (DSJ)**
                                                   :
            **Debtors.**[1]                        :        **(Jointly Administered)**

---------------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS
### TO HOLDERS OF CLAIMS IN UNIMPAIRED CLASSES

**To the Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims)**

PLEASE TAKE NOTICE THAT on [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the proposed disclosure statement [ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all schedules and exhibits thereto and as may be further amended, modified, or supplemented, the "**Plan**").[2]  The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan, a copy of which is annexed as Exhibit A to the Disclosure Statement. You can find information about the Debtors' confirmation hearing in the enclosed Confirmation Hearing Notice.

You are receiving this notice as you have been identified as a holder of a Claim in Class 1 or Class 2 under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE (THE "BANKRUPTCY CODE"), YOU ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE**

---

[1]  The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426.  A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty.  The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' SOLICITATION AGENT, STRETTO INC., BY TELEPHONE AT 1 (866) 549-7058 (DOMESTIC) or +1 (949) 608-7166 (INTERNATIONAL). COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN ALSO BE ACCESSED ONLINE FREE OF CHARGE AT HTTPS://CASES.STRETTO.COM/BROADWAYREALTY. PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable David S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

The deadline to object or respond to confirmation of the Plan is **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and provide proposed language that if accepted and incorporated by the Debtors, would obviate such objection; and (v) be filed, together with proof of service, with the Bankruptcy Court. Any objections or responses must be served so that they are **actually received** by the following parties no later than the Plan Objection Deadline:

     i.    the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017 (Attn: Ephraim Diamond, David Barse, and Adam J. Kaplan);

    ii.    counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);

    iii.    William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534 (Attn: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);

    iv.    counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 (Attn: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

Dated: _____, 2025
        New York, New York

                      _____

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile: (212) 310-8007
                      Gary T. Holtzer
                      Garrett A. Fail
                      Matthew P. Goren
                      Philip L. DiDonato

                      *Attorneys for the Debtors*
                      *and Debtors in Possession*

**<u>Exhibit 3</u>**

**Notice of Assumption and Assignment**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                     :      **Chapter 11**
                                                          :
**BROADWAY REALTY I CO., LLC,** *et al.*,                 :      **Case No. 25-11050 (DSJ)**
                                                          :
            **Debtors.**[1]                               :      **(Jointly Administered)**
-----------------------------------------------------------------x

### NOTICE OF PROPOSED ASSUMPTION OR ASSIGNMENT AND CURE COSTS RELATING TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

**PLEASE TAKE NOTICE THAT:**

1.      On [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order [ECF No. [●]] (the "**Disclosure Statement Order**"), among other things: (i) approving the disclosure statement [[ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all exhibits and schedules thereto and as may be further amended, modified, or supplemented, the "**Plan**") as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing the Voting Deadline and other deadlines with respect to confirmation of the Plan; (iii) approving procedures for soliciting, submitting, tabulating votes on, and filing objections to, the Plan; and (iv) approving the forms and manner of certain notices in connection with confirmation of the Plan.[2]  Copies of the Plan, the Disclosure Statement, and the Disclosure Statement Order are available for download at https://cases.stretto.com/BroadwayRealty.

2.      The Plan will implement a Transaction for each of the Debtors, either through a Refinancing or Sale Transaction.  In a Refinancing, the applicable Debtor's Assumed Executory Contracts (as defined below) will be assumed by the Reorganized Debtor.  In a Sale Transaction, the Assumed Executory Contracts will be assumed and assigned to the Successful Bidder.  The Successful Bidder will be responsible for the payment of the Cure Costs (as defined below) for each of the applicable Debtor's Assumed Executory Contracts.  The identity of the applicable

---

[1]     The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426.  A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty.  The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

Successful Bidder will be included in the Debtors' Notice of Successful Bidder, to be filed in accordance with the Bidding Procedures Order.

3.      **You are receiving this notice because you may be a counterparty to one or more executory contracts or unexpired leases that are proposed to be assumed or assumed and assigned under the Plan (collectively, the "Assumed Executory Contracts").**

4.      The Debtors have determined the current amount owing (the "**Cure Costs**") under each Assumed Executory Contract and have listed the applicable Cure Costs on **Annex A**. Cure Costs are the only amounts proposed to be paid upon the assumption and assignment of each Assumed Executory Contract.

5.      If you object to the assumption or assumption and assignment of an Assumed Executory Contract, including to the Cure Costs set forth on **Annex A** attached hereto, you must file and serve an objection in accordance with the Disclosure Statement Order (each, an "**Objection to Assumption and Assignment**") by **January 11, 2026, at 5:00 p.m. (prevailing Eastern Time)**.

