**Hearing Date and Time:  December 23, 2025 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  December 16, 2025 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : | **Case No. 25-11050 (DSJ)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' SECOND MOTION PURSUANT TO 11 U.S.C. § 1121(d) TO FURTHER EXTEND EXCLUSIVE PLAN PERIODS

**PLEASE TAKE NOTICE** that, on December 9, 2025, Broadway Realty I Co., LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (the "**Debtors**"), filed the *Debtors' Second Motion Pursuant to 11 U.S.C. § 1121(d) to Further Extend Exclusive Plan Periods* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motion (the "**Hearing**") is scheduled for **December 23, 2025 at 10:00 a.m. (prevailing Eastern Time)**,

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St 12th Floor, New York, New York 10017.

or as soon thereafter as counsel may be heard, before the Honorable David S. Jones, United States

Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York,

Courtroom 701, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that any responses or objections

(the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and

shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399

(which can be found at http://www.nysb.uscourts.gov/sites/default/ files/m399.pdf), or (b) by all

other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with

a hard copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in

accordance with General Order M-399 so as to be received no later than **December 16, 2025 at**

**4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the above referenced Motion, the Debtors may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order

annexed to the Motion, which order may be entered without further notice or opportunity to be

heard.

PLEASE TAKE FURTHER NOTICE that the Hearing will be conducted

through Zoom for Government.  Parties should not appear in person and those wishing to appear

or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance

through the Court's website prior to **4:00 p.m. (prevailing Eastern Time) on December 22, 2025**

by using the following link: https://www.nysb.uscourts.gov/ecourt-appearances.  Instructions for

making an eCourtAppearance and additional information on the Court's Zoom procedures can be

found at https://www.nysb.uscourts.gov/content/judge-david-s-jones.

> **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

appear at the Hearing, and failure to appear may result in relief being granted upon default.

Dated: December 9, 2025
    New York, New York

             /s/  *Gary T. Holtzer*
             WEIL GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone: (212) 310-8000
             Facsimile: (212) 310-8007
             Gary Holtzer
             Garrett A. Fail
             Matthew P. Goren
             Philip L. DiDonato

             *Attorneys for the Debtors*
             *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :        **Chapter 11**
                                                             :
**BROADWAY REALTY I CO., LLC,** *et al.*,                    :        **Case No. 25-11050 (DSJ)**
                                                             :
                    **Debtors.**[1]                          :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**DEBTORS' SECOND MOTION PURSUANT TO**
**11 U.S.C. § 1121(d) TO FURTHER EXTEND EXCLUSIVE PLAN PERIODS**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

       Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in

possession (the "**Debtors**") in the above-captioned chapter 11 cases, respectfully represent as

follows:

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, New York 10017.

**Relief Requested**

1.      By      this      motion      (the "**Motion**"),      pursuant      to      section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an order granting a second extension of the Exclusive Filing Period (as defined below), which is currently set to expire December 15, 2025, of 90 days, up to and including March 15, 2026, and the Exclusive Solicitation Period (as defined below), which is currently set to expire February 17, 2026, of 90 days, up to and including May 18, 2026, without prejudice to the Debtors' right to seek additional extensions of such periods.[2]

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Jurisdiction**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**General Case Background**

4.      On May 21, 2025 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized

---

[2]      Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than 14 days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court," the applicable deadline shall be automatically extended "until the Court resolves the motion to extend the time." By filing this Motion prior to the expiration of the Exclusive Periods, Local Bankruptcy Rule 9006-2 automatically extends the Exclusive Periods until the Court resolves the Motion.

to continue to operate their business and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory

committee of creditors has been appointed in these chapter 11 cases.  These cases are being jointly

administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.      The Debtors are subsidiaries of a real-estate portfolio company, holding

interests in approximately ninety-three (93) multi-family residential buildings in New York City.

The majority of these properties consist of rent-stabilized units and provide housing to over 5,100

New Yorkers.[3]

**The First Exclusivity Extension Motion**

6.      On September 17, 2025, the Debtors filed the *Motion of Debtors Pursuant
to 11 USC  § 1121(d) to Extend Exclusive Plan Periods* [ECF No. 539] (the "**First Exclusivity
Extension Motion**"), requesting an approximately 88-day extension of the Exclusive Filing Period

from September 18, 2025, through and including December 15, 2025, and an approximately 92-

day extension of the Exclusive Solicitation Period, from November 17, 2025, through and

including February 17, 2026 (the "**First Extended Exclusive Periods**").  The Court approved the

First Exclusivity Extension Motion by order dated September 29, 2025 [ECF No. 563]

(the "**First Exclusivity Order**").

