**Hearing Date and Time: December 23, 2025 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: December 16, 2025 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : | **Case No. 25-11050 (DSJ)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

### NOTICE OF HEARING ON
### DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY
### GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS
### COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS

PLEASE TAKE NOTICE that, on December 9, 2025, Broadway Realty I Co.,

LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in

possession (the "**Debtors**"), filed the *Debtors' Application for Authority to Retain and Employ*

*Goldenbock Eiseman Assor Bell & Peskoe LLP as Conflicts Counsel and as Special Real Estate*

*Counsel to the Debtors* (the "**Application**").

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St 12th Floor, New York, New York 10017.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Application (the "**Hearing**") is scheduled for **December 23, 2025 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable David S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 701, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov/sites/default/ files/m399.pdf), or (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 so as to be received no later than **December 16, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the above referenced Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted through Zoom for Government.  Parties should not appear in person and those wishing to appear

2

or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the Court's website prior to **4:00 p.m. (prevailing Eastern Time) on December 22, 2025** by using the following link: https://www.nysb.uscourts.gov/ecourt-appearances.  Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at https://www.nysb.uscourts.gov/content/judge-david-s-jones.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to appear at the Hearing, and failure to appear may result in relief being granted upon default.

Dated: December 9, 2025
  New York, New York

  /s/  *Gary T. Holtzer*
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11**
                                            :
**BROADWAY REALTY I CO., LLC, *et al.*,**   :        **Case No. 25-11050 (DSJ)**
                                            :
                **Debtors.**[1]             :        **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

### DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, respectfully represent as follows in support of this application (the "**Application**"):

#### Background

1.     On May 21, 2025 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

---

[1]     The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Ephraim Diamond Pursuant to Local Bankruptcy Rule 1007-2 in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF No. 10] (the "**First Day Declaration**").[2]

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.      By this Application, pursuant to section 327(e) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Debtors request entry of an order granting authority to retain and employ Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") to serve as their conflicts counsel and as their special real estate counsel in these chapter 11 cases.

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to such terms in the First Day Declaration.

5.      A proposed form of order approving Golenbock's retention and employment is annexed hereto as **Exhibit A** (the "**Proposed Order**").  In support of this Application, the Debtors submit (i) the declaration of Jonathan L. Flaxer, a member of Golenbock, which is annexed hereto as **Exhibit B** (the "**Flaxer Declaration**"), and (ii) the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, which is attached hereto as **Exhibit C** (the "**Diamond Declaration**").

### Golenbock's Qualifications

6.      Golenbock has reviewed the case docket, read the "first day" filings and other significant filings appearing on the docket in order to familiarize itself with the Debtors' capital structure, the current condition of the Debtors' business, management, assets, and significant events in the Debtors' case.  It has thus gained the necessary background so that is generally familiar with the matters upon which it may be called upon to render legal services as conflicts counsel and special real estate counsel to the Debtors.

7.      The Debtors selected Golenbock to serve as conflicts counsel and special real estate counsel because of its extensive general experience and knowledge, including Golenbock's recognized expertise in the field of creditors' rights and the administration of cases under chapter 11 of the Bankruptcy Code.  In addition, as a general business-focused practice, in the event that expertise in areas such as, by way of example, real estate, transactions or litigation are required, Golenbock possesses the required expertise and experience.  Golenbock's legal services may become necessary in the event that actual or potential conflicts of interest prevent the Debtors' general bankruptcy counsel or other counsel from acting on behalf of the Debtors.  In addition, Golenbock may be called upon to provide and such other services as may be requested by Ephraim Diamond and David Barse, Co-Chief Restructuring Officers of the Debtors (the "**Co-**

CRO's"), as applicable, including services in connection with the closing of potential real estate transactions. Golenbock's fee structure will result in cost savings for the Debtors, thereby reducing the administrative expenses incurred by the Debtors. Golenbock's real estate department consists of seven full-time partners and associates, assisted by two "of counsel" attorneys, and possesses significant experience in representing clients in connection with the disposition of commercial and residential real estate.

