WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re : Chapter 11
: 
**BROADWAY REALTY I CO., LLC,** *et al.*, : Case No. 25-11050 (DSJ)
: 
Debtors.[1] : **(Jointly Administered)**
: Related Docket No. 805
-------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION TO DEBTORS'**
**AMENDED APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY**
**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS**
**COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS**

Pursuant to 28 U.S.C. § 1746 and Rule 9013-3 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. On December 9, 2025, Broadway Realty I Co., LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (the "**Debtors**"), filed the *Debtors' Application for Authority to Retain and Employ Golenbock Eiseman Assor Bell*

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, New York 10017.

*& Peskoe LLP as Conflicts Counsel and as Special Real Estate Counsel to the Debtors* [ECF No. 798] (the "**Application**").

2. On December 12, 2025, the Debtors filed the *Debtors' Amended Application for Authority to Retain and Employ Golenbock Eiseman Assor Bell & Peskoe LLP as Conflicts Counsel and as Special Real Estate Counsel to the Debtors* [ECF No. 805] (the "**Amended Application**"), with a proposed order granting the relief requested in the Amended Application attached thereto as Exhibit A (the "**Amended Proposed Order**").

3. The Application established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Application as **December 16, 2025 at 4:00 p.m. (prevailing Eastern Time)**. Local Rule 9013-3 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed or served before 48 hours after the relevant response deadline and the attorney for the entity that filed the pleading complies with certain procedural and notice requirements.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on proposed counsel to the Debtors.

5. The Debtors received informal comments to the Amended Proposed Order from the Office of the United States Trustee, which comments have been incorporated into the revised form of proposed order, annexed hereto as **Exhibit A** (the "**Revised Amended Proposed Order**"). A redline of the Amended Proposed Order against the Revised Amended Proposed Order is annexed hereto as **Exhibit B** (the "**Redline**").

6. Accordingly, the Debtors respectfully request that the Revised Amended Proposed Order granting the relief requested in the Amended Application be entered in accordance with Local Rule 9013-3.

I declare that the foregoing is true and correct.

Dated: December 18, 2025
      New York, New York

      /s/ *Gary T. Holtzer*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

# Exhibit A

**Revised Amended Proposed Order**

25-11050-dsj Doc 820 Filed 12/18/25 Entered 12/18/25 17:03:23 Main Document
Pg 4 of 13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
In re                                                                    :    Chapter 11
:
BROADWAY REALTY I CO., LLC, *et al.*,      :    Case No. 25-11050 (DSJ)
:
Debtors.[1]                                                     :    (Jointly Administered)
:
-----------------------------------------------------------x

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS

Upon the amended application dated December 12, 2025 [ECF No. 805] (the "**Amended Application**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to retain and employ Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and as special real estate counsel for the Debtors, all as more fully set forth in the Amended Application; and upon the declaration of Jonathan L. Flaxer, annexed to the Amended Application as **Exhibit B** ( the "**Flaxer Declaration**"), and the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, annexed to the Amended Application as **Exhibit C** (the "**Diamond Declaration**"); and

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty/. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Amended Application.

the Court being satisfied, based on the representations made in the Amended Application and the Flaxer Declaration, that Golenbock is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Golenbock represents no interest adverse to the Debtors' estates; and this Court having jurisdiction to consider the Amended Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Amended Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Amended Application having been given as provided in the Amended Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Flaxer Declaration and the Diamond Declaration, and the Court having determined that the relief sought in the Amended Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Amended Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Amended Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain and employ Golenbock as conflicts counsel to the Debtors to render such professional services as may be necessary in the event that actual or potential conflicts of interest prevent the Debtors'

2

general bankruptcy counsel or other counsel from acting on behalf of the Debtors, and as special real estate counsel to render such other services as may be requested by the Co-CRO's, as applicable, including services in connection with the closing of potential real estate transactions.

3. Golenbock shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court.

4. Golenbock shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. Prior to any increases in Golenbock's rates for any individual retained by Golenbock and providing services in this case, Golenbock shall provide ten business days' notice to the Debtors, the United States Trustee and any official committee and such notice shall be filed with this Court. The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. In the event a conflict arises between the Debtors and Eastdil Secured L.L.C. ("**Eastdil**"), Golenbock will not represent the Debtors in a matter adverse to Eastdil in these chapter 11 cases.

7. To the extent there is any inconsistency between this Order and the Amended Application, the provisions of this Order shall govern.

8. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Amended Application.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2025
New York, New York

_____
THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                            :     Chapter 11
:
BROADWAY REALTY I CO., LLC, *et al.*,         :     Case No. 25-11050 (DSJ)
:
Debtors.[1]                                                 :     (Jointly Administered)
:
------------------------------------------------------------x

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP AS CONFLICTS COUNSEL
AND AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS**

Upon the amended application dated December 12, 2025 [ECF No. ——805] (the "**Amended Application**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to retain and employ Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and as special real estate counsel for the Debtors, all as more fully set forth in the Amended Application; and upon the declaration of Jonathan L. Flaxer, annexed to the Amended Application as **Exhibit B** ( the "**Flaxer Declaration**"), and the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, annexed to the Amended Application as **Exhibit C** (the "**Diamond Declaration**"); and

---

[1]  The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty/.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, ~~NY~~New York 10017.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Amended Application.

5415816.5

the Court being satisfied, based on the representations made in the Amended Application and the Flaxer Declaration, that Golenbock is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Golenbock represents no interest adverse to the Debtors' estates; and this Court having jurisdiction to consider the Amended Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Amended Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Amended Application having been given as provided in the Amended Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Flaxer Declaration and the Diamond Declaration, and the Court having determined that the relief sought in the Amended Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Amended Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Amended Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain and employ Golenbock as conflicts counsel to the Debtors to render such professional services as may be necessary in the event that actual or potential conflicts of interest prevent the Debtors'

general bankruptcy counsel or other counsel from acting on behalf of the Debtors, and as special real estate counsel to render such other services as may be requested by the Co-CRO's, as applicable, including services in connection with the closing of potential real estate transactions.

3. Golenbock shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court.

4. Golenbock shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. Prior to any increases in Golenbock's rates for any individual retained by Golenbock and providing services in this case, Golenbock shall provide ten business days' notice to the Debtors, the United States Trustee and any official committee and such notice shall be filed with this Court. The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. <u>In the event a conflict arises between the Debtors and Eastdil Secured L.L.C. ("**Eastdil**"), Golenbock will not represent the Debtors in a matter adverse to Eastdil in these chapter 11 cases.</u>

<u>7.</u> ~~6.~~ To the extent there is any inconsistency between this Order and the Amended Application, the provisions of this Order shall govern.

<u>8.</u> ~~7.~~ The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Amended Application.

4

9.   8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2025
         New York, New York

_____
THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

4