MURIEL GOODE-TRUFANT  
Corporation Counsel, City of New York  
Attorney for City of New York  
By: Zachary B. Kass  
100 Church Street  
New York, New York 10007  
Cell: (646)581-0160  
zkass@law.nyc.gov  

Hearing Date and Time:  
January 15, 2026 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------X  
In re:

BROADWAY REALTY I CO., LLC., *et al.,*

              Debtors.

-------------------------------------------------------X

Chapter 11  
Case No. 25-11050 (DSJ)  
(Jointly Administered)

## LIMITED OBJECTIONS OF THE CITY OF NEW YORK TO CONFIRMATION OF THE DEBTORS' FIRST AMENDED PLAN AND TO SALE OF PROPERTIES

The City of New York (the "City"), by its attorney MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, as and for its limited objections to confirmation of the Debtors' First Amended Joint Plan (the "Plan"), and to approval of the sale of the Debtors' real properties (the "Properties"), respectfully states:

1. On December 23, 2025, the Debtors filed a Notice of Designation of Stalking Horse Bidder (the "Notice") (Docket No. 916), which designated Summit Gold Inc. ("Summit") as the stalking horse bidder for the purchase of all of the Debtors' Properties. The Notice stated that any objection to the proposed transaction should include any objection to the sale of the assets "free and clear" of all claims and interests pursuant to Section 1141(c) of the Bankruptcy Code. In addition, attached to the notice was a copy of a proposed order confirming the Plan and approving the proposed sale (the "Proposed Order") which dealt with this issue in paragraphs G, H and I, and 5.

2. The City objects to the provisions in the Plan and the Proposed Order that the sale is free and clear of all liens, claims, encumbrances and interests to the extent that they purport to affect certain governmental interests, including, among other things, all violations, whether reduced to judgment or otherwise. The numerous buildings owned by the Debtors have many such obligations and violations, including those maintained by the City's Office of Administrative Trials and Hearings and Department of Environmental Protection. But property cannot be sold in bankruptcy free of the obligation to correct underlying violations of the City's housing and building codes.

3. The Plan and the Proposed Order should be clarified to provide that the Properties, to the extent sold, are subject to government rules and regulations, including, among others, zoning restrictions of record, deed restrictions on use, violations, any vacate order due to conditions at the property, and landmark designation.

4. Sale of properties in bankruptcy are subject to laws restricting use and deed restrictions. <u>In re 51-53 West 129th Street HDFC, Inc.</u> 475 B.R. 391, 399 (Bankr. SDNY 2012). The Plan and the Proposed Order should make it clear that the sale of the Properties, and any mortgage, would be subject to any such use restrictions, vacate order, landmarking, and all violations and to obligation to cure any violation of City building, housing, fire, safety, health and other codes and City State and Federal laws, such as rental restrictions or any laws applicable to the Properties

5. The City also objects to the overly broad Section 1146(a) exemption language in the Plan and in Paragraph 10 of the Proposed Order. A mortgage recording tax exemption is unavailable to a purchaser of property from the Debtor.

6. The stamp or similar tax exemption only applies to transfers under a plan confirmed, which the Supreme Court has held means that the transfers must be under or part of a confirmed plan, and only applies to post-confirmation transfers. See In re Florida Dep't of Revenue v. Picadilly Cafeteria, Inc., 128 S. Ct. 2326, 2338, 171 L.Ed2d 203, 219 (2008) (pre-confirmation transfers not entitled to exemption, which must be narrowly construed and read in conjunction with other code provisions).

7. It has been held that mortgage recording taxes are exempt only for debtor refinancing under a plan confirmed, not for a purchaser's mortgage financing for purchases from a debtor's estate. See In re Amsterdam Ave. Dev. Associates, 103 B.R. 454 (Bankr. S.D.N.Y. 1989).

8. In Amsterdam Avenue, the court concluded that the mortgage obtained by the purchaser was not exempt from mortgage recording tax. Id. Amsterdam Avenue carefully reviewed Second Circuit precedent, the legislative history of then section 1146(c) and the United States Supreme Court's warning in California State Bd. of Equalization v. Sierra Summit, Inc., 490 U.S. 844, 109 S. Ct. 2228, 2234, 104 L.Ed. 2d 910 (1989) that "[a] court must proceed carefully when asked to recognize an exemption from state taxation that Congress has not clearly expressed"; see In re Florida Dep't of Revenue v. Picadilly Cafeteria, Inc., 128 S. Ct. 2326, 2338, 171 L.Ed2d 203, 219 (2008) (citing Sierra Summit).

9. Based on the foregoing, the City submits that any new money mortgage of a purchaser of property from the estate is not subject to the mortgage recording tax exemption of Section 1146 of the Bankruptcy Code.

10. In addition, to the extent that the City's Department of Finance has a claim for real property taxes against any of the Debtors, or the Water Board has a claim for water and sewer

charges, these charges are secured by statutory first position liens. The Plan and the Proposed Order should make clear that all real property taxes and charges and all water charges will be paid at closing.

WHEREFORE, the City respectfully requests that the proposed Plan not be confirmed and the proposed sale of the Properties not be approved, unless the Plan and the Proposed Order are amended or otherwise changed to address the issues raised herein, and that the Court grant such other and further relief as it finds to be just and warranted.

Dated:    New York, New York
          December 30, 2025

MURIEL GOODE-TRUFANT
CORPORATION COUNSEL OF THE
CITY OF NEW YORK

By:    /s/ Zachary B. Kass
       Zachary B. Kass
       Senior Counsel