WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                :

| | |
|---|---|
| **In re** | : **Chapter 11** |
| | : |
| **BROADWAY REALTY I CO., LLC, *et al.,*** | : **Case No. 25-11050 (DSJ)** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |

---------------------------------------------------------------X

## DECLARATION OF MATTHEW P. GOREN
## IN SUPPORT OF THE SALE TRANSACTIONAND
## CONFIRMATION OF THE DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN

I, Matthew P. Goren, declare and state as follows:

        1.        I am a partner at Weil, Gotshal & Manges LLP, counsel to the Debtors in

the above-captioned chapter 11 cases.

        2.        I submit this declaration in support of the Debtors' sale transaction with

Summit Gold, Inc. ("**Summit**") and confirmation of the Debtors' *First Amended Joint Chapter 11*

*Plan* [ECF No. 780].

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

3.      On October 1, 2025, the Bankruptcy Court for the Southern District of New York entered an order [ECF No. 571] (the "**Bidding Procedures Order**"), among other things, approving procedures in connection with the refinancing or sale (each, a "**Transaction**") of all or substantially all of the Debtors' portfolio of residential real estate properties (the "**Assets**").

4.      Pursuant to the Bidding Procedures Order, the Debtors held an auction on January 8, 2026 (the "**Auction**") for the sale of the Assets.

5.      Attached hereto are true and correct copies of:

i.      The rules for the Auction (the "**Auction Rules**"), as provided to each attendee, attached as **Exhibit A**;

ii.      The transcript from the Auction, attached as **Exhibit B**; and

iii.      Copies of the attendance sheets from the Auction, attached as **Exhibit C**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: January 13, 2026
       New York, New York

                    */s/* Matthew P. Goren
                    Matthew P. Goren

## Exhibit A

**Auction Rules**

**In re Broadway Realty 1 Co., LLC, et al.**[1]
**Ch. 11 Case No. 25-11050 (DSJ)**

**Auction Rules**

**January 8, 2026**

---

1. <u>Bidding Procedures Order and Auction Rules</u>.  The auction (the "**Auction**") and these rules (the "**Auction Rules**") are governed by the *Order (I) Approving Bidding Procedures, (II) Authorizing Debtors to Offer Stalking Horse Bid Protections, (III) Approving Assumption and Assignment Procedures, and (IV) Granting Related Relief* entered by the Bankruptcy Court on October 1, 2025 [ECF No. 571] (the "**Bidding Procedures Order**")[2] which is incorporated by reference herein.  In the event of an inconsistency between the Bidding Procedures Order and these Auction Rules, the Bidding Procedures Order shall govern.

2. **<u>Agreement to Abide by Auction Rules</u>.  It will be presumed that all Auction Attendees (as defined below) have read and familiarized themselves with these Auction Rules. By signing the sign-in sheet to enter Auction, all parties in attendance at the Auction agree they will conduct themselves in accordance with these Auction Rules and the Bidding Procedures Order.  Any party that does not agree to abide by these Auction Rules may not participate in or attend the Auction.**

3. <u>Auction Room and Bidding</u>.  The Auction will begin at 10:00 a.m. (prevailing Eastern Time) on January 8, 2026 in Conference Room 25A (the "**Main Auction Room**").  All bids in the Auction will be made in the Main Auction Room and received on an open basis, and all other Qualified Bidders participating in the Auction will be entitled to be present for all bidding with the understanding that the identity of each Qualified Bidder placing a bid at the Auction will be fully disclosed to all other Qualified Bidders participating in the Auction and that all material terms of a Qualified Bid submitted in response to any successive Bids made at the Auction will be disclosed to all other Qualified Bidders.

4. <u>Who May Attend the Auction</u>.  Only the Debtors, their representatives, Qualified Bidders, Flagstar Bank, N.A. ("**Flagstar**"), and the respective financial advisors and counsel of each of the foregoing may attend and observe the Auction (collectively, the "**Auction Attendees**"); <u>however</u>, only Qualified Bidders may submit a bid for the Debtors' Assets at the Auction, subject to satisfying the requirements set forth in the Bidding Procedures and any other limitations that may be reasonably imposed by the Debtors in accordance with

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number is 5426. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/BroadwayRealty. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2] Capitalized terms used but not defined herein have the respective meanings ascribed to them in the Bidding Procedures Order.

the Bidding Procedures. Other parties or members of the press are not permitted to attend the Auction. Every person present at the Auction shall wear name tags identifying such person's name and affiliation. The Debtors reserve the right to remove any participant from the Main Auction Room.

5.    <u>Self-Identification</u>. All Auction Attendees shall identify themselves to the Debtors upon the request of the Debtors, at any time, for the entire duration of the Auction.

