**CHAPMAN**
**Focused on Finance**

Michael Friedman
Partner

Chapman and Cutler LLP
1270 Avenue of the Americas
30th Floor
New York, New York 10020

<u>**MEMORANDUM ENDORSED ORDER**</u>

January 13, 2026

Request approved for reasons stated in this letter application, particularly in light of the consents received.

So ordered.

Judge David S. Jones
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Dated: 1/14/2026            *s/ DSJ*, USBJ

Re: *In re: Broadway Realty I Co., LLC et al.* Case No. 25-11050 (DSJ)

Dear Judge Jones:

We are counsel to Summit Gold Inc. ("Summit"), the Successful Bidder as selected by the Debtors in the above-referenced action. As part of the plan confirmation hearing scheduled for January 15, 2026 (the "Confirmation Hearing"), the Debtors have submitted testimony via the declaration of Zohar Levy, authorized representative for Summit, in support of Summit's selection as the Successful Bidder[1] and in support of entry of an order confirming the Debtors' proposed First Amended Joint Chapter 11 Plan, dated December 1, 2025 [ECF No. 780].

We write pursuant to Federal Rule of Civil Procedure 43(a), made applicable by Bankruptcy Rule 9017, to request the Court permit Mr. Levy to appear remotely at the Confirmation Hearing for any further examination in light of his declaration. Prior to submitting this request, we reached out to the Debtors, Flagstar Bank, N.A. ("Flagstar"), the City of New York, and the Office of the United States Trustee, as well as all other parties who filed in support of or opposition to plan confirmation or sale approval. As of the date of this request, the following parties: (i) The City of New York, (ii) Flagstar, (iii) the Debtors, (iv) the Tenants represented by Patterson Belknap Webb & Tyler LLP, and (v) the Brooklyn Tenants represented by Morrison & Foerster LLP have all consented to Mr. Levy's remote appearance, and no party has objected to Mr. Levy's remote appearance. We have not yet received a response from the Joint Tenant Union represented by the Legal Aid Society.

Rule 43(a) announces a preference for in-person testimony but places the decision in the Court's discretion, specifically authorizing remote testimony upon a showing of "good cause" and "appropriate safeguards." Fed. R. Civ. P. 43(a); *see also Rodriguez v. Gusman,* 974 F.3d 108, 114 (2d Cir. 2020). The primary reason that in-person testimony is the default method is to enable effective cross-examination. *Rodriguez*, 974 F.3d at 114. As such, when adverse parties consent

---

[1]   Unless otherwise indicated, capitalized terms herein shall have the meaning ascribed to them in the *Order (I) Approving Bidding Procedures, (II) Authorizing Debtors to Offer Stalking Horse Bid Protections, (III) Approving Assumption and Assignment Procedures, and (IV) Granting Related Relief* [ECF No. 571].



to remote testimony Courts frequently defer to that agreement.  *See e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (JGK), 2022 WL 17156623, at *1 (S.D.N.Y. Nov. 21, 2022) ("Triadou does not oppose the application to transmit the testimony of John Hargett from a remote location, and that application is therefore granted.").  The Advisory Committee's notes to the 1996 Amendment to Rule 43 embody this view: "[g]ood cause and compelling circumstances may be established with **relative ease if all parties agree that testimony should be presented by transmission**.") (emphasis added).

Summit submits that good cause exists under Rule 43(a) to permit Mr. Levy to appear remotely and that there will be appropriate safeguards for such testimony.  Mr. Levy is currently overseas on a trip to see his family, including children and grandchildren who live in Asia whom he only sees once or twice a year.  Requiring Mr. Levy to leave his family and travel to New York to testify in person would cause a substantial hardship, which should be weighed against the fact that Mr. Levy does not represent either the Debtors as movants nor a party objecting to plan confirmation.  That hardship, combined with the fact that every objecting party who responded to Summit's outreach consented to his remote testimony establishes good cause under Rule 43(a).[2] Moreover, Mr. Levy is already submitting a substantial portion of his testimony via declaration, which further mitigates any difficulties that might arise from his appearing remotely.

Further, appropriate safeguards will be in place for Mr. Levy's remote appearance.  Mr. Levy will be in fixed location with strong, reliable internet connection, in a private room where he will be the only person there.  He will also have the electronic equipment necessary to contemporaneously receive, review, and answer questions about any exhibits.

In light of foregoing and the consent of the parties in interest, Mr. Levy hereby requests that the Court grant him permission to testify remotely via zoom for the Confirmation Hearing on January 15, 2026.

CHAPMAN AND CUTLER LLP


By: /s/ Michael Friedman
Michael Friedman

Attorney for Summit Gold Inc.,
as Successful Bidder

---

[2] Should the Joint Tenant Union communicate an objection after the filing of this letter, Summit will update the Court accordingly.