January 14, 2026
Judge David S. Jones
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *In re: Broadway Realty I Co., LLC, et al.* Case No. 25-11050 (DSJ)

Dear Judge Jones:

      We are co-counsel to the Brooklyn Tenants[1], an interested party in these chapter 11 cases. As part of the plan confirmation hearing scheduled for January 15, 2026 (the "Confirmation Hearing"), the Brooklyn Tenants have submitted testimony via the declarations attached to the *Limited Objection of the Brooklyn Tenants to the Proposed Sale of the Debtors' Assets* [Docket No. 956] in support of an entry of an order conditioning the proposed sale on adequate assurances being provided to the Brooklyn Tenants under their leases.

      We write pursuant to Federal Rule of Civil Procedures 43(a), made applicable by Bankruptcy Rule 9017, to request the Court permit the Brooklyn Tenants to appear remotely at the confirmation hearing for any further examination in light of their declarations. Prior to submitting this request, our co-counsel, Morrison & Foerster LLP, reached out to the Debtors, Summit Gold Inc., Flagstar Bank, N.A., the City of New York, and the Office of the United States Trustee, as well as all other parties who filed in support of or opposition to plan confirmation or sale approval. As of the date of this request, the following parties consented to the Brooklyn Tenants remote appearance: (i) The Debtors; (ii) The City of New York; (iii) Summit Gold Inc.; and (iv) the Tenants represented by Patterson Belknap Webb & Tyler LLP. No party has objected to the Brooklyn Tenants remote appearance. We have not yet received response form the Joint Tenant Union represented by the Legal Aid Society.

      Rule 43(a) announces a preference for in-person testimony but places the decision in the Court's discretion, specifically authorizing remote testimony upon a showing of "good cause" and "appropriate safeguards." Fed. R. Civ. P. 43(a); *see also Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020).

      The Brooklyn Tenants submit that good cause exists under Rule 43(a) to permit the Brooklyn Tenants to appear remotely and that there will be appropriate safeguards for such

---

[1] Unless otherwise indicated, capitalized terms herein shall have the meaning ascribed to them in the *Limited Objection of the Brooklyn Tenants to the Proposed Sale* [Docket No. 956].

January 14, 2026
Page Two

testimony. Available members of the Brooklyn Tenants Candy Phillip and Nina Nelken are away from New York City on previously-arranged and immovable obligations. This hardship, combined with the fact that every objecting party who responded to the outreach consented to their remote testimony, establishes good cause under Rule 43(a).[2] Moreover, a substantial portion of Brooklyn Tenants testimony has already been submitted via declaration, which further mitigates any difficulties that might arise from appearing remotely.

    Further, appropriate safeguards will be in place for the Brooklyn Tenants' remote appearance. Each remote Brooklyn Tenants will be in a fixed location with strong, reliable internet, in a private room. They will have a copy of their declaration with them, so as to appropriately answer questions based upon their submission.

    In light of the foregoing and the consent of the parties in interest, the Brooklyn Tenants hereby request that the Court grant them permission to testify remotely via zoom for the Confirmation Hearing on January 15, 2026.

Dated: January 14, 2026
New York, New York

                                                            */s/ Parker Winship*
                                                            Parker Winship
                                                            Senior Staff Attorney
                                                           Tenant Rights Coalition
                                                           Brooklyn Legal Services
                                                           1709 St. Marks Avenue, 2nd Floor
                                                           Brooklyn, NY 11233

---

[2] Should any party communicate an objection after the filing of this letter, Brooklyn Legal Services will update the Court accordingly.