**Presentment Date and Time: February 11, 2026 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 10, 2026 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): To be Determined**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Garrett A. Fail
Matthew P. Goren
Philip L. DiDonato

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : Case No. 25-11050 (DSJ) |
|  | : |
| Debtors.[1] | : (Jointly Administered) |
|  | : |

----------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF DEBTORS'
## APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY
## SPENCER FANE LLP AS SUBSTITUTE CONFLICTS COUNSEL
## AND AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS

**PLEASE TAKE NOTICE** that Broadway Realty I Co., LLC and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), will present the *Debtors' Application for Authority to Retain and*

*Employ Spencer Fane LLP as Substitute Conflicts Counsel and as Special Real Estate Counsel to*

*the Debtors*, dated February 2, 2026 (the "**Application**") to the Honorable David S. Jones, United

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St, 12th Floor, New York, New York 10017.

States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York

(the "**Court**"), for signature on **February 11, 2026 at 10:00 a.m. (prevailing Eastern Time)**.  A

copy of the Application is attached hereto as <u>**Exhibit A**</u>.

> **PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the

Application is served and filed together with proof of service with the Clerk of the Court, and a

courtesy copy is delivered to the undersigned and to the chambers of the Honorable David S. Jones,

so as to be received by **February 10, 2026 at 4:00 p.m. (prevailing Eastern Time)**, there will

not be a hearing to consider the Application, and the Application may be signed and entered by

the Court.

> **PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely

filed and served with respect to the Application, a hearing will be held on a date **to be determined**

(the "**Hearing**") to consider the Application before the Court.

> **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: February 2, 2026
    New York, New York

>   /s/  *Gary T. Holtzer*
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone:  (212) 310-8000
> Facsimile:  (212) 310-8007
> Gary T. Holtzer
> Garrett A. Fail
> Matthew P. Goren
> Philip L. DiDonato
>
> *Attorneys for the Debtors*
> *and Debtors in Possession*

## Exhibit A

**Application**

SPENCER FANE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Substitute Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
 
                                                            :
**In re**                                                   :       **Chapter 11**
                                                            :
**BROADWAY REALTY I CO., LLC,** *et al.*,                   :       **Case No. 25-11050 (DSJ)**
                                                            :
                            **Debtors.**[1]                 :       **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY SPENCER FANE LLP AS SUBSTITUTE CONFLICTS COUNSEL AND AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, respectfully represent as follows in support of this amended application (the "**Application**"):

### Background

1.      On May 21, 2025, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Ephraim Diamond Pursuant to Local Bankruptcy Rule 1007-2 in Support of Debtors' Chapter 11 Petitions and First Day Relief* [ECF No. 10] (the "First Day Declaration").[2]

### Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.      By Order dated December 22, 2025, the Debtors were authorized to retain Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and special real estate counsel [ECF No. 908].

5.      The Debtors have been advised that, effective February 2, 2026, Golenbock has combined with Spencer Fane LLP ("**Spencer Fane**"), wherein all of the attorneys expected to provide services to the Debtors would now be employed by Spencer Fane. Accordingly, by this

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the First Day Declaration.

2

Application, pursuant to section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Debtors request entry of an order granting authority to retain and employ Spencer Fane to serve as their conflicts counsel and as their special real estate counsel in these chapter 11 cases in substitution of Golenbock.

6.      A proposed form of order approving Spencer Fane's retention and employment is annexed hereto as **Exhibit A** (the "**Proposed Order**").   In support of this Application, the Debtors submit (i) the declaration of Jonathan L. Flaxer, a partner of Spencer Fane, which is annexed hereto as **Exhibit B** (the "**Flaxer Declaration**"), and (ii) the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, which is attached hereto as **Exhibit C** (the "**Diamond Declaration**").

### Spencer Fane's Qualifications

7.      Spencer Fane has reviewed the case docket, read the "first day" filings and other significant filings appearing on the docket in order to familiarize itself with the Debtors' capital structure, the current condition of the Debtors' business, management, assets, and significant events in the Debtors' case.  It has thus gained the necessary background so that is generally familiar with the matters upon which it may be called upon to render legal services as conflicts counsel and special real estate counsel to the Debtors.

