**STEVEN BANKS**
Corporation Counsel of the City of New York
Attorney for the City of New York
100 Church Street
New York, New York 10007
Zachary B. Kass

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

In re:                                                                    Chapter 11

**BROADWAY REALTY I CO., LLC,**
                                                                         Case No. 25-11050 (DSJ)

                            Debtor.
-------------------------------------------------------x

**STATEMENT OF THE CITY OF NEW YORK IN SUPPORT OF TENANTS' MOTION
FOR ORDER COMPELLING DEBTOR-LANDLORD TO MAKE REPAIRS TO
PROPERTY AT 639-645 WEST 207TH STREET**

The City of New York (the "City"), and its agencies, including the New York City

Department of Housing Preservation and Development ("HPD"), by their counsel, STEVEN

BANKS, Corporation Counsel of the City of New York, hereby file this Statement in support of

the Motion for Order Compelling Debtor-Landlord to Make Repairs (the "Motion") ECF Docket

No. 1169, made by certain tenants (the "Moving Tenants") of the property located at 639-645

West 207th Street, New York, New York (the "Property"), which is currently owned by 207

Realty LLC (the "Debtor"), a debtor in possession in one of these jointly administered Chapter

11 cases. The City respectfully states as follows:

1.       In the Motion, the Moving Tenants seek an order of this Court compelling the

Debtor to make repairs and correct violations at the Property. In support of their assertion that

relief is needed immediately, they point to pre-bankruptcy Housing Court litigation, which was

settled in February 2025 pursuant to a court-approved agreement which required the Debtor to

make repairs and resolve ongoing sanitation problems; however, they assert, the Debtor has not

complied with its obligations to make such remediation. Motion, ¶7. In addition, the Moving Tenants point to public records showing that there are currently numerous outstanding HPD violations at the Property. Motion, ¶8.

2.      As a matter of policy, the City strongly supports the rights of  tenants across the City to live in safe and well maintained housing. Further, the City is committed to fulfilling its duty to vigorously enforce the laws obligating landlords to provide such conditions in housing. Ordinarily, the appropriate forum for obtaining relief on these matters is the New York State Housing Court, as the Moving Tenants here recognized when they commenced the pre-bankruptcy Housing Court litigation. However, when landlords seek relief under the Bankruptcy Code, additional considerations become involved.

3.      In appropriate circumstances, Bankruptcy Courts may find it necessary to grant relief with respect to especially egregious situations. The City believes that the statutory provisions and case law cited in the Motion would support the granting of the relief requested here, Motion, ¶¶12-18, particularly if the Debtor continues to own the Property for any additional length of time and maintains it in its dangerously rundown state.[1] See also, 28 U.S.C. § 959(b), which provides as follows: "Except as provided in section 1166 of title 11 [pertaining to railroad reorganizations], a trustee, receiver or manager appointed in any case pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor

---

[1] The City notes that as of March 17, 2026, HPD records indicated that there were 143 outstanding violations at the Property..

thereof would be bound to do if in possession thereof." 28 U.S.C. § 959(b).  See generally, *Mission Prod. Holdings v. Tempnology, LLC*, 587 U.S. 376, 386 (2019) ("Section 365 does not grant the debtor an exemption from all the burdens that generally applicable law— whether involving contracts or trademarks—  imposes on property owners. See 28 U. S. C. §959(b) ((requiring a trustee to manage the estate in accordance with applicable law))."; see also, e.g., *In re Wythe Berry Fee Owner LLC,* 66 B.R. 36, 47 (Bankr. S.D.N.Y. 2024).

4.      In this case, however, on January 15, 2026, the Court held a hearing on confirmation of the Joint Liquidating Plan of all the related debtors and on approval of the sale to Summit Gold Inc. ("Summit") of virtually all the Debtors' assets and the assumption and assignment to Summit of leases relating to approximately 5,100 rent-regulated apartments (the "Confirmation Hearing").  This included the sale of the Property involved in the Motion here, and the assignment of the leases of the Moving Tenants. At the Confirmation Hearing, the Court considered, among other things, the objections to the confirmation and the sale filed by the City and by several groups of concerned tenants of the Debtors. In its decision approving the sale and confirming the Plan, the Court determined that Summit had provided adequate assurance of future performance under all the leases, based in part on testimony of Summit's representative that Summit intended to put into effect an action plan after closing to promptly fix the worst problems at the properties, and to invest at least $30 million in capital improvements over five years. *In re Broadway Realty I Co., LLC,* 2026 Bankr. LEXIS 114, 18*-23* (Bankr. S.D.N.Y. 2026).

5.      To date, the sale has not closed, and the Plan has not become effective. Upon information and belief, the Debtors have not provided information on when – or even if – the closing will occur. This leaves the Moving Tenants, at least for the moment, with no immediate

path to improvement of their substandard living conditions. In the absence of a closing on the sale, the City believes that the Court should grant the Moving Tenants appropriate relief. The Motion cited Bankruptcy Judge Mazer-Marino's decision in *In re 975 Walton Bronx LLC,* Case No. 21-40487 (JMM) (Bankr. E.D.N.Y. Oct. 25, 2023) (ECF No. 276). In that case, where the effectiveness of a confirmed plan remained pending, the Court granted relief against the Debtor-landlord, but retained jurisdiction to enforce the order only until the confirmed plan became effective; moreover, the order specifically provided that the plan sponsor (as the new owner) "shall not be bound to any obligations imposed on the debtor hereunder except to the extent that such obligations exist independently under applicable law." This approach also might be appropriate here.

6.      On the other hand, in the event that the sale to Summit does occur within a reasonable time, the City hopes to work cooperatively with Summit and with representatives of the tenants, including those of the Moving Tenants here, to promptly put into effect Summit's action plan, so that the problems at the properties finally can be addressed and alleviated.

Dated:      New York, New York
            March  19, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for City of New York and New York City Department of Housing Preservation and Development*
100 Church Street
New York, New York 10007
(212) 356-2113

BY:   _/s/_ Zachary B. Kass_____
      Zachary B. Kass, Senior Counsel

-4-