Hearing Date and Time: June 11, 2026 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: June 4, 2026 at 4:00 p.m. (prevailing Eastern Time)

PAUL HASTINGS LLP
Brett Lawrence
Justin Rawlins
Nicholas A. Bassett
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Email: brettlawrence@paulhastings.com
justinrawlins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to David Barse, as Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | X |
| **In re** | : **Chapter 11** |
| | : |
| **BROADWAY REALTY I CO., LLC, et al.,** | : **Case No. 25-11050 (DSJ)** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |
| | X |

**NOTICE OF HEARING ON PLAN ADMINISTRATOR'S MOTION
FOR ENTRY OF AN ORDER FURTHER EXTENDING TIME FOR
REMOVAL OF CIVIL ACTIONS**

    **PLEASE TAKE NOTICE** that on May 19, 2026, David Barse, in his capacity as Plan

Administrator (the "Plan Administrator") for the liquidating debtors (the "Debtors") in the above-

captioned chapter 11 cases (the "Chapter 11 Cases"), filed the Plan Administrator's Motion for

Entry of an Order Further Extending Time for Removal of Civil Actions (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motion

(the "**Hearing**") is scheduled for **June 11, 2026 at 10:00 a.m. (prevailing Eastern Time)**, or as

---

[1]   The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the
Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing
agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing addresses are located at 2 Grand Central
Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

soon thereafter as counsel may be heard, before the Honorable David S. Jones, United States

Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York,

Courtroom 701, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each an

"Objection") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be

filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including

attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which

can be found at http://www.nysb.uscourts.gov/sites/default/ files/m399.pdf), or (b) by all other

parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in

accordance with General Order M-399 so as to be received no later than **June 4, 2026 at 4:00 p.m.

(prevailing Eastern Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served

with respect to the above referenced Motion, the Plan Administrator may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order

annexed to the Motion, which order may be entered without further notice or opportunity to be

heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted through Zoom

for Government.  Parties should not appear in person and those wishing to appear or participate at

the Hearing (whether "live" or "listen only") must make an electronic appearance through the

Court's website prior to **4:00 p.m. (prevailing Eastern Time) on June 10, 2026** by using the

following link: https://www.nysb.uscourts.gov/ecourt-appearances. Instructions for making an eCourtAppearance and additional information on the Court's Zoom procedures can be found at https://www.nysb.uscourts.gov/content/judge-david-s-jones.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to appear at the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 19, 2026

/s/ Nicholas A. Bassett
**PAUL HASTINGS LLP**
Brett Lawrence
Justin Rawlins
Nicholas A. Bassett
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: brettlawrence@paulhastings.com
      justinrawlins@paulhastings.com
      nicholasbassett@paulhastings.com

*Counsel to David Barse, as Plan Administrator*

3

**Hearing Date and Time**: June 11, 2026 at 10:00 a.m. (prevailing Eastern Time)
**Objection Deadline**: June 4, 2026 at 4:00 p.m. (prevailing Eastern Time)

PAUL HASTINGS LLP
Brett Lawrence
Justin Rawlins
Nicholas A. Bassett
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Email: brettlawrence@paulhastings.com
justinrawlins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to David Barse, as Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | X |
| **In re** | : **Chapter 11** |
| | : |
| **BROADWAY REALTY I CO., LLC, et al.,** | : **Case No. 25-11050 (DSJ)** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |
| | X |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER**
**FURTHER EXTENDING TIME FOR REMOVAL OF CIVIL ACTIONS**

David Barse, in his capacity as Plan Administrator (the "Plan Administrator") for

Broadway Realty I Co., LLC and its affiliated liquidating debtors (collectively, the "Debtors") in

the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby files this motion (this

"Motion") for entry of an order, substantially in the form attached as **Exhibit A** hereto (the

"Proposed Order"), pursuant to sections 105(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the

---

[1]   The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the
Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing
agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing addresses are located at 2 Grand Central
Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

"Bankruptcy Rules"), further extending the Plan Administrator's time to remove certain civil actions (the "Removal Deadline").  In support of the Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 7008 of the Bankruptcy Rules, the Plan Administrator consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND

### I.   Plan and Confirmation Order

3. On May 21, 2025 (the "Petition Date"), each of the eighty-two (82) Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These cases are jointly administered for procedural purposes only.