**IF A COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY OBJECTION TO ASSUMPTION AND ASSIGNMENT, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ASSUMPTION AND ASSIGNMENT OF THE APPLICABLE CONTRACT OR LEASE. THE CURE COSTS SET FORTH ON ANNEX A ATTACHED HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE UNDER BANKRUPTCY CODE SECTION 365(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR LEASE, OR ANY OTHER DOCUMENT, AND THE APPLICABLE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS, OR OTHER OBJECTIONS, WITH RESPECT TO SUCH CONTRACT OR LEASE, AGAINST THE DEBTORS, ANY ASSIGNEE OF THE DEBTORS UNDER THE PLAN, OR THE PROPERTY OF ANY OF THEM.**

6.      **All Objections to Assumption and Assignment must be filed and served in accordance with the Disclosure Statement Order by electronic transmission and/or first class mail on the following parties:**

    i.   the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017 (Attn: Ephraim Diamond, David Barse, and Adam J. Kaplan);

    ii.  counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);

    iii. William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534 (Attn: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);

    iv.  counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 (Attn: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq.).

8.    The Debtors will seek to resolve any Objections to Assumption and Assignment before or at the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") before the Honorable David S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**.

The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

Dated: _____, 2025
      New York, New York

                              _____
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone:  (212) 310-8000
                                Facsimile: (212) 310-8007
                                Gary T. Holtzer
                                Garrett A. Fail
                                Matthew P. Goren
                                Philip L. DiDonato

                                *Attorneys for the Debtors*
                                *and Debtors in Possession*

**Annex A**

**Cure Costs**

| Counterparty Name | Debtor Name | Agreement Name and Description | Proposed Cure Cost |
|---|---|---|---|
|  |  |  | $ |

## **Exhibit 4-1**

**Form of Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : | **Case No. 25-11050 (DSJ)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT
OF SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO DEBTORS'
PROPOSED CHAPTER 11 PLAN, (III) SCHEDULING OF CONFIRMATION
HEARING, AND (IV) ESTABLISHMENT OF NOTICE AND
OBJECTION PROCEDURES FOR CONFIRMATION OF
DEBTORS' PROPOSED CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE THAT:**

      1.     *Approval of Disclosure Statement*.  On [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order [ECF No. [●]] (the "**Disclosure Statement Order**"), among other things: (i) approving the disclosure statement [[ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all exhibits and schedules thereto and as may be further amended, modified, or supplemented, the "**Plan**") as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing the Voting Deadline (as defined below) and other deadlines with respect to confirmation of the Plan; (iii) approving procedures for soliciting, submitting, tabulating votes on, and filing objections to, the Plan; and (iv) approving the forms and manner of certain notices in connection with confirmation of the Plan.[2]  Pursuant to the Disclosure Statement Order, the Bankruptcy Court approved the following dates and deadlines with respect to the Plan:

| Event | Proposed Date |
|---|---|
| Voting Record Date | December 2, 2025 at 10:00 a.m. (prevailing Eastern Time) |

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426.  A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty.  The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

| | |
|---|---|
| Deadline to file Claim Objections or Requests to Estimate Claims for Voting Purposes | December 17, 2025  at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to Serve Assumption and Assignment Notices | December 22, 2025 at 5:00 p.m. (prevailing Eastern Time)[3] |
| Rule 3018 Motion Filing Deadline | December 23, 2025 at 5:00 p.m. (prevailing Eastern Time) |
| Plan Supplement Filing Deadline | January 5, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to file Replies to 3018 Motion(s) | January 7, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | January 7, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Plan Objection Deadline | January 7, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Deadline for filing Voting Certification | January 8, 2026 |
| Cure Objection Deadline | January 11, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to File Confirmation Brief, Declarations in Support of Confirmation, Proposed Confirmation Order, and Replies to Plan Objections | January 13, 2026 at 5:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | January 15, 2026 at 10:00 a.m. (prevailing Eastern Time) |

---

[3] The Assumption Schedule, any Notice of Successful Bid, and any applicable Asset Purchase Agreement shall be filed in accordance with the Bidding Procedures Order.

2.      ***Confirmation Hearing***.    A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Davis S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

3.      ***Voting Record Date***.    Subject to the procedures set forth in the Disclosure Statement Order, the holder of the Secured Mortgage Claims in Class 3 as of **December 2, 2025 at 10:00 a.m. (prevailing Eastern Time)** (the "**Voting Record Date**") is entitled to vote on the Plan.