---

[3]  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the
commencement of these chapter 11 cases is set forth in the *Declaration of Ephraim Diamond Pursuant to Local
Bankruptcy Rule 1007-2 in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF No. 10]
(the "**First Day Declaration**").

**The Bidding Procedure and the Plan**

7.       On September 19, 2025, the Debtors filed a motion seeking approval of procedures to conduct a marketing process (the "**Marketing Process**") for the sale or refinancing (each, a "**Transaction**") of all or substantially all of the Debtors' assets [ECF No. 550] (the "**Bidding Procedures Motion**").   On October 1, 2025, the Court entered an order approving the Bidding Procedures Motion [ECF No. 571] (the "**Bidding Procedures Order**").

8.       On October 27, 2025, the Debtors filed their *Joint Chapter 11 Plan* [ECF No. 670] (as amended on December 1, 2025 [ECF No. 780], and as may be further amended, modified or supplemented from time to time, the "**Plan**") together with a disclosure statement in support thereof [ECF No. 671] (as amended on December 1, 2025 [ECF No. 782], and as may be further amended, modified or supplemented from time to time, the "**Disclosure Statement**") and motion to approve the Disclosure Statement and certain procedures in connection with the solicitation, voting, and tabulation of votes on the Plan [ECF No. 672] (the "**Solicitation Procedures Motion**").   The Plan sets forth the means to consummate the highest or best Transaction(s) from the Marketing Process.   The Court approved the Disclosure Statement and Solicitation Procedures Motion by order dated December 3, 2025 [ECF No. 789] (the "**Disclosure Statement Order**").   The hearing to consider confirmation of the Plan is scheduled for January 15, 2026, at 10:00 a.m. (prevailing Eastern Time).

## Basis for Relief Requested

9.       Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**").   Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the Exclusive Filing Period, it has an exclusive period of 180 days after the commencement of a chapter 11 case to obtain acceptances

of its plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**").

10.      Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause.  *See* 11 U.S.C. § 1121(d)(1) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").  However, the 120-day period "may not be extended beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date."  *Id*. §§ 1121(d)(2)(A), (B).

11.      The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and solicit acceptances with respect thereto, without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans.  Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual restructuring plan.

12.      The Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) and does not establish formal criteria for an extension.  The legislative history of section 1121, however, indicates that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

13.     In exercising its broad discretion to determine whether "cause" exists, the Court can look to a variety of well-established factors for guidance. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity). These factors include, without limitation:

   i.   the size and complexity of the debtor's case;

   ii.  the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

   iii. the existence of good faith progress towards reorganization;

   iv.  the fact that the debtor is paying its bills as they become due;

   v.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   vi.  whether the debtor has made progress in negotiations with its creditors;

   vii. the amount of time which has elapsed in the case;

   viii. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

   ix.  whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *In re GMC Capital Partners III, L.P.*, 503 B.R. 596, 601

(Bankr. S.D.N.Y. 2014) (evaluating the factors established by *Adelphia* to determine whether the debtor's exclusivity should be extended); *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend exclusive period based upon certain of the nine factors). The above factors are illustrative and are not meant to be exclusive. *See Adelphia Commc'ns*, 352 B.R. at 586–87.

14.     Not all factors are relevant to every case, and courts tend to use a relevant subset of the above facts in determining whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., In re Texaco, Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "[b]y sheer size alone the [] debtors have established cause for extending the exclusivity periods"); *In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 (Bankr. S.D.N.Y. 1983) (stating that "[t]he sheer mass, weight, volume and complication of the [] filings undoubtedly justify" an extension of the exclusive periods"); *Borders.*, 460 B.R. at 821–22, ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *Adelphia Commc'ns*, 352 B.R. at 586–87 (noting that the decision to extend exclusivity is fact specific and that "case[]law has identified factors that are normally considered").

15.     Courts in this district have routinely granted multiple requests by debtors to extend their Exclusive Periods. *See, e.g. In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. July 31, 2023), ECF No. 2560 (initially granting the debtors' request for an additional 180-day extension of the exclusive periods and subsequently granting the debtors' request for an additional 120 days of the exclusive period); *In re SAS AB,* No 22-10925 (MEW)

(Bankr. S.D.N.Y. Apr. 13, 2023), ECF No. 1078 (initially granting the debtors' request for a 150-day extension of the exclusive periods and subsequently granting the debtors' request for an additional 120-day extension of the exclusive periods); *In re Frontier Commn'cs Corp.,* No. 20-22476 (RDD) (Bankr. S.D.N.Y. Feb 23, 2021), ECF No. 1589 (initially granting the debtors' request for an additional 180-day extension of the exclusive periods and subsequently granting the debtors' request for an additional 248-day extension of the exclusive period); *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Aug. 14, 2019), ECF No. 1156 (initially granting the debtors' request for a four-month extension of the exclusive periods and subsequently granting the debtors' request for an additional two-month extension of the exclusive periods).