8.      The Debtors have been informed that Jonathan L. Flaxer, a partner of Golenbock, as well as the other partners, counsel to, and associates of Golenbock who may be employed to render legal services in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.

9.      Accordingly, in and to the extent its services are required, Golenbock is both qualified and able to represent the Debtors as conflicts counsel and as special real estate counsel in these chapter 11 cases in an efficient and timely manner as instructed by the Co-CRO's.

### Golenbock's Disinterestedness

10.      To the best of the Debtors' knowledge, the members of, counsel to, and associates of Golenbock do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Flaxer Declaration.

11.      Based upon the Flaxer Declaration, Golenbock is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtors has been informed that Golenbock will conduct an ongoing

review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Golenbock will supplement its disclosure to the Court accordingly.

### Professional Compensation

12.    Should Golenbock be called upon to render legal services for the Debtors, Golenbock will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court (the "**Orders**"), in connection with any interim and final fee applications to be filed by Golenbock in these chapter 11 cases.

13.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Golenbock for services rendered at Golenbock's customary hourly rates that are in effect from time to time, as set forth in the Flaxer Declaration, and to reimburse Golenbock according to its customary reimbursement policies.  The Debtors respectfully submit that Golenbock's rates and policies, as set forth in the Flaxer Declaration, are reasonable.

**Notice**

14.     Notice of this Application will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, New York 10004 (Attn.: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.); (ii) the Debtors' top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn.: Harvey A. Strickon, Esq., Brett Lawrence, Esq., Niclolas A Bassett, Esq., and Justin Rawlins, Esq.); (vi) Flagstar Bank, N.A., 102 Duffy Avenue, Hicksville, New York 11801; (vii) Counsel to Mishmeret Trust Company Ltd., Chapman and Cutler LLP, 1270 Avenue of the Americas, 30th Floor, New York, New York 10020 (Attn.: Michael Friedman, Esq.) and (viii) all other persons and entities that have requested service in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 9, 2025
New York, New York

**BROADWAY REALTY I CO., LLC**

/s/*Ephraim Diamond*
Ephraim Diamond
Co-Chief Restructuring Officer

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                       :

In re                             :        **Chapter 11**

                                         :

**BROADWAY REALTY I CO., LLC, *et al.*,**   :        **Case No. 25-11050 (DSJ)**

                                         :

                       **Debtors.[1]**     :        **(Jointly Administered)**

                                         :

------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS

Upon the application dated December 9, 2025 [ECF No. ___] (the "**Application**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to retain and employ Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and as special real estate counsel for the Debtors, all as more fully set forth in the Application; and upon the declaration of Jonathan L. Flaxer, annexed to the Application as **Exhibit B** ( the "**Flaxer Declaration**"), and the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, annexed to the Application as **Exhibit C** (the "**Diamond Declaration**"); and the Court being satisfied, based on the representations made

---

[1]   The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

in the Application and the Flaxer Declaration, that Golenbock is "disinterested" as such term is

defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, and as required under section 327(e) of the Bankruptcy Code, and that

Golenbock represents no interest adverse to the Debtors' estates; and this Court having jurisdiction

to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska,

C.J.); and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and notice of the Application having been given as provided in the Application,

and such notice having been adequate and appropriate under the circumstances; and it appearing

that no other or further notice need be provided; and the Court having considered the Flaxer

Declaration and the Diamond Declaration, and the Court having determined that the relief sought

in the Application is in the best interests of the Debtors, their creditors, and all parties in interest,

and that the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy

Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain

and employ Golenbock as conflicts counsel to the Debtors to render such professional services as

may be necessary in the event that actual or potential conflicts of interest prevent the Debtors'

general bankruptcy counsel or other counsel from acting on behalf of the Debtors, and as special

real estate counsel to render such other services as may be requested by the Co-CRO's, as applicable, including services in connection with the closing of potential real estate transactions.