6.    <u>Auction on the Record</u>. A court reporter will transcribe the proceedings of the Auction and produce a written transcript of the statements made on the record at the Auction. The Auction proceedings shall be "on the record" unless the Debtors, in their exercise of their reasonable business judgment, determine that it is necessary to pause the proceedings, at which point the statements made amongst the Auction Attendees will be "off the record" until the Debtors announce that the Auction proceedings have resumed and are back "on the record." The Debtors will provide to the court reporter all names and affiliations in relation with all appearances at the Auction and such appearances will be part of the record.

7.    <u>Collusion Prohibited</u>. Pursuant to 18 U.S.C. §§ 156 and 157, Qualified Bidders and their representatives may not communicate, collude or otherwise coordinate with any other Qualified Bidders or their respective representatives for purposes of participating in the Auction except as authorized by the Debtors. Any party found to be in violation of this requirement will be referred to the Office of the United States Trustee for the Department of Justice and the Office of the United States Attorney for the Southern District of New York in accordance with applicable law. Each bidder participating in the Auction may be required to confirm in writing and on the record at the Auction that it has not engaged in any collusion with respect to the submission of any bid at the Auction. **Any bid placed at the Auction represents a binding, good faith, and bona fide offer to purchase the Debtors' Assets identified in such bid if selected as the Successful Bidder or Back-Up Bidder.**

8.    <u>Confidentiality</u>. **All Auction Attendees must keep the proceedings and results of the Auction confidential until the Debtors have closed the Auction.** Auction Attendees may speak with clients or parties necessary to place or increase a bid or as is otherwise appropriate, but all Auction Attendees shall notify any such parties, including clients or other third-parties, of the confidentiality restriction.

9.    <u>Auction Process</u>. The Auction shall proceed as follows:

   a.   At the commencement of the Auction, the Debtors will confirm that all Auction Attendees have read and agree to abide by the Auction Rules.

   b.   The Stalking Horse Agreement is the Initial Highest Bid for the Debtors' Assets subject to the Auction.

   c.   The Debtors will request the other Qualified Bidders for the Debtors' Assets to submit a bid, if they desire to do so. Any Qualified Bidder wishing to submit a bid shall do so on the record.

    d.  Each Qualified Bidder placing a bid at the Auction will be required to identify the material terms of the bid, including the following, on the record at the Auction:

        i.  The Purchase Price to be paid, specifying the aggregate amount of cash and other consideration being offered, and with respect to a Bid for acquiring two or more Assets, the allocation of Purchase Price between the Assets;

        ii.  Confirmation of the form of Asset Purchase Agreement pursuant to which the bid is being made and is subject (including any modifications to the form of Asset Purchase Agreement, or Exhibits, Annexes or Schedules thereto, from the form of Asset Purchase Agreement previously submitted or agreed to by such party), and that the Qualified Bidder agrees to be bound by the terms of such form of Asset Purchase Agreement with respect to such bid;

        iii.  Any changes to any liabilities of the Debtors (in particular, any post-petition accounts payable) that the Qualified Bidder agrees to assume and desired Assigned Contracts;

        iv.  A statement affirming that the Qualified Bidder agrees to assume all existing tenant leases at the applicable Asset(s) subject to all applicable regulatory restrictions;

        v.  A statement affirming that the Qualified Bidder has the financial wherewithal to consummate the bid and, to the extent the funds currently deposited in the deposit escrow account by such Qualified Bidder are presently less than ten percent (10%) of the purchase price, that the Qualified Bidder will send via wire appropriate funds to the deposit escrow account not later than the next business day following conclusion of the Auction;

        vi.  A statement affirming that the Qualified Bidder has not colluded or coordinated with any other Qualified Bidder in placing the bid or in the Auction, without permission from the Debtors; and

        vii.  A statement affirming that the Qualified Bidder has complied with the Auction Rules and Bidding Procedures Order in placing its bid, and that the bid is formal, binding, and unconditional, is not subject to any further due diligence or financing contingency, and is irrevocable until the Debtors notify the Qualified Bidder that such bid is not a Successful Bid or a Back-Up Bid, or until the first business day after the close of the Sale Transaction.

    e.  The Debtors may, in their sole discretion, in the exercise of their reasonable business judgment, pause the Auction proceedings and go off the record (including to breakout rooms) if they deem appropriate to evaluate bids. The Debtors shall determine whether any bid submitted is a higher or otherwise better bid than the current leading bid and shall announce the same on the record.

    f.  The Debtors shall announce on the record the terms of any accepted overbid.

g.    Each Qualified Bidder will be permitted an appropriate amount of time to respond to the previous bid, as reasonably determined by the Debtors in their sole discretion.