8.      The Debtors selected Spencer Fane to serve as conflicts counsel and special real estate counsel because of its extensive general experience and knowledge, including Spencer Fane's recognized expertise in the field of creditors' rights and the administration of cases under chapter 11 of the Bankruptcy Code.  In addition, as a general business-focused practice, in the

3

event that expertise in areas such as, by way of example, real estate, transactions or litigation are required, Spencer Fane possesses the required expertise and experience. Spencer Fane's legal services may become necessary in the event that actual or potential conflicts of interest prevent the Debtors' general bankruptcy counsel or other counsel from acting on behalf of the Debtors. In addition, Spencer Fane may be called upon to provide such other services as may be requested by Ephraim Diamond and David Barse, Co-Chief Restructuring Officers of the Debtors (the "**Co-CRO's**"), as applicable, including services in connection with the closing of potential real estate transactions. Spencer Fane's fee structure will result in cost savings for the Debtors, thereby reducing the administrative expenses incurred by the Debtors. Spencer Fane's real estate department in New York consists of seven full-time partners and associates, assisted by two "of counsel" attorneys, and possesses significant experience in representing clients in connection with the disposition of commercial and residential real estate.

9.      The Debtors have been informed that Jonathan L. Flaxer, a partner of Spencer Fane, as well as the other partners, counsel to, and associates of Spencer Fane who may be employed to render legal services in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.

10.     Accordingly, in and to the extent its services are required, Spencer Fane is both qualified and able to represent the Debtors as conflicts counsel and as special real estate counsel in these chapter 11 cases in an efficient and timely manner as instructed by the Co-CRO's.

## Spencer Fane's Disinterestedness

11.     To the best of the Debtors' knowledge, the members of, counsel to, and associates of Spencer Fane do not have any connection with or any interest adverse to the Debtors,

4

their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Flaxer Declaration.

12. Based upon the Flaxer Declaration, Spencer Fane is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtors has been informed that Spencer Fane will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Spencer Fane will supplement its disclosure to the Court accordingly.

## Professional Compensation

13. Should Spencer Fane be called upon to render legal services for the Debtors, Spencer Fane will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court (the "**Orders**"), in connection with any interim and final fee applications to be filed by Spencer Fane in these chapter 11 cases.[3]

---

[3] In this respect, Golenbock did not render any services to the Debtors other than in connection with its retention application, and thus will not be seeking any compensation from the Debtors relating to their retention.

5

14.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Spencer Fane for services rendered at Spencer Fane's customary hourly rates that are in effect from time to time, as set forth in the Flaxer Declaration, and to reimburse Spencer Fane according to its customary reimbursement policies.  The Debtors respectfully submit that Spencer Fane's rates and policies, as set forth in the Flaxer Declaration, are reasonable.

### Notice

15.    Notice of this Application will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, New York 10004 (Attn.: Daniel Rudewicz, Esq. and Paul Schwartzberg, Esq.); (ii) the Debtors' top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn,: Harvey A. Strickon, Esq., Brett Lawrence, Esq., Niclolas A Bassett, Esq., and Justin Rawlins, Esq.); (vi) Counsel to Mishmeret Trust Company Ltd., Chapman and Cutler LLP, 1270 Avenue of the Americas, 30th Floor, New York, New York 10020 (Attn.: Michael Friedman, Esq.) and (vii) all other persons and entities that have requested service in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 2, 2026
       New York, New York

**BROADWAY REALTY I CO., LLC**

/s/*Ephraim Diamond*
Ephraim Diamond
Co-Chief Restructuring Officer

7

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11**
                                                    :
**BROADWAY REALTY I CO., LLC, *et al.*,**           :        **Case No. 25-11050 (DSJ)**
                                                    :
         Debtors.[1]                                :        **(Jointly Administered)**
                                                    :
---------------------------------------------------------------x

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF SPENCER FANE LLP AS SUBSTITUTE CONFLICTS COUNSEL AND SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS

Upon the application dated February 2, 2026 [ECF No. ____] (the "**Application**"),[2] of Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to retain and employ Spencer Fane LLP ("**Spencer Fane**") as substitute conflicts counsel and special real estate counsel for the Debtors, all as more fully set forth in the Application; and upon the declaration of Jonathan L. Flaxer, annexed to the Application as **Exhibit B** ( the "**Flaxer Declaration**"), and the declaration of Ephraim Diamond, Co-Chief Restructuring Officer of the Debtors, annexed to the Application as **Exhibit C** (the "**Diamond**