4. Prior to the Petition Date, the Debtors owned and operated a portfolio of ninety-three (93) properties comprising approximately 5,200 residential units across New York City.  The Debtors' creditor body includes service providers, maintenance and construction contractors, elevator and boiler service companies, utility companies, governmental agencies (including taxing

authorities), their secured mortgage lender Flagstar Bank, N.A. ("Flagstar"), and residential tenants.

5.      On January 16, 2026, this Court entered the *Order Confirming the Second Amended Joint Chapter 11 Plan* [Docket No. 981] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan* [Docket No. 980] (the "Plan").

6.      The Effective Date of the Plan and the closing of the Sale Transaction (as defined in the Plan) occurred on March 31, 2026.[2]  With the closing of the Sale Transaction, the Debtors are no longer conducting any business operations.

7.      David Barse, of DMB Holdings, LLC was appointed as Plan Administrator on the Effective Date, triggering his obligations and authorities under the Plan.  Those authorities include, among other things, controlling the claims reconciliation process, including defending against claims asserted against the Debtors, and prosecuting Causes of Action not transferred in connection with the sale process.  *See* Plan § 5.2(b)(ii).

## II.    Removal Deadline

8.      Prior to entry of the Confirmation Order, the Court twice extended the removal deadline.[3]  The most recent extension expired on March 17, 2026, which was after entry of the Confirmation Order but prior to the Effective Date.  Neither the Plan nor the Confirmation Order extended the removal deadline, and the Debtors made no attempt to preserve or extend that deadline, whether by motion or otherwise, prior to its expiration.

---

[2]     *See Notice of (I) Entry of Order Confirming Second Amended Joint Chapter 11 Plan and (II) Occurrence of Effective Date* [Docket No. 1272].

[3]     *See* Docket Numbers 445 and 910.

**RELIEF REQUESTED**

9.      By this Motion, pursuant to section 105(b) of the Bankruptcy Code and Bankruptcy

Rules 9006(b) and 9027, the Plan Administrator requests entry of the Proposed Order extending

the period within which the Plan Administrator may file notices of removal with respect to any

civil actions.  Specifically, the Plan Administrator requests a 119-day extension of the current

removal deadline, through and including August 14, 2026, without prejudice to the Plan

Administrator's right to seek further extensions of such deadline.

**BASIS FOR RELIEF REQUESTED**

**A.      Court Has Authority to Enlarge the Removal Period**

10.      Certain of the Debtors are party to various civil actions (such actions, together with

any other civil action in any jurisdiction to which any of the Debtors are, or may become, a party,

the "Civil Actions").

11.      Removal of civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule

9027.  Specifically, section 1452(a) of title 28 of the United States Code provides:

> A party may remove any claim or cause of action in a civil action other than
> a proceeding before the United States Tax Court or a civil action by a
> governmental unit to enforce such governmental unit's police or regulatory
> power, to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim or cause of action under
> section 1334 of this title.

12.      The Bankruptcy Rules provide the timing requirements for removal under section

1452, with different provisions for prepetition and postpetition actions.  With respect to prepetition

actions, Bankruptcy Rule 9027(a)(2) provides that:

> If the claim or cause of action in a civil action is pending when a
> bankruptcy case is commenced, the notice of removal must be filed
> within the longest of these periods: (A) 90 days after the order for
> relief in in the bankruptcy case; (B) if the claim or cause of action
> has been stayed under § 362, 30 days after an order terminating the

7

stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

13.     Bankruptcy Rule 9027(a)(3), in turn, governs postpetition actions, directing that a notice of removal should be filed:

> [W]ithin the shorter of these periods: (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons

14.     The Bankruptcy Rules also contemplate that the Court will extend these deadlines. Bankruptcy Rule 9006(b)(1)(B) provides that the Court may, on motion made after the expiration of a specified period, permit an act to be done where the failure to act was the result of excusable neglect. And Bankruptcy Rule 9027 is not among the rules enumerated in Bankruptcy Rules 9006(b)(2) or 9006(b)(3), which identify the limited categories of deadlines that are either exempt from enlargement or subject to enlargement only under the conditions stated in those specific rules.

15.     In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Therefore, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b), this Court has the authority to extend the Debtors' deadline to file notices of removal with respect to the Actions. *See generally Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (time limit for removal of civil actions may be extended pursuant to Bankruptcy Rule 9006(b)); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (bankruptcy judges have the power to enlarge the time period for filing notices of removal under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

8

**B.      Cause Exists to Enlarge the Removal Period**

16.      The Bankruptcy Code does not define what is "necessary or appropriate" for purposes of section 105(a), nor does Bankruptcy Rule 9006(b) define "cause" or establish formal criteria for evaluating a request for such an extension.