4.      ***Voting Deadline***.    All votes to accept or reject the Plan must be **<u>actually received</u>** by Stretto, Inc., the Debtors' solicitation agent (the "**Solicitation Agent**"), by no later than **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  Failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.      ***Parties in Interest Not Entitled to Vote***.    Holders of Claims that are not classified under the Plan and holders of unimpaired Claims and/or Interests in classes presumed to accept the Plan are not entitled to vote and will not receive a Ballot.  In addition, holders of impaired Claims in classes deemed to reject the Plan are not entitled to vote and will not receive a Ballot.

6.      ***Temporary Allowance of Claims for Voting.***    If you disagree with the amount set forth by the Debtors for your Claim in the Schedules, or if you have filed a proof of claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or Class, then you must serve on the parties identified in paragraph 7 below and file with the Bankruptcy Court a motion (a "**Rule 3018 Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") requesting temporary allowance of your Claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018 Motions must be filed on or before **December 23, 2025 at 5:00 p.m. (prevailing Eastern Time)**.  The Debtors, or any other party in interest, shall have until no later than **5:00 p.m. (prevailing Eastern Time) on January 7, 2026,** to file and serve any responses to any such Rule 3018 Motion.  Rule 3018 Motions that are not timely filed and served in the manner set forth above shall not be considered.

7.      ***Objections to Confirmation***.    The deadline to object or respond to confirmation of the Plan is **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**").  Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and provide proposed language that if accepted and incorporated by

the Debtors, would obviate such objection; and (v) be filed, together with proof of service, with the Bankruptcy Court.  Any objections or responses must be served so that they are **actually received** by the following parties no later than the Plan Objection Deadline:

  i.  the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017 (Attn: Ephraim Diamond, David Barse, and Adam J. Kaplan);

  ii.  counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);

  iii.  William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534 (Attn: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);

  iv.  counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 (Attn: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq

8.     **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

9.     *Additional Information.*  Any party in interest wishing to obtain information about the Solicitation and Voting Procedures or copies of the Disclosure Statement, the Disclosure Statement Order, or the Plan, should contact the Debtors' Solicitation Agent by telephone, at (866) 549-7058 (Domestic) or +1 (949) 608-7166 (International); in writing at Broadway Realty I Co., LLC et al. Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PinnacleInquiries@stretto.com with a reference to "Broadway Realty" in the subject line. Interested parties may also review the Disclosure Statement, the Disclosure Statement Order, and the Plan free of charge at https://cases.stretto.com/BroadwayRealty.  In addition, the Disclosure Statement, the Disclosure Statement Order, and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.nysd.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

---

**ARTICLE X OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS.  FOR YOUR CONVENIENCE, THESE PROVISIONS ARE SET FORTH ON __EXHIBIT 1__ HERETO.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

---

Dated: _____, 2025
      New York, New York

 

                                   _____

                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone:  (212) 310-8000
                                   Facsimile: (212) 310-8007
                                   Gary T. Holtzer
                                   Garrett A. Fail
                                   Matthew P. Goren
                                   Philip L. DiDonato

                                   *Attorneys for the Debtors*
                                   *and Debtors in Possession*

## EXHIBIT 1

**10.5  Injunction.**

**(a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged (solely in the event of a Refinancing Transaction), released or treated pursuant to the Plan.**

**(b) Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors or the Post-Emergence Entities and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, released, or treated pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors or their successors or assigns (including the Post-Emergence Entities) or the property of any of the foregoing Entities, except as contemplated or allowed by the Plan, or to the extent asserted with respect to a timely Proof of Claim or an objection to the confirmation of the Plan; and (v) acting or proceeding in any manner, in any place whatsoever that does not conform to or comply with the provisions of the Plan.**

**10.6 Exculpation.**

**To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim, arising prior to the Effective Date, in connection with or arising out of the commencement, filing or administration of the Chapter 11 Cases; the operation and marketing of the Debtors' Properties and other Assets during the Chapter 11**

Cases; the negotiation, formulation, filing, prosecution and pursuit of any Transaction; the negotiation, formulation, filing, prosecution, pursuit, and approval of the Disclosure Statement, the Bidding Procedures Order, the Final Cash Collateral Order, and this Plan, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of any Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that is judicially determined in a Final Order to constitute intentional fraud, gross negligence, or willful misconduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. To the extent permitted by section 1125(e) of the Bankruptcy Code, the Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of Securities pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

**<u>Exhibit 4-2</u>**

**Form of Confirmation Hearing Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **BROADWAY REALTY I CO., LLC**, *et al.*, | : | **Case No. 25-11050 (DSJ)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT
OF SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO DEBTORS'
PROPOSED CHAPTER 11 PLAN, (III) SCHEDULING OF CONFIRMATION
HEARING, AND (IV) ESTABLISHMENT OF NOTICE AND
OBJECTION PROCEDURES FOR CONFIRMATION OF
DEBTORS' PROPOSED CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE THAT:**