### Cause Exists to Further Extend the Exclusive Periods

16.     A further extension of the Exclusive Periods, in each case by ninety (90) days, is appropriate, in the best interest of the Debtors and their stakeholders, and consistent with the intent and purpose of chapter 11 of the Bankruptcy Code.  The requested extensions of the Exclusive Periods are necessary and appropriate to enable the Debtors to continue the Marketing Process and to work efficiently towards confirmation and consummation of a Transaction and the Plan without interruption.  Applying the relevant factors above to the facts of these chapter 11 cases demonstrates ample cause exists to grant the reasonable further extension of the Exclusive Periods requested herein.

A.      **(i) The Debtors Have Demonstrated Good Faith Progress Towards Executing on their Chapter 11 Strategy and (ii) the Debtors Need Sufficient Time to Negotiate the Remaining Plan Issues and Prepare Adequate Information.**

17.     The Debtors have made good use of their First Extended Exclusive Periods and continue to make substantial progress towards achieving the objectives of chapter 11.  To date, approximately 140 potential bidders have executed non-disclosure agreements in connection with the Marketing Process with multiple parties having accessed the data room and toured the Debtors'

properties.  The Debtors have received multiple initial indications of interest, and various parties have expressed interest in serving as a stalking horse bidder (any such bidder designated by the Debtors, a "**Stalking Horse Bidder**").  Additional time, however, is necessary to continue to progress the Marketing Process as contemplated under the Bidding Procedures Order and Court's final order authorizing the Debtors' use of cash collateral [ECF No. 551] (the "**Final Cash Collateral Order**").  The mere potential that another party could propose an alternative plan would create uncertainty among potential bidders, throw the entire Marketing Process into upheaval, and jeopardize the Debtors' ability to close on any Transactions.  The Debtors deserve time to complete the Marketing Process and to seek to confirm the Plan in accordance with the agreed upon, and court-approved timeline.

18.    In parallel with the Marketing Process, the Debtors have worked diligently with their advisors and the advisors for Flagstar Bank N.A. (the "**Mortgage Lender**" or "**Flagstar**"), to develop, negotiate, and file the Plan, the Disclosure Statement, and the Solicitation Procedures Motion.  As discussed above, the Plan sets forth the means to implement any Transaction(s) that results from the Marketing Process and sets forth the proposed treatment for all claims against, and interests in, the Debtors.  The Court entered the Disclosure Statement Order on December 3, 2025, and the Debtors are in the process of soliciting votes on the Plan.  The hearing to consider confirmation is scheduled for January 15, 2025.

19.    Accordingly, the Debtors have made good faith progress towards a restructuring and otherwise achieving the objectives of chapter 11.  On this basis alone the requested further extension of the Exclusive Periods is warranted.  *See Adelphia Commc'ns*, 352 B.R. at 588 (viewing the good faith progress factor "as one of the more important factors" in the analysis).

20.     The Debtors have made substantial progress in the administration of these chapter 11 cases, but certain issues remain unresolved.  Accordingly, the Exclusive Periods should be extended as requested to give the Debtors the opportunity to continue this progress and achieve a timely, successful, and hopefully consensual Plan confirmation.

**B.      There Has Not Been Sufficient Time to Permit the Debtors to Negotiate a Chapter 11 Plan and Prepare Adequate Information.**

21.     As discussed above, the Debtors' Plan hinges on the outcome of the Marketing Process and resulting Transactions.  Since the approval of the Bidding Procedures, the Debtors have made every effort to move that process forward expeditiously and in lock step with the court-approved milestones.  As contemplated under the Final Cash Collateral Order and the Bidding Procedures Order, additional time is necessary to review bids reasonably determined by the Debtors to meet the requirements set forth in the Bidding Procedures Order (the "**Qualified Bids**"), designate a Stalking Horse Bidder (if deemed appropriate), conduct one or more auctions (if necessary), select one or more of the highest or otherwise best Qualified Bids for a particular asset or assets as the successful bid (a "**Successful Bid**"), and ultimately close on a Transaction(s).  The Debtors should be afforded the agreed-upon time that is necessary to complete the Marketing Process (uninterrupted) and close on a value-maximizing Transaction.

**C.      The Debtors are Part of a Large and Complex Structure.**

22.     The size and complexity of a debtor's case alone may constitute cause to extend the Exclusive Periods.  *See In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.") (citing *Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 298 (W.D. Tenn. 1987); *In re Pine Run Tr.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986);

10

*In re United Press Int'l, Inc.*, 60 B.R. 265, 270 (Bankr. D.C. 1986); *In re Am. Fed'n of Television and Radio Artists*, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983)).  Further, the relevant legislative history provides that "if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595 at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963.