3.      Golenbock shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court.

4.      Golenbock shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5.      Prior to any increases in Golenbock's rates for any individual retained by Golenbock and providing services in this case, Golenbock shall provide ten business days' notice to the Debtors, the United States Trustee and any official committee and such notice shall be filed with this Court.  The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.      To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

7.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:    _____, 2025
           New York, New York

_____

THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Flaxer Declaration**

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors And Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                        :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : | **Case No. 25-11050 (DSJ)** |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**DECLARATION OF**
**JONATHAN L. FLAXER IN SUPPORT OF DEBTORS'**
**APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY**
**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS**
**COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS**

        I, Jonathan L. Flaxer, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information and belief:

        1.      I am a member of the firm of Golenbock Eiseman Assor Bell & Peskoe LLP

("**Golenbock**" or the "**Firm**"), a law firm with offices at 711 Third Avenue, New York, New York

10017.

---

[1]     The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

2.     I submit this Declaration in connection with the application submitted on the date hereof (the "**Application**")[2], by Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, for authority to retain and employ Golenbock as their conflicts counsel and as their special real estate counsel in these chapter 11 cases, at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Golenbock's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

4.     On May 21, 2025 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

5.      Neither I, Golenbock, nor any member, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these chapter 11 cases.  In addition, to the best of my knowledge, after due inquiry, neither I, Golenbock, nor any partner, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in any matters that are related to these chapter 11 cases.

## Background

6.      Golenbock has reviewed the case docket, read the "first day" filings and other significant filings appearing on the docket in order to familiarize itself with the Debtors' capital structure, the current condition of the Debtors' business, management, assets, and significant events in the Debtors' case.  It has thus gained the necessary background so that is generally familiar with the matters upon which it may be called upon to render legal services as conflicts counsel and as special real estate counsel to the Debtors.

7.      Accordingly, Golenbock possesses the background to address the potential legal issues with respect to which it may be called upon to represent the Debtors in these chapter 11 cases.

## Golenbock's Disclosure Procedures

8.      Golenbock has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors.  Golenbock, which employs approximately 50 attorneys, has a diversified legal practice that encompasses the representation of many business entities.  Some of those entities are, or may consider themselves to be, creditors or parties in interest in these chapter 11 cases or to otherwise have interests in these chapter 11 cases.

9.      In preparing this Declaration, Golenbock used a set of procedures developed by Golenbock to ensure compliance with the requirements of the Bankruptcy Code, the

3

Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Bankruptcy Rules**") regarding the retention of professionals by a debtor under the

Bankruptcy Code (the "**Firm Disclosure Procedures**").   Pursuant to the Firm Disclosure

Procedures, Golenbock performed the following actions to identify the parties relevant to this

Declaration and to ascertain Golenbock's connection to such parties:

> a.    A comprehensive list of the types of entities that may have contacts with the Debtors were developed in consultation with the Debtors' general bankruptcy counsel and with the Co-CRO's, and by searching the docket in the Debtors' chapter 11 case, including lists of filed and scheduled claims of all types, list of all Debtor entities, and the other categories listed on the retention checklist (the "**Retention Checklist**").  A copy of the Retention Checklist is annexed hereto as **Annex 1**.

> b.    Golenbock obtained information responsive to the Retention Checklist in the manner described above and through several inquiries of the Debtors' general bankruptcy counsel and the Co-CRO's.  Golenbock then used that information, together with other information identified by Golenbock, to compile a list of the names of entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**").

> c.    Golenbock accesses its client and adverse party database through its billing software system and document management system as part of its conflict clearance and billing records.  These internal systems and databases includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the name of each current and former client, the names of the parties who are or were related or adverse to such current or former client, and the names of the Golenbock personnel who are or were responsible for current or former matters for such client. It is the policy of Golenbock that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Golenbock.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

> d.    Golenbock compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[3]  Any matches to names in

---

[3]    For purposes of the Firm Disclosure Procedures, Golenbock considers an entity a "former client" if all matters for such client have been closed, but professional time was recorded within the past two years.  Because the Firm

the Client Database generated by the comparison were compiled, together with the names of the respective Golenbock personnel responsible for the identified client matters (the "**Client Match List**").

e.      A Golenbock attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Golenbock's clients in both this matter and the matter referenced on the Client Match List.

f.      Using information in the Client Database concerning entities on the Client Match List, and making general and, if applicable, specific inquiries of Golenbock personnel, Golenbock verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtors or these chapter 11 cases, except as set forth below.

g.      In addition, a general inquiry to all Golenbock attorneys was sent by electronic mail before the filing of the Application to determine whether any such individual or any member of his or her household (i) owns any debt or equity securities of the Debtors; (ii) holds a claim against or interest adverse to the Debtors; (iii) is or was an officer, director, or employee of the Debtors or any of its non-debtor affiliates; (iv) is related to or has any connections to Bankruptcy Judges in the Southern District of New York; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

10.      The disclosure list, attached as Annex 2 hereto, is the product of implementing the Firm Disclosure Procedures.  As discussed below, one entity on Annex 2 is a current client of the Firm.

### Golenbock's Connections with Parties in Interest in Matters Unrelated to the Chapter 11 Cases

11.      I have reviewed the connections between Golenbock and the clients identified on the Client Match List and the connections between those entities and the Debtors and determined, in each case, that Golenbock does not hold or represent an interest that is adverse to the Debtors' estates and that Golenbock is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code,

---

Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

for the reasons discussed below.  In this connection, I note that, as listed on Annex 2, Golenbock represents Eastdil Secured L.L.C., which has been engaged by the Debtors to serve as exclusive real estate broker  [ECF No. 572], and that Golenbock represented Eastdil in connection with its retention by the Debtors.  Eastdil is a current and long-term client of the Firm, but has no objection to the Firm's engagement by the Debtors provided that the Firm will not represent the Debtors in any matter adverse to Eastdil.  The revenue generated from the Firm's representation of Eastdil approximates 5% of the Firm's annual revenue.

12.    As set forth above, the Client Match List identified several matches to entities that are or were involved in current or prior Golenbock engagements, all of which concern matters that are wholly-unrelated to the Debtors except as otherwise set forth above.

13.    In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between Golenbock and (i) the U.S. Trustee or any person employed thereby, (ii) any attorneys, accountants, or financial consultants in these chapter 11 cases, or (iii) any investment bankers that represent or may represent the Debtors or claimants or other parties in interest in these chapter 11 cases, except as set forth herein.  As part of its practice, Golenbock appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these chapter 11 cases.  Golenbock has not represented, and will not represent, any of such parties in relation to the Debtors or these chapter 11 cases.  Golenbock does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

14.     Additionally, Golenbock has represented, and may currently represent, entities that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  Because distressed debt is actively traded in the commercial markets, Golenbock may be unaware of the actual holder of such debt at any given moment. Golenbock also represents numerous entities in unrelated matters that may buy and/or sell distressed debt of chapter 11 debtors.

15.     To the best of my knowledge, belief, and understanding, Golenbock has identified and disclosed all connections with parties in interest in these chapter 11 cases. Golenbock will continue to apply the Firm Disclosure Procedures and will promptly file a supplemental disclosure with the Court to the extent that any new material relevant facts or relationships arise.  Golenbock understands that the United States Trustee takes no position with regard to the Firm Disclosure Procedures, including without limitation, their propriety, efficacy or completeness.

**<u>Golenbock's Connections with the Debtors</u>**

16.     Golenbock compiled responses to the foregoing inquiries for the purposes of preparing this Declaration.  Responses to the inquiry described in Golenbock's Disclosure Procedures above reflect that, as of the Petition Date, no Golenbock personnel or member of the household of any Golenbock personnel holds any claims against, stock of, or other interests in the Debtors and that no such individuals held significant employment with the Debtors.  Golenbock notes that it employed Andrea B. Schwartz, Esq., who is serving as a Trial Attorney for the United States Trustee for Region 2, as an associate attorney, but her employment with the Firm ended in 2007.  Except for the foregoing, no Golenbock lawyers or support staff or their family members are related to or have any other connection to Bankruptcy Judges in the Southern District of New

York.  In addition, it is possible that certain Golenbock attorneys may be residents at properties owned by the Debtors or their non-debtor affiliates.

17.     From time to time (i) relatives of Golenbock attorneys or employees or (ii) other persons with whom Golenbock attorneys have had or currently have a personal relationship may work or may have worked at other law firms, financial advisory firms, investment banks, service providers, or other parties in interest, in each case, involved in these cases.  No direct or indirect financial relationship related to these cases exists between such person and Golenbock, and the fact that such a person may or may not be involved in these cases does not affect Golenbock's disinterestedness.

## Golenbock is Disinterested

18.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Golenbock does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Golenbock is to be employed, and Golenbock is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## Golenbock's Compensation and Billing Practices

19.     Golenbock intends to charge the Debtors for services rendered in these chapter 11 cases at Golenbock's normal hourly rates in effect at the time the services are rendered. Golenbock's current customary hourly rates, subject to change from time to time, are $400 to $1,050 for members, counsel and associates, and $200 to $400 for paraprofessionals.

20.     Golenbock also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Golenbock's normal reimbursement policies, subject to any modifications to such policies that Golenbock may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules,

the Local Bankruptcy Rules, and the guidelines promulgated by the U.S. Trustee (the "**U.S. Trustee Guidelines**").   Golenbock's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. As it relates to computerized research, Golenbock believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain.   Other reimbursable expenses (whether the service is performed by Golenbock in house or through a third-party vendor) include, but are not limited to, facsimiles, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

### No Sharing of Compensation with Other Professionals for the Debtors

21.   No promises have been received by Golenbock, or any member, counsel, or associate thereof, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.   No agreement or understanding exists between Golenbock and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall Golenbock share or agree to share compensation received for services rendered in connection with these chapter 11 cases, other than as permitted by section 504 of the Bankruptcy Code.

### Attorney Statement Pursuant to Fee Guidelines

22.   The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*.

> **Question:**   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

9

**Response**:      No.

**Question:**      Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:      No.

**Question**:      If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:      N/A

**Question**:      Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:      In the event that Golenbock is called upon to render legal services as conflicts counsel, it, in conjunction with the Debtors, will develop a prospective budget and staffing plan for any such legal matters assigned to it.  Golenbock and the Debtors will review such budget following the close of the budget period to determine a budget for the following period.

## Conclusion

23.      The Application requests approval of the Debtors' retention of Golenbock as conflicts counsel at Golenbock's normal hourly rates in effect at the time the services are rendered and in accordance with Golenbock's normal reimbursement policies, subject to any modifications to such policies that Golenbock may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the U.S. Trustee Guidelines.  Subject to these terms and conditions, Golenbock intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the U.S. Trustee Guidelines.

Dated:  December 9, 2025
         New York, New York

                              /s/ *Jonathan L. Flaxer*
                         Jonathan L. Flaxer
                         Member, Golenbock Eiseman Assor Bell & Peskoe LLP

**<u>Annex 1</u>**

**Retention Checklist**

**<u>Retention Checklist</u>**

- Debtors
- Debtors' Trade Names and Aliases
- Non-debtor Affiliates and Subsidiaries
- Bankruptcy Judges and Staff
- Bondholders and Indenture Trustees
- Committee Members and Professionals
- Contract Counterparties
- Current Officers and Directors
- Affiliations of Authorized Representatives
- Debtor Professionals
- Five Largest Secured Claims
- Insurance/Insurance Provider/Surety Bonds
- Landlords and Parties to Leases
- Lenders
- List of the Creditors Holding 20 Largest Unsecured Claims
- Litigation Counterparties/Litigation Pending Lawsuits
- Members of Any Ad Hoc Committee
- Non-Debtor Professionals
- Ordinary Course Professionals
- Other Secured Parties
- Other Parties in Interest
- Regulatory and Government
- Significant Shareholders (more than 5% of equity)
- Taxing Authorities
- Unsecured Creditors Holding Claims in Excess of $50,000
- Unions
- United States Trustee Office

**<u>Annex 2</u>**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtor | Relationship to Golenbock |
|---|---|---|
| Eastdil Secured | Real Estate Advisor | **Discussed in Flaxer Declaration** |
| National Grid | Utility provider/possible creditor | **Provides utilities to residential buildings where Flaxer is serving as trustee of owner/debtor** |
| Travelers | Insurer | **Insurer to several clients in connection with several pending claims vs. clients** |
| Newmark | Prepetition broker | **Acted as broker in connection with office lease renewal** |

**Exhibit C**

**Diamond Declaration**

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors And Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :        **Chapter 11**
                                                            :
**BROADWAY REALTY I CO., LLC,** *et al.*,                   :        **Case No. 25-11050 (DSJ)**
                                                            :
                              **Debtors.**[1]               :        **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**DECLARATION OF**
**EPHRAIM DIAMOND IN SUPPORT OF DEBTORS'**
**APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY**
**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS**
**COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS**

   I, Ephraim Diamond, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information and belief:

   1.  I am the Co-Chief Restructuring Officer of Broadway Realty I Co., LLC

and its debtor affiliates (collectively, the "**Debtors**").

   2.  I submit this declaration (the "**Declaration**") in support of the application

submitted on the date hereof (the "**Application**")[2], pursuant to section 327(e) of title 11 of the

---

[1]  The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for

authority to retain and employ Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") to

serve as conflicts counsel for the Debtors.

3.      This Declaration is provided pursuant to Paragraph D.2 of the U.S.

Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective

November 1, 2013.  Except as otherwise indicated herein, the facts set forth in this Declaration are

based upon my personal knowledge, information provided to me by the Debtors' employees or

advisors, or my opinion based upon knowledge and experience as Co-Chief Restructuring Officer

of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

4.      On May 21, 2025 (the "**Petition Date**"), the Debtors each commenced with

this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized

to continue to operate their business and manage their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee, examiner, or statutory

committee of creditors has been appointed in these chapter 11 cases.  The Debtors' chapter 11

cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule

1015(b).

## The Debtors' Selection of Golenbock as Conflicts Counsel and Special Real Estate Counsel

5.      Golenbock is proposed to serve as conflicts counsel and special real estate

counsel to the Debtors.  The Debtors chose Golenbock because of, among other factors, the Firm's

extensive expertise in both out-of-court and in-court restructurings, as well as its diversified

practice.

6.      Golenbock has advised me that it has familiarized itself with the significant filings and events in the Debtors' chapter 11 case by reviewing numerous entries that appear on the Docket in Debtors' case.  As a result, Golenbock has familiarized itself with the Debtors' capital structure and gained insight into the current condition of the Debtors' business, management, and assets, and significant developments in the Debtors' chapter 11 case. Accordingly, I believe Golenbock possesses the background and expertise to address the potential legal issues with which it may, as and to the extent necessary, become involved as conflicts counsel to the Debtors.

**Cost Supervision**

7.      As the Debtors' Co-Chief Restructuring Officer, I, or those working for me, monitor the invoices submitted by our outside counsel.  Golenbock has informed the Debtors that Golenbock intends to charge the Debtors for services rendered in these chapter 11 cases at Golenbock's normal hourly rates in effect at the time the services are rendered.  Golenbock has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  It is my understanding that Golenbock reviews and adjusts its billing rates annually.[3]  Golenbock has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

8.      In the event that Golenbock's services as conflicts counsel or as special real estate counsel to the Debtors' are required, Golenbock and the Debtors will develop a prospective budget and staffing plan for such services as may be required for these chapter 11 cases.  To the extent Golenbock's services are utilized, the Debtors also recognize that it is their responsibility

---

[3]      In January 2026, Golenbock will likely adjust its standard billing rates for its professionals in the normal course, and will make all appropriate disclosures in connection therewith.

to closely monitor the billing practices of Golenbock to ensure that fees and expenses paid by the estate remain consistent with the Debtors' expectations.

9.    As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these chapter 11 cases and ensure the Debtors are an active participant in that process.  To the extent Golenbock's services are utilized, the Debtors, together with Golenbock, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: December 9, 2025
       New York, New York

                          **BROADWAY REALTY I CO., LLC**

                           _/s/ Ephraim Diamond_
                          Ephraim Diamond
                          Co-Chief Restructuring Officer