h.    The Debtors may, from time to time and in their reasonable business judgment, provide any Qualified Bidder with comments or suggested terms for a bid, including, without limitation, contract term modifications.

i.    The Debtors will repeat this process until such time as the highest or otherwise best Qualified Bid for the Debtors' Assets is determined in the business judgment of the Debtors and upon the joint recommendation of the CROs. Upon such determination, the Debtors shall announce on the record that they have determined in their business judgment that they have received the highest or otherwise best Qualified Bid for the applicable Assets as the successful bid (a "**Successful Bid**" and the bidder submitting such bid, a "**Successful Bidder**"). The Debtors may also identify a Qualified Bidder that submitted the next highest or otherwise best Qualified Bid as a back-up bid (a "**Back-Up Bid**" and the bidder submitting such bid, a "**Back-Up Bidder**").

j.    At any time before the designation of a Successful Bid and Back-Up Bid, if any, the Debtors reserve the right to and may reject such Qualified Bid(s) if such Qualified Bid(s), in the Debtors' reasonable judgment, is/are: (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Transaction, or (iii) contrary to the best interests of the Debtors and their estates.

k.    The Debtors may elect, in their reasonable business judgment, to announce all results jointly at the end of the Auction.

l.    Within one (1) business day after the Auction, each Successful Bidder shall submit to the Debtors and Flagstar fully executed documentation memorializing the terms of the Successful Bid such Successful Bidder submitted.

10.    <u>Adjournments</u>. To facilitate a deliberate and orderly consideration of competing Qualified Bids, the Debtors, in their reasonable business judgment, may adjourn the Auction at any time and from time to time by statement on the record.

11.    <u>Modification or Supplementation of Auction Rules</u>. The Debtors reserve the right, in their reasonable business judgment, in a manner consistent with their fiduciary duties and applicable law, to modify or supplement any part of these Auction Rules to promote the goals of the Auction and obtain the highest or otherwise best value for the Debtors' estates or for any other valid business justification as determined by the Debtors. Any such supplement or modification to these Auction Rules at the Auction shall be stated on the record and shall be as binding on all Auction Attendees as these Auction Rules. Any Auction Attendee that does not agree to abide by such supplemental or modified rules may not participate in or attend the Auction.

12.    <u>Procedures for Increasing or Placing Deposits</u>. To the extent applicable, and subject to the Bidding Procedures, Qualified Bidders must be prepared to wire additional funds to the

designated deposit escrow account if they intend to increase the cash purchase price in their bid(s) at the Auction.  The Debtors retain the discretion to allow Qualified Bidders to place (or prohibit Qualified Bidders from placing) additional bids on the Debtors' Assets without increasing or placing additional deposit amounts.  If the deposit falls below the deposit requirement set forth in the Bidding Procedures, such Qualified Bidder shall increase or place its additional deposit so as to bring it into compliance with the Bidding Procedures no later than one (1) business day following the Auction.

13.  <u>Reservation of Rights</u>.  Nothing in the Bidding Procedures Order, the Bidding Procedures, or these Auction Rules shall obligate the Debtors to consummate or pursue any transaction with respect to any bid.

14.  <u>Consent to Jurisdiction and Authority as Condition to Bidding</u>.  The Bankruptcy Court has retained jurisdiction over any disputes arising under the Bidding Procedures, including disputes relating to the Auction.  All Qualified Bidders (including the Stalking Horse Bidder) participating in the bidding process shall be deemed to have (i) consented to the core jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way related to the Bidding Procedures, the bid process, the Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to the Sale Transaction; (ii) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the bid process, the Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to the Sale Transaction; and (iii) consented to the entry of a final order or judgment in any way related to the Bidding Procedures, the bid process, the Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to the Sale Transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

**<u>Exhibit B</u>**

**Auction Transcript**

Page 1

1          IN RE BROADWAY REALTY I CO., LLC, et al.

2            CHAPTER 11, CASE NO. 25-11050 (DSJ)

3               AUCTION DATE JANUARY 8, 2026

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    COURT REPORTER:   JOMANNA DEROSA/VERITEXT

25

Page 2

```
 1   A P P E A R A N C E S

 2

 3   WEIL, GOTSHAL & MANGES

 4   BY:  GARRETT FAIL, ESQ.

 5        MATTHEW GOREN, ESQ.

 6        THOMAS HENRY, ESQ.

 7        GAVIN WESTERMAN, ESQ.

 8        PHILIP DIDONATO, ESQ.

 9   767 Fifth Avenue

10   New York, New York 10153-0119

11   (212)310-8451

12

13

14

15

16

17   ALSO PRESENT:

18        AARON JUNGREIS

19        Representing Triboro York

20

21

22

23

24

25
```

Page 3

1                     A U C T I O N

2              MR. FAIL:  Good afternoon, everybody.

3    My name is Garrett Fail.  I'm a partner at Weil

4    Gotshal and Manges.  We're here in Weil's offices in

5    New York for an auction to be conducted by Broadway

6    Realty I Co., LLC and its affiliated Debtors and

7    their chapter 11 case pending in the Southern

8    District of New York.  It is 4:46 p.m. (Eastern Time)

9    and we're conducting the start of this Auction after

10   parties have been here patiently, and we thank them

11   very, very much for their patience, since beginning

12   around 8:30 this morning.

13              Please note the Auction is being

14   conducted on the record.  It's being transcribed by a

15   court reporter.  It's important that only one person

16   speak at a time.  If someone is speaking, please

17   identify yourself, speak loudly so the court reporter

18   can accurately transcribe this Auction.

19              Is everybody able to hear me?  All

20   right.  Thank you very much.

21              Present today are my colleagues from

22   Weil Gotshal, the Debtors' advisors from Eastdil and

23   FTI, the company's chief restructuring officers, and

24   members of the company's management team.  Also

25   present are representatives from the Debtors' secured

Page 4

1    lender, their attorneys, and their financial

2    advisors.  Multiple parties that were participating

3    as bidders in the Auction have been here all day and

4    we appreciate it and thank them.

5              The Auction that is going to be

6    conducted today is being conducted pursuant to the

7    Bidding Procedures that were approved in these cases

8    on October 1st, 2025.  It's at Docket No. 571 on the

9    chapter 11 case docket.  It's also being conducted

10   pursuant to Auction Rules, which were distributed to

11   all Qualified Bidders and to the Debtors secured

12   lenders and are being made part of this Auction

13   record.

14             We assume everybody's familiarity with

15   those procedures and with the court orders.  By

16   continuing to participate, we assume your consent and

17   will be bound by those rules and procedures.

18             Coming into this Auction, the Debtors

19   have selected, after consultation with Flagstar, that

20   the highest and best bid for the assets being sold

21   are those -- the highest and best bid is the bid

22   presented by the Stalking Horse Bidder.

23             Throughout the day, the Debtors and

24   their advisors have had consultation with multiple

25   bidding parties, received informal proposals from

Page 5

1   various parties, solicited feedback and consulted

2   with the secured lender with respect to them, and

3   gone back and delivered feedback to those parties.

4   The decision to announce the Stalking Horse Bidder as

5   the highest and best to start this Auction is based

6   on formal bids that have been received to date.

7         At this point, I'm prepared to open up

8   the Auction to see if any other party would like to

9   submit a higher or better offer that the Debtor

10  should consider.  They ask that if anybody would like

11  to, please come up and then do so on the record.  If

12  they do, we can go through the items that they need

13  to state on the record.

14        One party would like to come up, if you

15  would, we'd appreciate that.

16        I would ask that you state your name for

17  the record and spell it, if it's necessary, when you

18  get up to here, for the court reporter, the name of

19  the entity that you're bidding for and representing,

20  the purchase price, and other details regarding the

21  bid.  And if you miss anything that's required by the

22  Bidding Procedures, I might ask you some follow-up

23  questions.  Thank you.

24        MR. JUNGREIS:  Sure.  Thank you.

25        Okay.  The bidding entity is Triboro

Page 6

1    York, LLC.  The bid number is $465 million.  Aaron

2    Jungreis, and the terms are subject to the city

3    granting us an Article 11, and a deposit.  The

4    deposit remains at 10 million and it would also be

5    subject to Flagstar giving us a 75 percent mortgage

6    at five and a quarter percent and the rate would

7    be -- it would be a term of five years.  It would be

8    interest only, also.  Thank you.  Is there anything

9    else?

10              MR. FAIL:  Thank you.  So are there --

11   are the other -- are there any other terms of your

12   bid today and on this record consistent with the bid

13   that you submitted, other than the ones that you've

14   just announced now?  In other words, the form of

15   contract that you've submitted.

16              MR. JUNGREIS:  I don't think they

17   submitted it.

18              MR. FAIL:  You didn't submit a contract.

19   So are you prepared to accept the --

20              MR. JUNGREIS:  Oh wait, we did submit a

21   contract.  Yeah, we did.

22              MR. FAIL:  So the terms of the contract

23   that you're -- the terms of the bid that you're

24   putting on the record now are set forth in that

25   contract; otherwise, as amended here by your

Page 7

1   statements?

2             MR. JUNGREIS:  Yes.

3             MR. FAIL:  Okay.  Okay, so I appreciate

4   that, and if you give me one minute, I'll just

5   consult with Flagstar.

6             MR. JUNGREIS:  Great.

7             MR. FAIL:  We thank the bidder for their

8   participation today and for that -- for that offer.

9   After consultation with Flagstar and the CROs

10  throughout the day, the Debtors have considered that

11  proposal and do not view it as a higher or better

12  offer.  The bid as stated is contingent upon, among

13  other things, Flagstar financing, which has not been

14  agreed to, and receipt of Article 11 for all of the

15  Debtors' properties covering over 5,000 units and 80

16  to 90 buildings.  The time period for the approval of

17  Article 11 is uncertain.  The granting and receipt of

18  Article 11 protections is uncertain.  The time by

19  which certainty could be achieved extends beyond the

20  time within which the Debtors have to operate under

21  their current Cash Collateral Order and, for those

22  and other reasons that were considered by the chief

23  restructuring officers and after consultation with

24  Flagstar, that bid is not determined to be a higher

25  or better offer.

Page 8

1          I'll ask now if there are any other

2    parties that would like to submit a bid that may be

3    higher or better than the Stalking Horse Bid?

4          Okay.  Hearing none, I'll give one more

5    opportunity for parties in the room or online to make

6    a bid that is higher or better than the Stalking

7    Horse Bid.

8          Hearing none, it's 4:54 p.m. (Eastern

9    Time) and we are prepared to declare the Stalking

10   Horse Bidder the highest and best and winning bid in

11   the Auction.  The Debtors reserve the right to

12   designate a backup bidder, but will not be doing so

13   at this time.

14          Debtors and their professionals thank

15   all attendees and participants for their time, their

16   patience, for the productivity that we had today in

17   this Auction.  Does anybody have any questions before

18   we close?

19          Hearing none, this Auction is adjourned,

20   thank you.

21

22          (Whereupon, the Auction was concluded at

23   4:55 p.m.)

24

25

Page 9

CERTIFICATE

1

2

3

4          I, JOMANNA DEROSA, a Certified Court

5      Reporter and Notary Public of the State of New

6      Jersey, do hereby certify that the foregoing is a

7       true and accurate transcript of the proceedings as

8        taken stenographically and digitally at the time,

9    place and on the date hereinbefore set forth, to the

10                     best of my ability.

11

12

13          I DO FURTHER CERTIFY that I am neither a

14    relative nor employee nor attorney nor Counsel of any

15    of the parties to this action, and that I am neither

16    a relative nor employee of such attorney or Counsel,

17      and that I am not financially interested in the

18                         action.

19

20

21

22        JOMANNA DEROSA, C.C.R.

                       License No. 30XI00188500

23                     Notary Public of the

                       State of New Jersey

24

25

**[& - conducting]**                                                Page 1

| & | 8 | approved 4:7 | bidding 4:7,25 |
|---|---|---|---|
| **&** 2:3 | **8** 1:3 | **article** 6:3 7:14 | 5:19,22,25 |
| **1** | **80** 7:15 | 7:17,18 | **bids** 5:6 |
|  | **8:30** 3:12 | **assets** 4:20 | **bound** 4:17 |
| **10** 6:4 | **9** | **assume** 4:14,16 | **broadway** 1:1 |
| **10153-0119** |  | **attendees** 8:15 | 3:5 |
| 2:10 | **90** 7:16 | **attorney** 9:14 | **buildings** 7:16 |
| **11** 1:2 3:7 4:9 | **a** | 9:16 | **c** |
| 6:3 7:14,17,18 |  | **attorneys** 4:1 |  |
| **1st** 4:8 | **aaron** 2:18 6:1 | **auction** 1:3 3:5 | **c** 2:1 3:1 |
| **2** | **ability** 9:10 | 3:9,13,18 4:3,5 | **c.c.r.** 9:22 |
|  | **able** 3:19 | 4:10,12,18 5:5 | **case** 1:2 3:7 4:9 |
| **2025** 4:8 | **accept** 6:19 | 5:8 8:11,17,19 | **cases** 4:7 |
| **2026** 1:3 | **accurate** 9:7 | 8:22 | **cash** 7:21 |
| **212** 2:11 | **accurately** 3:18 | **avenue** 2:9 | **certainty** 7:19 |
| **25-11050** 1:2 | **achieved** 7:19 | **b** | **certificate** 9:1 |
| **3** | **action** 9:15,18 |  | **certified** 9:4 |
|  | **adjourned** 8:19 | **back** 5:3 | **certify** 9:6,13 |
| **30xi00188500** | **advisors** 3:22 | **backup** 8:12 | **chapter** 1:2 3:7 |
| 9:22 | 4:2,24 | **based** 5:5 | 4:9 |
| **310-8451** 2:11 | **affiliated** 3:6 | **beginning** 3:11 | **chief** 3:23 7:22 |
| **4** | **afternoon** 3:2 | **best** 4:20,21 5:5 | **city** 6:2 |
|  | **agreed** 7:14 | 8:10 9:10 | **close** 8:18 |
| **465** 6:1 | **al** 1:1 | **better** 5:9 7:11 | **collateral** 7:21 |
| **4656** 9:21 | **amended** 6:25 | 7:25 8:3,6 | **colleagues** 3:21 |
| **4:46** 3:8 | **announce** 5:4 | **beyond** 7:19 | **come** 5:11,14 |
| **4:54** 8:8 | **announced** | **bid** 4:20,21,21 | **coming** 4:18 |
| **4:55** 8:23 | 6:14 | 5:21 6:1,12,12 | **company's** |
| **5** | **anybody** 5:10 | 6:23 7:12,24 | 3:23,24 |
|  | 8:17 | 8:2,3,6,7,10 | **concluded** 8:22 |
| **5,000** 7:15 | **appreciate** 4:4 | **bidder** 4:22 5:4 | **conducted** 3:5 |
| **571** 4:8 | 5:15 7:3 | 7:7 8:10,12 | 3:14 4:6,6,9 |
| **7** | **approval** 7:16 | **bidders** 4:3,11 | **conducting** 3:9 |
|  |  |  |  |
| **75** 6:5 |  |  |  |
| **767** 2:9 |  |  |  |

[consent - lenders]                                                            Page 2

consent   4:16
consider   5:10
considered
  7:10,22
consistent   6:12
consult   7:5
consultation
  4:19,24 7:9,23
consulted   5:1
contingent   7:12
continuing
  4:16
contract   6:15
  6:18,21,22,25
counsel   9:14,16
court   1:24 3:15
  3:17 4:15 5:18
  9:4
covering   7:15
cros   7:9
current   7:21

d

date   1:3 5:6 9:9
day   4:3,23 7:10
debtor   5:9
debtors   3:6,22
  3:25 4:11,18
  4:23 7:10,15
  7:20 8:11,14
decision   5:4
declare   8:9
delivered   5:3

deposit   6:3,4
derosa   1:24 9:4
  9:22
designate   8:12
details   5:20
determined
  7:24
didonato   2:8
digitally   9:8
distributed
  4:10
district   3:8
docket   4:8,9
doing   8:12
dsj   1:2

e

e   2:1,1
eastdil   3:22
eastern   3:8 8:8
employee   9:14
  9:16
entity   5:19,25
esq   2:4,5,6,7,8
et   1:1
everybody   3:2
  3:19
everybody's
  4:14
extends   7:19

f

fail   2:4 3:2,3
  6:10,18,22 7:3
  7:7

familiarity
  4:14
feedback   5:1,3
fifth   2:9
financial   4:1
financially   9:17
financing   7:13
five   6:6,7
flagstar   4:19
  6:5 7:5,9,13,24
follow   5:22
foregoing   9:6
form   6:14
formal   5:6
forth   6:24 9:9
fti   3:23
further   9:13

g

garrett   2:4 3:3
gavin   2:7
give   7:4 8:4
giving   6:5
go   5:12
going   4:5
good   3:2
goren   2:5
gotshal   2:3 3:4
  3:22
granting   6:3
  7:17
great   7:6

h

hear   3:19
hearing   8:4,8
  8:19
henry   2:6
hereinbefore
  9:9
higher   5:9 7:11
  7:24 8:3,6
highest   4:20,21
  5:5 8:10
horse   4:22 5:4
  8:3,7,10

i

identify   3:17
important   3:15
informal   4:25
interest   6:8
interested   9:17
items   5:12

j

january   1:3
jersey   9:6,23
jomanna   1:24
  9:4,22
jungreis   2:18
  5:24 6:2,16,20
  7:2,6

l

lender   4:1 5:2
lenders   4:12

**[license - reserve]**                                                        Page 3

| | | | |
|---|---|---|---|
| **license**  9:22 | **offer**  5:9 7:8,12 | **party**  5:8,14 | **purchase**  5:20 |
| **llc**  1:1 3:6 6:1 | 7:25 | **patience**  3:11 | **pursuant**  4:6 |
| **loudly**  3:17 | **officers**  3:23 | 8:16 | 4:10 |
| **m** | 7:23 | **patiently**  3:10 | **putting**  6:24 |
| **made**  4:12 | **offices**  3:4 | **pending**  3:7 | **q** |
| **make**  8:5 | **oh**  6:20 | **percent**  6:5,6 | **qualified**  4:11 |
| **management** | **okay**  5:25 7:3,3 | **period**  7:16 | **quarter**  6:6 |
| 3:24 | 8:4 | **person**  3:15 | **questions**  5:23 |
| **manges**  2:3 3:4 | **ones**  6:13 | **philip**  2:8 | 8:17 |
| **matthew**  2:5 | **online**  8:5 | **place**  9:9 | **r** |
| **members**  3:24 | **open**  5:7 | **please**  3:13,16 | **r**  2:1 |
| **million**  6:1,4 | **operate**  7:20 | 5:11 | **rate**  6:6 |
| **minute**  7:4 | **opportunity** | **point**  5:7 | **realty**  1:1 3:6 |
| **morning**  3:12 | 8:5 | **prepared**  5:7 | **reasons**  7:22 |
| **mortgage**  6:5 | **order**  7:21 | 6:19 8:9 | **receipt**  7:14,17 |
| **multiple**  4:2,24 | **orders**  4:15 | **present**  2:17 | **received**  4:25 |
| **n** | **p** | 3:21,25 | 5:6 |
| **n**  2:1 3:1 | **p**  2:1,1 | **presented**  4:22 | **record**  3:14 |
| **name**  3:3 5:16 | **p.m.**  3:8 8:8,23 | **price**  5:20 | 4:13 5:11,13 |
| 5:18 | **part**  4:12 | **procedures**  4:7 | 5:17 6:12,24 |
| **necessary**  5:17 | **participants** | 4:15,17 5:22 | **regarding**  5:20 |
| **need**  5:12 | 8:15 | **proceedings** | **relative**  9:14,16 |
| **neither**  9:13,15 | **participate** | 9:7 | **remains**  6:4 |
| **new**  2:10,10 3:5 | 4:16 | **productivity** | **reporter**  1:24 |
| 3:8 9:5,23 | **participating** | 8:16 | 3:15,17 5:18 |
| **notary**  9:5,23 | 4:2 | **professionals** | 9:5 |
| **note**  3:13 | **participation** | 8:14 | **representatives** |
| **number**  6:1 | 7:8 | **properties**  7:15 | 3:25 |
| **o** | **parties**  3:10 4:2 | **proposal**  7:11 | **representing** |
| **o**  3:1 | 4:25 5:1,3 8:2 | **proposals**  4:25 | 2:19 5:19 |
| **october**  4:8 | 8:5 9:15 | **protections** | **required**  5:21 |
| | **partner**  3:3 | 7:18 | **reserve**  8:11 |
| | | **public**  9:5,23 | |

**[respect - york]**                                                    Page 4

| | | |
|---|---|---|
| respect  5:2 | submitted  6:13 | under  7:20 |
| restructuring | 6:15,17 | units  7:15 |
| 3:23 7:23 | sure  5:24 | **v** |
| right  3:20 8:11 | **t** | various  5:1 |
| room  8:5 | t  3:1 | veritext  1:24 |
| rules  4:10,17 | taken  9:8 | view  7:11 |
| **s** | team  3:24 | **w** |
| s  2:1 | term  6:7 | wait  6:20 |
| secured  3:25 | terms  6:2,11,22 | weil  2:3 3:3,22 |
| 4:11 5:2 | 6:23 | weil's  3:4 |
| see  5:8 | thank  3:10,20 | westerman  2:7 |
| selected  4:19 | 4:4 5:23,24 6:8 | winning  8:10 |
| set  6:24 9:9 | 6:10 7:7 8:14 | words  6:14 |
| signature  9:21 | 8:20 | **y** |
| sold  4:20 | things  7:13 | yeah  6:21 |
| solicited  5:1 | think  6:16 | years  6:7 |
| southern  3:7 | thomas  2:6 | york  2:10,10,19 |
| speak  3:16,17 | time  3:8,16 | 3:5,8 6:1 |
| speaking  3:16 | 7:16,18,20 8:9 | |
| spell  5:17 | 8:13,15 9:8 | |
| stalking  4:22 | today  3:21 4:6 | |
| 5:4 8:3,6,9 | 6:12 7:8 8:16 | |
| start  3:9 5:5 | transcribe  3:18 | |
| state  5:13,16 | transcribed | |
| 9:5,23 | 3:14 | |
| stated  7:12 | transcript  9:7 | |
| statements  7:1 | triboro  2:19 | |
| stenographic... | 5:25 | |
| 9:8 | true  9:7 | |
| subject  6:2,5 | **u** | |
| submit  5:9 6:18 | u  3:1 | |
| 6:20 8:2 | uncertain  7:17 | |
| | 7:18 | |

**<u>Exhibit C</u>**

**Auction Attendance Sheets**

# BROADWAY REALTY I AUCTION – JANUARY 8, 2026 – Attendees List

## Auction Attendee Registration Form

### Please sign the form next to your name below

| | By signing the below you acknowledge and agree to abide by the Auctions Rules and the Bidding Procedures (ECF No. 571) | | | |
|---|---|---|---|---|
| # | Parties | Name | Conference Room | Signature |
| (1) | Ankura | Camille Linton | 25T | |
| (2) | Ankura | Roy Gallagher | 25T | |
| (3) | Ankura | John Baugher | 25T | |
| (4) | Arbel Capital (associate to co-CRO) | Daniel Sasson | 25B | |
| (5) | Arbel Capital (co-CRO) | Ephriam Diamond | 25B | |
| (6) | Arkview Capital | Pavel Chernyshov | 25F | |
| (7) | Arkview Capital | Vijay Mehta | 25F | |
| (8) | Eastdil Secured | Daniel Parker | 25B | |
| (9) | Eastdil Secured | William Silverman | 25B | |
| (10) | Eastdil Secured | Gary Phillips | 25B | |
| (11) | Eastdil Secured | Tanner Harris | 25B | |
| (12) | Eastdil Secured | Brennan Bicknese | 25B | |

| | By signing the below you acknowledge and agree to abide by the Auctions Rules and the Bidding Procedures (ECF No. 571) | | | |
|------|----------------------------|--------------------|-----|---|
| (13) | Flagstar | Bill Fitzgerald | 25T | |
| (14) | Flagstar | Mitch Baffa | 25T | |
| (15) | Flagstar | Ben Gialenios | 25T | |
| (16) | FTI Consulting, Inc | Cynthia Romano | 25B | |
| (17) | FTI Consulting, Inc | Molly Jobe | 25B | |
| (18) | FTI Consulting, Inc | Jeremy Gittelman | 25B | |
| (19) | HFNY | Avi Singer | 25O | |
| (20) | HFNY | Sam Stein | 25O | |
| (21) | Paul Hastings | Brett Lawrence | 25R | |
| (22) | Paul Hastings | Shlomo Maza | 25T | |
| (23) | Pinnacle Management Co | Neil Weiner | 25N | |
| (24) | Pinnacle Management Co | Darren Landy | 25N | |
| (25) | Pinnacle Management Co | Moshe Weinberger | 25N | |
| (26) | Pinnacle Management Co. | Adam Kaplan | 25N | |
| (27) | Shun Li | Tina Shing Li Lai | 25E | |
| (28) | Summit | Ori Levy | 25K | |
| (29) | Summit | Zohar Levy | 25K | |

WEIL\101022842\2\67837.0004

**By signing the below you acknowledge and agree to abide by the Auctions Rules and the Bidding Procedures (ECF No. 571)**

| | | | | |
|---|---|---|---|---|
| (30) | Summit | Amir Cohen | 25K | |
| (31) | Summit | Michael Friedman | 25K | |
| (32) | Triboro York | Moshe Greenzweig | 25P | |
| (33) | Triboro York | Joel Weinberger | 25P | |
| (34) | Triboro York | Aaron Jungreis | 25P | |
| (35) | Triboro York | Israel Weinberger | 25P | |
| (36) | Veritext (Court Reporter) | Jomanna DeRosa | 25S | |
| (37) | Weil, Gotshal & Manges | Gary Holtzer | 25B | |
| (38) | Weil, Gotshal & Manges | Garrett Fail | 25B | |
| (39) | Weil, Gotshal & Manges | Matt Goren | 25B | |
| (40) | Weil, Gotshal & Manges | Tom Henry | 25B | |
| (41) | Weil, Gotshal & Manges | Gavin Westerman | 25B | |
| (42) | Weil, Gotshal & Manges | Phil DiDonato | 25B | |
| (43) | Weil, Gotshal & Manges | Ilana Bier | 25B | |
| (44) | Weil, Gotshal & Manges | Dorothy Coco | 25B | |
| (45) | Weil, Gotshal & Manges | Jillian Ingrisano | 25B | |

WEIL\101022842\2\67837.0004

| | By signing the below you acknowledge and agree to abide by the Auctions Rules and the Bidding Procedures (ECF No. 571) | | | |
|---|---|---|---|---|
| (46) | Weil, Gotshal & Manges | Molly Newcomb | 25B | |
| (47) | Weil, Gotshal & Manges | Abe Rosen | 25B | |
| (48) | Weil, Gotshal & Manges | Ellie Greenberger | 25B | |
| (49) | Pinnacle Mgmt Co | Ari Hirschfeld | 25N | |
| (50) | ~~Lebrag~~ | ~~Chad Sabellano~~ | | |
| (51) | | | | |
| (52) | | | | |
| (53) | | | | |
| (54) | | | | |
| (55) | | | | |
| (56) | | | | |
| (57) | | | | |
| (58) | | | | |
| (59) | | | | |
| (60) | | | | |
| (61) | | | | |

WEIL\101022842\2\67837.0004