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty.  The Debtors' mailing address is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

**Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Flaxer Declaration, that Spencer Fane is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Spencer Fane represents no interest adverse to the Debtors' estates; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Flaxer Declaration and the Diamond Declaration, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

<strong>IT IS HEREBY ORDERED THAT:</strong>

1.    The Application is granted as set forth herein.

2.    The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain and employ Spencer Fane as conflicts counsel to the Debtors to render such professional services as may be necessary in the event that actual or potential conflicts of interest prevent the

2

Debtors' general bankruptcy counsel or other counsel from acting on behalf of the Debtors, and as special real estate counsel to render such other services as may be requested by the Co-CRO's, as applicable, including services in connection with the closing of potential real estate transactions.

3.    Spencer Fane shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court.

4.    Spencer Fane shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5.    Prior to any increases in Spencer Fane's rates for any individual retained by Spencer Fane and providing services in this case, Spencer Fane shall provide ten business days' notice to the Debtors, the United States Trustee and any official committee and such notice shall be filed with this Court.  The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.    In the event a conflict arises between the Debtors and Eastdil Secured L.L.C. ("**Eastdil**"), Spencer Fane will not represent the Debtors in a matter adverse to Eastdil in these chapter 11 cases.

7.    To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

3

5454174.2

8.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  _____, 2026
        New York, New York

_____

THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit B</u>**

**Flaxer Declaration**

SPENCER FANE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Substitute Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                            :
**In re**                                    :          **Chapter 11**
                                            :
**BROADWAY REALTY I CO., LLC,** *et al.*,    :          **Case No. 25-11050 (DSJ)**
                                            :
            **Debtors.**[1]                  :          **(Jointly Administered)**
                                            :
-----------------------------------------------------------x

**DECLARATION OF JONATHAN L. FLAXER**
**IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORITY**
**TO RETAIN AND EMPLOY SPENCER FANE LLP**
**AS SUBSTITUTE CONFLICTS COUNSEL AND**
**SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS**

I, Jonathan L. Flaxer, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information and belief:

1.     I am a partner of the firm of Spencer Fane LLP ("**Spencer Fane**" or

the "**Firm**"), a nationwide law firm with offices at 711 Third Avenue, New York, New York

10017.

---

[1]     The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the
Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.stretto.com/broadwayrealty/.  The Debtors' mailing addresses is located at 2 Grand Central Tower,
140 East 45th St., 12th Floor, New York, NY 10017.

2.      I submit this Declaration in connection with the application submitted on the date hereof (the "**Application**"),[2] by Broadway Realty I Co., LLC and its debtor affiliates, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases, for authority to retain and employ Spencer Fane as their substitute conflicts counsel and special real estate counsel in these chapter 11 cases, at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Spencer Fane's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

4.      On May 21, 2025, (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

5.     On December 22, 2025, the Court approved the retention of Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and special real estate counsel to the Debtors.

6.     On February 2, 2026, Golenbock combined with Spencer Fane LLP, and thus myself and the other attorneys previously engaged by the Debtors as conflicts counsel and special real estate counsel are now employed by Spencer Fane.  Accordingly, the Application seeks to retain the same attorneys previously engaged by the Debtors at our new firm.

7.     Neither I, Spencer Fane, nor any member, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these chapter 11 cases.  In addition, to the best of my knowledge, after due inquiry, neither I, Spencer Fane, nor any partner, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in any matters that are related to these chapter 11 cases.

### Background

8.     Spencer Fane has reviewed the case docket, read the "first day" filings and other significant filings appearing on the docket in order to familiarize itself with the Debtors' capital structure, the current condition of the Debtors' business, management, assets, and significant events in the Debtors' case.  It has thus gained the necessary background so that is generally familiar with the matters upon which it may be called upon to render legal services as conflicts counsel and as special real estate counsel to the Debtors.

9.     Accordingly, Spencer Fane possesses the background to address the potential legal issues with respect to which it may be called upon to represent the Debtors in these chapter 11 cases.

5454174.2

## Spencer Fane's Disclosure Procedures

10.    Spencer Fane has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors.  Spencer Fane, which employs over 700 attorneys, of which approximately 50 attorneys are in the Firm's New York office, has a diversified legal practice that encompasses the representation of many business entities.  Some of those entities are, or may consider themselves to be, creditors or parties in interest in these chapter 11 cases or to otherwise have interests in these chapter 11 cases.

11.    In preparing this Declaration, Spencer Fane used a set of procedures developed by Spencer Fane to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, Spencer Fane performs the following actions to identify the parties relevant to this Declaration and to ascertain Spencer Fane's connection to such parties:

a.    A comprehensive list of the types of entities that may have contacts with the Debtors were developed in consultation with the Debtors' general bankruptcy counsel and with the Co-CRO's, and by searching the docket in the Debtors' chapter 11 case, including lists of filed and scheduled claims of all types, list of all Debtor entities, and the other categories listed on the retention checklist (the "**Retention Checklist**").  A copy of the Retention Checklist is annexed hereto as **Annex 1**.

b.    Spencer Fane obtained information responsive to the Retention Checklist in the manner described above and through several inquiries of the Debtors' general bankruptcy counsel and the Co-CRO's.  Spencer Fane then used that information, together with other information identified by Spencer Fane, to compile a list of the names of entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**").

c.    Spencer Fane accesses its client and adverse party database through the Intapp Open Intake and Conflicts module, which is used to initiate conflict search requests, generate new client and new matter files, and to store client and

related party conflict data (the "**Client Database**").  The Client Database includes the name of each current and former client, the names of the parties who are or were related or adverse to such current or former client, the names of the Spencer Fane personnel who are or were responsible for current or former matters for such client, as well as prior conflict searches within the Client Database.  It is the policy of Spencer Fane that no new matter may be accepted or opened within the Firm without completing and submitting the information necessary to check each such matter for conflicts in the Client Database.  Accordingly, the Client Database is updated for every new matter undertaken by Spencer Fane.

d.      Spencer Fane compared the names of each of the Potential Parties in Interest to client matters in the Client Database.  If the search uncovers a potential match to names in the Client Database, a report is generated together with the names of the respective Spencer Fane personnel responsible for the identified client matters (the "**Client Match List**").

e.      The requesting Spencer Fane attorney consults with other attorneys who may have knowledge pertaining any matter set forth on the Client Match List to determine the nature of the connection raised by the matter with respect to the Client Match List.

f.      The Firm has also appointed a "Conflicts Counsel" who is responsible for determining whether the Firm should take on any new business and to ensure compliance with the Firm's client intake procedures.  All new matters must be approved by Conflicts Counsel.

g.      Using information in the Client Database concerning entities on the Client Match List, and making general and, if applicable, specific inquiries of Spencer Fane personnel and discussing with Conflicts Counsel, Spencer Fane verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtors or these chapter 11 cases, except as set forth below.

h.      In addition, Spencer Fane makes inquiry as to whether any of its attorneys (i) is related to or has any connections to Bankruptcy Judges in the Southern District of New York; or (ii) is related to or has any connections to anyone working in the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

12.    The disclosure list, attached as Annex 2 hereto, is the product of implementing the Firm Disclosure Procedures.

**Spencer Fane's Connections with Parties in Interest in
Matters Unrelated to the Chapter 11 Cases**

13.    I have reviewed the connections between Spencer Fane and the clients

identified on the Client Match List and the connections between those entities and the Debtors

and determined, in consultation with Spencer Fane's internal Conflicts Counsel, in each case,

that Spencer Fane does not hold or represent an interest that is adverse to the Debtors' estates

and that Spencer Fane is a "disinterested person" as such term is defined in section 101(14) of

the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons

discussed below.  In this connection, I note that, as listed on Annex 2, Spencer Fane represents

Eastdil Secured L.L.C., which has been engaged by the Debtors to serve as exclusive real estate

broker   [ECF No. 572], and that Spencer Fane attorneys previously represented Eastdil in

connection with its retention by the Debtors.  Eastdil was long-term client of Golenbock, and

shall continue to be a client of Spencer Fane, but has no objection to the Firm's engagement by

the Debtors provided that the Firm will not represent the Debtors in any matter adverse to Eastdil.

The revenue generated from the Firm's representation of Eastdil approximates less than 1% of

the Firm's annual revenue.

14.    As set forth above, the Client Match List identified several matches to

entities that are or were involved in current or prior engagements, all of which concern matters

that are wholly-unrelated to the Debtors except as otherwise set forth above.

15.    In addition to the foregoing, through diligent inquiry, I have ascertained no

connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by

section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between Spencer Fane

and (i) the U.S. Trustee or any person employed thereby, (ii) any attorneys, accountants, or

financial consultants in these chapter 11 cases, or (iii) any investment bankers that represent or

may represent the Debtors or claimants or other parties in interest in these chapter 11 cases,

6

except as set forth herein.  As part of its practice, Spencer Fane appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these chapter 11 cases.  Spencer Fane has not represented, and will not represent, any of such parties in relation to the Debtors or these chapter 11 cases.  Spencer Fane does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

16.    Additionally, Spencer Fane has represented, and may currently represent, entities that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  Because distressed debt is actively traded in the commercial markets, Spencer Fane may be unaware of the actual holder of such debt at any given moment.  Spencer Fane also represents numerous entities in unrelated matters that may buy and/or sell distressed debt of chapter 11 debtors.

17.    To the best of my knowledge, belief, and understanding, Spencer Fane has identified and disclosed all connections with parties in interest in these chapter 11 cases.  Spencer Fane will continue to apply the Firm Disclosure Procedures and will promptly file a supplemental disclosure with the Court to the extent that any new material relevant facts or relationships arise.  Spencer Fane understands that the United States Trustee takes no position with regard to the Firm Disclosure Procedures, including without limitation, their propriety, efficacy or completeness.

### Spencer Fane's Connections with the Debtors

18.    Spencer Fane compiled responses to the foregoing inquiries for the purposes of preparing this Declaration.  Responses to the inquiry described in Spencer Fane's Disclosure Procedures above reflect that, as of the Petition Date, except as set forth herein, no Spencer Fane

lawyers or support staff or their family members are related to or have any other connection to Bankruptcy Judges in the Southern District of New York or the Office of the United States Trustee for the Southern District of New York.  In addition, it is possible that certain Spencer Fane attorneys may be residents at properties owned by the Debtors or their non-debtor affiliates.

19.    From time to time (i) relatives of Spencer Fane attorneys or employees or (ii) other persons with whom Spencer Fane attorneys have had or currently have a personal relationship may work or may have worked at other law firms, financial advisory firms, investment banks, service providers, or other parties in interest, in each case, involved in these cases.  No direct or indirect financial relationship related to these cases exists between such person and Spencer Fane, and the fact that such a person may or may not be involved in these cases does not affect Spencer Fane's disinterestedness.

## Spencer Fane is Disinterested

20.    Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Spencer Fane does not hold or represent an interest adverse to the Debtors' estates and Spencer Fane is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## Spencer Fane's Compensation and Billing Practices

21.    Spencer Fane intends to charge the Debtors for services rendered in these chapter 11 cases at Spencer Fane's normal hourly rates in effect at the time the services are rendered.  The current customary hourly rates for attorneys in Spencer Fane's New York office, subject to change from time to time, are $400 to $1,050 for partners, counsel and associates, and $200 to $400 for paraprofessionals.

22.    Spencer Fane also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Spencer Fane's normal

reimbursement policies, subject to any modifications to such policies that Spencer Fane may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the guidelines promulgated by the U.S. Trustee (the "**U.S. Trustee Guidelines**"). Spencer Fane's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. As it relates to computerized research, Spencer Fane believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Spencer Fane in house or through a third-party vendor) include, but are not limited to, facsimiles, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

### No Sharing of Compensation with Other Professionals for the Debtors

23.    No promises have been received by Spencer Fane, or any member, counsel, or associate thereof, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines. No agreement or understanding exists between Spencer Fane and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall Spencer Fane share or agree to share compensation received for services rendered in connection with these chapter 11 cases, other than as permitted by section 504 of the Bankruptcy Code.

### Attorney Statement Pursuant to Fee Guidelines

24.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee's *Guidelines for Reviewing*

9

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases.*

| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| **Response**: | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | N/A |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response**: | In the event that Spencer Fane is called upon to render legal services as conflicts counsel, it, in conjunction with the Debtors, will develop a prospective budget and staffing plan for any such legal matters assigned to it.  Spencer Fane and the Debtors will review such budget following the close of the budget period to determine a budget for the following period. |

## Conclusion

25.    The Application requests approval of the Debtors' retention of Spencer Fane as substitute conflicts counsel and special real estate counsel at Spencer Fane's normal hourly rates in effect at the time the services are rendered and in accordance with Spencer Fane's normal reimbursement policies, subject to any modifications to such policies that Spencer Fane may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the U.S. Trustee Guidelines.  Subject to these terms and conditions, Spencer Fane intends to apply, pursuant to section 330 of the

Bankruptcy Code, for allowances of compensation for professional services rendered in these

chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection

therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules, and the U.S. Trustee Guidelines.

Dated: February 2, 2026
      New York, New York

      /s/ *Jonathan L. Flaxer*
      Jonathan L. Flaxer
      Partner, Spencer Fane LLP

5454174.2

## **Annex 1**

**Retention Checklist**

**Retention Checklist**

- Debtors
- Debtors' Trade Names and Aliases
- Non-debtor Affiliates and Subsidiaries
- Bankruptcy Judges and Staff
- Bondholders and Indenture Trustees
- Committee Members and Professionals
- Contract Counterparties
- Current Officers and Directors
- Affiliations of Authorized Representatives
- Debtor Professionals
- Five Largest Secured Claims
- Insurance/Insurance Provider/Surety Bonds
- Landlords and Parties to Leases
- Lenders
- List of the Creditors Holding 20 Largest Unsecured Claims
- Litigation Counterparties/Litigation Pending Lawsuits
- Members of Any Ad Hoc Committee
- Non-Debtor Professionals
- Ordinary Course Professionals
- Other Secured Parties
- Other Parties in Interest (including potential bidders for the Debtors' real estate)
- Regulatory and Government
- Significant Shareholders (more than 5% of equity)
- Taxing Authorities
- Unsecured Creditors Holding Claims in Excess of $50,000
- Unions
- United States Trustee Office

**<u>Annex 2</u>**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtor | Relationship to Spencer Fane |
|---|---|---|
| Eastdil Secured | Real Estate Advisor | **Discussed in Flaxer Declaration** |
| Allianz Global Risks US Insurance Company | Insurer | **Client of the Firm in unrelated matters** |
| Assurant/American Bankers Insurance Company | Insurer | **Client of the Firm in unrelated matters** |
| AT&T | Possible Creditor | **Client of the Firm in unrelated matters** |
| AXA XL Insurance Company/XL Insurance | Insurer | **Client of the Firm in unrelated matters** |
| Axis Surplus Insurance Company | Insurer | **Client of the Firm in unrelated matters** |
| BP America, Inc. | Possible creditor | **Client of the Firm in unrelated matters** |
| Charter Communications | Possible creditor | **Client of the Firm in unrelated matters** |
| Columbia Casualty Company | Insurer | **Client of the Firm in unrelated matters** |
| Crum & Forster | Possible creditor | **Client of the Firm in unrelated matters** |
| EMC Insurance Companies | Insurer | **Client of the Firm in unrelated matters** |
| Everest Insurance | Insurer | **Client of the Firm in unrelated matters** |
| Hartford Fire/The Hartford | Insurer | **Client of the Firm in unrelated matters** |
| Hiscox Insurance Company | Insurer | **Client of the Firm in unrelated matters** |
| Keller Williams Realty, Inc. | Possible creditor | **Client of the Firm in unrelated matters** |
| Lexington Insurance Company (AIG) | Insurer | **Client of the Firm in unrelated matters** |

| Matched Entity | Relationship to Debtor | Relationship to Spencer Fane |
|---|---|---|
| Lloyds of London | Insurer | **Client of the Firm in unrelated matters** |
| Mitsui Sumitomo Marine Management | Insurer | **Client of the Firm in unrelated matters** |
| National Grid | Utility provider/possible creditor | **Provides utilities to residential buildings where Flaxer is serving as trustee of owner/debtor** |
| National Union Fire Insurance Company (AIG) | Insurer | **Client of the Firm in unrelated matters** |
| Newmark | Prepetition broker | **Acted as broker in connection with Golenbock's office lease renewal**<br><br>**Client of the Firm in unrelated matters** |
| Northeast Bank | Possible creditor | **Client of the Firm in unrelated matters** |
| Staples, Inc. | Possible creditor | **Client of the Firm in unrelated matters** |
| Starr Insurance/Starr Companies | Insurer | **Client of the Firm in unrelated matters** |
| Travelers | Insurer | **Insurer to several clients in connection with several pending claims vs. clients**<br><br>**Client of the Firm in unrelated matters** |
| UMB Bank | Possible creditor | **Provider of Firm's HSA benefits** |
| United Parcel Service (UPS) | Possible creditor | **Client of the Firm in unrelated matters** |

16

**Exhibit C**

**Diamond Declaration**

SPENCER FANE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
Jonathan L. Flaxer

*Proposed Substitute Conflicts Counsel and Special Real Estate Counsel*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **BROADWAY REALTY I CO., LLC,** *et al.*, | : | **Case No. 25-11050 (DSJ)** |
|  | : |  |
| Debtors.[1] | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

### DECLARATION OF EPHRAIM DIAMOND
### IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORITY
### TO RETAIN AND EMPLOY SPENCER FANE LLP
### AS SUBSTITUTE CONFLICTS COUNSEL AND
### SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS

I, Ephraim Diamond, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am Co-Chief Restructuring Officer of Broadway Realty I Co., LLC and its debtor affiliates (collectively, the "**Debtors**").

2. I submit this declaration (the "**Declaration**") in support of the amended application submitted on the date hereof (the "**Application**"),[2] pursuant to section 327(a) of title

---

[1] The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426.  A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/broadwayrealty/.  The Debtors' mailing addresses is located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for authority to retain and employ Spencer Fane LLP ("**Spencer Fane**") to serve as substitute conflicts counsel and special real estate counsel for the Debtors.

3.    This Declaration is provided pursuant to Paragraph D.2 of the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Co-Chief Restructuring Officer of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

4.    On May 21, 2025 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

### The Debtors' Selection of Spencer Fane as Conflicts Counsel and Special Real Estate Counsel

5.    By order dated December 22, 2025, the Debtors previously engaged Golenbock Eiseman Assor Bell & Peskoe LLP ("**Golenbock**") as conflicts counsel and special real estate counsel.  As of February 2, 2026, all Golenbock attorneys are combining with Spencer

2

Fane LLP.  Thus, the attorneys previously engaged by the Debtors need to be re-engaged with the Debtors at their new firm.

6.      Spencer Fane is proposed to serve as conflicts counsel and special real estate counsel to the Debtors.  The Debtors chose Spencer Fane because of, among other factors, the Firm's extensive expertise in both out-of-court and in-court restructurings, as well as its diversified practice.

7.      Spencer Fane has advised me that it has familiarized itself with the significant filings and events in the Debtors' chapter 11 case by reviewing numerous entries that appear on the Docket in Debtors' case.  As a result, Spencer Fane has familiarized itself with the Debtors' capital structure and gained insight into the current condition of the Debtors' business, management, and assets, and significant developments in the Debtors' chapter 11 case. Accordingly, I believe Spencer Fane possesses the background and expertise to address the potential legal issues with which it may, as and to the extent necessary, become involved as conflicts counsel to the Debtors.

## Cost Supervision

8.      As the Debtors' Co-Chief Restructuring Officer, I, or those working for me, monitor the invoices submitted by our outside counsel.  Spencer Fane has informed the Debtors that Spencer Fane intends to charge the Debtors for services rendered in these chapter 11 cases at Spencer Fane's normal hourly rates in effect at the time the services are rendered.  Spencer Fane has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  It is my understanding that Spencer Fane reviews and adjusts its billing rates

3

annually.  Spencer Fane has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

9.    In the event that Spencer Fane's services as conflicts counsel or as special real estate counsel to the Debtors' are required, Spencer Fane and the Debtors will develop a prospective budget and staffing plan for such services as may be required for these chapter 11 cases.  To the extent Spencer Fane's services are utilized, the Debtors also recognize that it is their responsibility to closely monitor the billing practices of Spencer Fane to ensure that fees and expenses paid by the estate remain consistent with the Debtors' expectations.

10.    As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these chapter 11 cases and ensure the Debtors are an active participant in that process.  To the extent Spencer Fane's services are utilized, the Debtors, together with Spencer Fane, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: February 2, 2026
        New York, New York

BROADWAY REALTY I CO., LLC

 /s/  *Ephraim Diamond*
Ephraim Diamond
Co-Chief Restructuring Officer

5454174.2