17.      Cause exists to extend the Current Removal Deadline based on the facts and circumstances of these Chapter 11 Cases.  As noted, Bankruptcy Rule 9006(b)(1) specifically applies to motions to extend the time where (as here) the specified period has already expired.  In determining whether excusable neglect exists under Bankruptcy Rule 9006(b)(1), courts apply the four-factor balancing test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), considering: (i) the danger of prejudice to the non-moving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. *Id*.  As set forth herein, each of the Pioneer factors weighs in favor of granting the relief requested.

18.      Here, those factors weigh in favor of granting the requested extension.  <u>First</u>, no party will be unduly prejudiced by the requested extension, as any such party is, anyhow, prevented by the automatic stay from proceeding with its Action.  Such parties are further protected by 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  The Plan Administrator does not seek to modify any party's rights under this section.  <u>Second</u>, the delay in requesting the extension is minimal and (because of the automatic stay) will have no impact on pending Actions.  <u>Third</u>, and most importantly, the delay was entirely outside the Plan Administrator's control.  The Current Removal Deadline expired prior to the Effective Date, which

9

was when the Plan Administrator's rights and obligations under the Plan became operative. Prior to that, the Plan Administrator had no authority to act for the Debtors and could not have (for example) filed the instant Motion. The Plan Administrator, and the estates and stakeholders he represents, should not be penalized for something over which the Plan Administrator had no control. Fourth, the Plan Administrator has acted promptly and in good faith in seeking this relief in a timely manner upon its retention.

19.     For the reasons set forth above, the Plan Administrator submits that extending the Current Removal Deadline through and including August 14, 2026, is necessary and appropriate.

## NOTICE

20.     Notice of this Motion will be provided to: (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, New York 10004 (Attn.: Rachael Siegel, Esq. and Paul Schwartzberg, Esq.); (ii) the Debtors' top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Flagstar Bank, N.A., Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn.: Harvey A. Strickon, Esq., Brett Lawrence, Esq., Nicholas A. Bassett, Esq., and Justin Rawlins, Esq.); (vi) Flagstar Bank, N.A., 102 Duffy Avenue, Hicksville, New York 11801; (vii) counsel to Summit Gold, Inc., Chapman and Cutler LLP, 1270 Avenue of the Americas, 30th Floor, New York, New York 10020 (Attn.: Michael Friedman, Esq.); and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Plan Administrator respectfully submits that no further notice is required.

## NO PRIOR REQUEST

21.     No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court (a) enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: May 19, 2026

/s/ Nicholas A. Bassett
**PAUL HASTINGS LLP**
Brett Lawrence
Justin Rawlins
Nicholas A. Bassett
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email:
    brettlawrence@paulhastings.com
    justinrawlins@paulhastings.com
    nicholasbassett@paulhastings.com

*Counsel to David Barse, as Plan Administrator*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | X |  |
| In re | : | Chapter 11 |
|  | : |  |
| BROADWAY REALTY I CO., LLC, et al., | : | Case No. 25-11050 (DSJ) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
|  | X |  |

### ORDER GRANTING PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING TIME FOR REMOVAL OF CIVIL ACTIONS

Upon the motion (the "Motion")[2] of the Plan Administrator for Broadway Realty I Co., LLC and its affiliated liquidating debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of title 11 of the Bankruptcy Code and Bankruptcy Rules 9006 and 9027, extending the Debtors' time for removal of Civil Actions, all as further stated in the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their

---

[1]    The last four digits of Broadway Realty I Co., LLC's tax identification number are 5426. A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/broadwayrealty. The Debtors' mailing addresses are located at 2 Grand Central Tower, 140 East 45th St., 12th Floor, New York, NY 10017.

[2]    Capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

1

estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Current Removal Deadline is hereby extended through and including **August 14, 2026** (the "Removal Deadline").

3.      Nothing in this Order shall prejudice the Plan Administrator's right to seek further extension of the Removal Deadline.

4.      Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

5.      This Court shall retain sole and exclusive jurisdiction over any matters related to or arising from the implementation of this Order.


Dated: _____
New York, New York

                                                    _____
                                                    HONORABLE DAVID S. JONES
                                                    UNITED STATES BANKRUPTCY JUDGE

2