On [●], 2025, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order [ECF No. [●]] (the "**Disclosure Statement Order**"), among other things: (i) approving the disclosure statement [[ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Disclosure Statement**") submitted by Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for the Debtors' *First Amended Joint Chapter 11 Plan* [ECF No. [●]] (together with all exhibits and schedules thereto and as may be further amended, modified, or supplemented, the "**Plan**") as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing the Voting Deadline (as defined below) and other deadlines with respect to confirmation of the Plan; (iii) approving procedures for soliciting, submitting, tabulating votes on, and filing objections to, the Plan; and (iv) approving the forms and manner of certain notices in connection with confirmation of the Plan.[2]

A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable David S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **January 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Plan, if necessary, prior to, during, or as a result

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426. A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty. The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

of the Confirmation Hearing without further notice.

**Voting Record Date**. Subject to the procedures set forth in the Disclosure Statement Order, the holder of the Secured Mortgage Claims in Class 3 as of **December 2, 2025 at 10:00 a.m. (prevailing Eastern Time)** (the "**Voting Record Date**") is entitled to vote on the Plan.

**Voting Deadline**. All votes to accept or reject the Plan must be **actually received** by Stretto Inc., the Debtors' solicitation agent (the "**Solicitation Agent**"), by no later than **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). Failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

**Temporary Allowance of Claims for Voting.** If you disagree with the amount set forth by the Debtors for your Claim in the Schedules, or if you have filed a proof of claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or Class, then you must serve on the following parties (the "**Notice Parties**") and file with the Bankruptcy Court a motion (a "**Rule 3018 Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") requesting temporary allowance of your Claim in a different amount or in a different class for purposes of voting to accept or reject the Plan: (i) Weil, Gotshal & Manges LLP (Attn: Gary T Holtzer, Esq. (gary.holtzer@weil.com), Garrett A. Fail, Esq. (garrett.fail@weil.com), Matthew P. Goren, Esq. (matthew.goren@weil.com), and Philip L. DiDonato, Esq. (philip.didonato@weil.com) as counsel to the Debtors; (ii) the U.S. Trustee (Attn: Rachael Siegel, Esq. (rachael.e.siegel@usdoj.gov) and Paul Schwartzberg, Esq. (Paul.Schwartzberg@usdoj.gov)); and (iii) Paul Hastings LLP (Attn: Harvey Strickon, Esq. (harveystrickon@paulhastings.com), Brett Lawrence, Esq. (brettlawrence@paulhastings.com), Nicholas Bassett, Esq. (nicholasbassett@paulhastings.com), and Justin Rawlins, Esq. (justinrawlins@paulhastings.com), as counsel to Flagstar Bank, N.A.. All Rule 3018 Motions must be filed on or before **December 23, 2025 at 5:00 p.m. (prevailing Eastern Time)**. The Debtors, or any other party in interest, shall have until no later than **5:00 p.m. (prevailing Eastern Time) on January 7, 2026,** to file and serve any responses to any such Rule 3018 Motion. Rule 3018 Motions that are not timely filed and served in the manner set forth above shall not be considered.

---

**ARTICLE X OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING INJUNCTIONS RELATED TO INSURANCE POLICIES AND CLAIMS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY AS YOUR RIGHTS MIGHT BE AFFECTED.**

---

**Objections to Confirmation**. The deadline to object or respond to confirmation of the Plan is **January 7, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor, and provide proposed language that if accepted and incorporated by the Debtors, would obviate such objection; and (v) be filed, together with proof of service, with the Bankruptcy Court. Any objections or responses must be served so that they are **actually received** by the above Notice Parties no later than the Plan Objection Deadline:

**Obtaining Solicitation Materials**. Any party in interest wishing to obtain information

about the Solicitation and Voting Procedures or copies of the Disclosure Statement, the Disclosure Statement Order, or the Plan, should contact the Debtors' Solicitation Agent by telephone, at (866) 549-7058 (Domestic) or +1 (949) 608-7166 (International); in writing at Broadway Realty I Co., LLC et al. Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PinnacleInquiries@stretto.com with a reference to "Broadway Realty" in the subject line. Interested parties may also review the Disclosure Statement, the Disclosure Statement Order, and the Plan free of charge at https://cases.stretto.com/BroadwayRealty.  In addition, the Disclosure Statement, the Disclosure Statement Order, and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.nysd.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

**WEIL, GOTSHAL & MANGES LLP**
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit B</u>**

**Disclosure Statement Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
BROADWAY REALTY I CO., LLC, *et al.*,                  :    Case No. 25-11050 (DSJ)
                                                       :
                        Debtors.[1]                    :    (Jointly Administered)
------------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER APPROVAL OF
## DISCLOSURE STATEMENT FOR DEBTORS' JOINT CHAPTER 11 PLAN

**TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** on October 27, 2025, Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed the disclosure statement [ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Proposed Disclosure Statement**") for the Debtors' *Joint Chapter 11 Plan* [ECF No. [●]] (together with all exhibits and schedules thereto and as may be amended, modified, or supplemented, the "**Plan**"). The Debtors have filed a motion (the "**Disclosure Statement Motion**") [ECF No. [●]] seeking entry of an order (the "**Disclosure Statement Order**"): (i) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing the Voting Deadline and other deadlines with respect to confirmation of the Plan; (iii) approving procedures for soliciting, submitting, tabulating votes on, and filing objections to, the Plan; and (iv) approving the forms and manner of certain notices in connection with confirmation of the Plan.[2]

**PLEASE TAKE FURTHER NOTICE THAT:**

1.      A hearing (the "**Hearing**") will be held before the Honorable David S. Jones, United States Bankruptcy Judge, in the Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, on **December 4, 2025 at 10:00 a.m. (prevailing Eastern Time)**, to consider entry of an order approving the adequacy of the information in the Proposed Disclosure Statement and other relief requested in the Disclosure Statement Motion.

2.      Any party in interest wishing to obtain a copy of the Proposed Disclosure Statement, the Plan, or the Disclosure Statement Motion should contact Stretto Inc., the Debtors' solicitation agent (the "**Solicitation Agent**"), by telephone at (866) 549-7058 (Domestic) or +1 (949) 608-7166 (International); in writing at Broadway Realty I Co., LLC et al. Ballot Processing

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426. A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty. The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PinnacleInquiries@stretto.com with a reference to "Broadway Realty" in the subject line. Interested parties may also review the Proposed Disclosure Statement, the Plan, and the Disclosure Statement Motion free of charge at https://cases.stretto.com/BroadwayRealty.  In addition, the Proposed Disclosure Statement, the Plan, and the Disclosure Statement Motion are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.nysd.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.   A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

3.    Objections, if any, to approval of the Proposed Disclosure Statement or any of the relief requested in the Disclosure Statement Motion must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by such party against the Debtors' estates or property; (iv) provide the basis for objection and specific grounds therefor, and provide proposed language that if accepted and incorporated by the Debtors, would obviate such objection; and (v) be filed, together with proof of service, with the Bankruptcy Court no later than **November 25, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "**Disclosure Statement Objection Deadline**"), and be served upon the following parties so as to be actually received no later than the Disclosure Statement Objection Deadline:

i.     the Debtors, Broadway Realty I Co., LLC, 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017 (Attn: Ephraim Diamond, David Barse, and Adam J. Kaplan);

ii.    counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq.; Garrett A. Fail, Esq.; Matthew P. Goren, Esq.; and Philip L. DiDonato, Esq.);

iii.   William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534 (Attn: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.);

iv.    counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 (Attn: Brett Lawrence, Esq., Nicholas Bassett, Esq., Justin Rawlins, Esq., and Harvey A. Strickon, Esq.).

**4.    IF AN OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE DISCLOSURE STATEMENT MOTION IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE PROPOSED DISCLOSURE STATEMENT OR THE DISCLOSURE STATEMENT MOTION AND MAY NOT BE HEARD AT THE HEARING.  IF NO OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT OR DISCLOSURE STATEMENT MOTION ARE TIMELY FILED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN, THE BANKRUPTCY COURT MAY ENTER AN ORDER APPROVING THE DISCLOSURE STATEMENT MOTION WITHOUT FURTHER NOTICE OR HEARING.   THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN.  VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE BANKRUPTCY COURT ENTERS THE DISCLOSURE STATEMENT ORDER.**

5.      The Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Proposed Disclosure Statement, if necessary, prior to, during, or as a result of the Hearing without further notice.

Dated: _____, 2025
           New York, New York


                                                    _____
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    767 Fifth Avenue
                                                    New York, New York 10153
                                                    Telephone:  (212) 310-8000
                                                    Facsimile: (212) 310-8007
                                                    Gary T. Holtzer
                                                    Garrett A. Fail
                                                    Matthew P. Goren
                                                    Philip L. DiDonato

                                                    *Attorneys for the Debtors
                                                    and Debtors in Possession*