23.     As explained in the First Day Declaration, the Debtors' business and capital structure, together with their parent company and its other non-Debtor subsidiaries, is complex. The eighty-two (82) Debtors own a network of ninety-three (93) properties—the vast majority of which are subject to statutory rent stabilization protection—consisting of approximately 5,100 residential units throughout New York City.  Each Debtor is individually party to consolidated mortgage agreements with the Mortgage Lender, with the Debtors' aggregate indebtedness as of the Petition Date totaling approximately $564 million.  Accordingly, the Debtors are part of a large, complex corporate enterprise.

**D.     The Debtors are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands.**

24.     The Debtors' relationship with their stakeholders, including the Mortgage Lender and its professionals, has been transparent, cooperative, and constructive.  The Debtors' conduct in these chapter 11 cases demonstrates the Debtors are acting in a prudent and transparent manner and are not seeking these extensions to artificially delay the administration of these chapter 11 cases.

**E.     Little Time Has Elapsed Since the Commencement of these Chapter 11 Cases.**

25.     This is the Debtors' second request for extension of the Exclusive Periods. Courts in this District have routinely granted second requests by debtors to extend their exclusive period to file and solicit a chapter 11 plan.  *See In re GOL Linhas Aereas Inteligentes S.A.*, No. 24-

11

10118 (MG) (Bankr. S.D.N.Y. Nov. 7, 2024), ECF No. 1045 (extending exclusive period by an additional 150 days); *In re All Year Holdings Ltd.*, No. 21-12051 (MG) (Bankr. S.D.N.Y. Aug. 25, 2022), ECF No. 194 (extending exclusive period a second time); *In re Tops Holding II Corp.*, No. 18-22279 (RDD) (Bankr. S.D.N.Y. Oct. 24, 2018), ECF No. 715 (same); *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. July 26, 2017), ECF No. 859 (same); *In re Breitburn Energy Partners LP*, No. 16-11390 (SMB) (Bankr. S.D.N.Y. Jan. 10, 2017), ECF No. 928 (same); *In re The Great Atlantic & Pacific Tea Co.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 28, 2016), ECF No. 2637 (same).

## Conclusion

26.     The Debtors' requested extension of the Exclusive Periods is warranted and necessary for the reasons stated above.  Allowing the Exclusive Periods in these chapter 11 cases to lapse would be contrary to the purpose of section 1121(a) of the Bankruptcy Code and would jeopardize the progress that the Debtors have already made in these cases and disrupt the sale and refinancing Marketing Process before it is fully underway.  The Debtors, therefore, request that this Court further extend the Exclusive Periods "for cause" as provided for in section 1121(d) of the Bankruptcy Code.

## Notice

27.     Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, New York 10004 (Attn.: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.); (ii) the Debtors' top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn.: Harvey A. Strickon, Esq., Brett Lawrence, Esq., Nicholas A. Bassett, Esq., and Justin Rawlins, Esq.);

(vi) Flagstar Bank, N.A., 102 Duffy Avenue, Hicksville, New York 11801; (vii) counsel to Mishmeret Trust Company Ltd., Chapman and Cutler LLP, 1270 Avenue of the Americas, 30th Floor, New York, New York 10020 (Attn.: Michael Friedman, Esq.);  and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").   The Debtors respectfully submit that no further notice is required.

## **No Prior Request**

28.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order and grant the Debtors such other and further relief as it deems just and proper.

Dated: December 9, 2025
       New York, New York


 /s/  Gary T. Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                   :

**In re**                                 :         **Chapter 11**
                                   :

**BROADWAY REALTY I CO., LLC,** *et al.,*   :         **Case No. 25-11050 (DSJ)**
                                   :

            **Debtors.**[1]              :         **(Jointly Administered)**
                                   :

------------------------------------------------------------x

### SECOND ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PLAN PERIODS

Upon the motion, dated December 9, 2025 (the "**Motion**")[2] [ECF No. [●]], of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that no other or further notice need be provided; and the Court having reviewed the Motion; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**

1.     The Motion is granted to the extent set forth herein.

2.     Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive

Filing Period is further extended through and including March 15, 2026.

3.     Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive

Solicitation Period is extended through and including May 18, 2026.

4.     The extensions of the Exclusive Periods granted herein are without

prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy

Code by the Debtors or any party in interest, for cause shown, upon notice and a hearing.

5.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2025
      New York, New York
                                    _____
                                    THE HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE